Schuyler G. Carroll
Perkins Coie LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 262-6900
Fax: (212) 977-1649
SCarroll@perkinscoie.com

*Attorneys for Stout Street Fund I, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

In re:

    HUI JUN WANG,

                      Debtor.

Chapter 13
Case No. 13-13827 (SHL)

Honorable Sean H. Lane

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

**STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING NOTICE OF ITS MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006**

Stout Street Fund I, L.P. ("Stout"), by its attorneys, Perkins Coie LLP, moves pursuant to Federal Rule of Bankruptcy Procedure 9006 (the "Ex Parte Motion") and respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, scheduling a hearing on shortened notice to consider Stout's *Motion for Relief Automatic Stay Nunc Pro Tunc to Allow Foreclosure Sale* (the "Lift Stay Motion"). In support thereof, Stout submits the attached *Affirmation of Schuyler G. Carroll* and respectfully represents as follows:

*Preliminary Statement*[1]

1. Stout respectfully requests entry of an scheduling a hearing on shortened notice, so that Stout will not be prejudiced. Absent a hearing on or before December 27, a transaction for the sale of property will not be consummated and Stout will be required to re-start the sale process. This will result in substantial expense to Stout, as well as delay and the risk that there will no longer be any buyer interested in purchasing the property — or that any buyer only will be willing to pay a lower price. In addition, because Stout will be unable to consummate the sale, Stout may be subject to a claim for damages. Accordingly, Stout respectfully requests that the Court enter the proposed order scheduling a hearing on or before December 27, 2013.

*Background*

2. Stout obtained a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") on May 8, 2013 against 18 MS Realty, Inc. ("MS") with regard to certain commercial real property owned by MS located at 2117 Clinton Avenue, Bronx, New York (the "Property") after MS defaulted on its repayment obligations to Stout in December 2010. (*Affirmation of Schuyler G. Carroll* ("Carroll Aff.") at ¶ 4.) Pursuant to the terms of the Note and Mortgage executed by MS in favor of Stout with regard to the Property, the Debtor is listed as Guarantor of MS' payment obligations.

2. On November 25, 2013, the Property was sold by court-appointed Referee (the "Foreclosure Sale") pursuant to the terms of the Foreclosure Judgment. (Carroll Aff. at ¶ 5.) A third-party buyer (the "Buyer") appeared at the Foreclosure Sale, and Terms of Sale were entered into by the parties which call for closing to occur on or before December 27, 2013. However,

---

[1] The background fats are more fully set forth in the Lift Stay Motion. The facts and Exhibits referenced in the Lift Stay Motion and its attached *Affidavit of Ken Glickstein* are incorporated by reference to the extent relevant. Any capitalized terms not defined herein shall have the meanings attributed to them in the Lift Stay Motion.

unbeknownst to Stout, the Debtor filed a voluntary petition for bankruptcy relief on November 25, 2013.

3. The Debtor does not hold an ownership interest in the Property. Indeed, the loan documents signed by the Debtor indicate that the Debtor would not occupy the Property, and the recorded Deed (a copy of which is attached to the Lift Stay Motion) lists only MS as an owner of record. However, in an abundance of caution, Stout filed the Lift Stay Motion seeking retroactive relief from the automatic stay with regard to the Property, so as to permit the Foreclosure Sale to be completed.

4. Stout respectfully requests a hearing on the Lift Stay Motion on an expedited basis, because if the hearing is not held on or before December 27 the Foreclosure Sale may unravel, causing Stout to suffer substantial additional injury on account of MS' failure to repay its obligations under the Note and the Debtor's bankruptcy filing. (Carroll Aff. at ¶ 6–7.)

*Jurisdiction and Venue*

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding as that term is used in 28 U.S.C. § 157(b) over which this Court has final adjudicatory authority. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for the relief sought herein is found in Federal Rule of Bankruptcy Procedure 9006(c).

*Relief Requested*

6. Stout seeks entry of an Order scheduling a hearing on shortened notice to consider the Lift Stay Motion on or before December 27, 2013.

*Basis for Relief Requested*

7. Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing. Here, ample cause exists to

shorten the time for notice of the hearing on the Lift Stay Motion and to grant this 9006 Motion on an ex parte basis.

8. Local Rule 9006-1(b) provides that unless the court orders otherwise, a motion must be served at least 14 days prior to the return date. Federal Rule of Bankruptcy Procedure 9006(c)(1) expressly provides that a bankruptcy court "for cause shown may in its discretion with or without motion or notice" reduce the time period for notice in all but several bankruptcy matters, none of which are applicable to the present case. In the exercise of its discretion under Bankruptcy Rule 9006(c)(1), a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening this period. *In re Kings Falls Power Corp.*, 185 B.R. 431, 441 (Bankr. N.D.N.Y. 1995) (allowing shortened notice period because resolution of dispositive motion was necessary prior to "blow-up" date of global settlement and was in the estate's best interests); *In re Chateaugay Corp.*, 111 B.R. 399, 407–408 (Bankr. S.D.N.Y. 1990) (shortening notice because ten days could impose "severe hardship" on parties in interest and six days would not prejudice defendant). Furthermore, section 102 of the Bankruptcy Code specifically indicates that "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

9. Unless this Court grants expedited hearing of the Lift Stay Motion, Stout will suffer severe hardship, in that the Buyer can terminate its agreement to purchase — should the Foreclosure Sale fail to close, Stout will incur significant costs associated with noticing and scheduling a second sale of the Property. Stout was fortunate to secure a third-party buyer for the Property, but there is no guaranty that Stout's second sale attempt will prove as fruitful.

-4-

Furthermore, the Property must be sold pursuant to the Foreclosure Judgment, by a court-appointed Referee, and the needless duplication of the Referee's previous efforts and costs to oversee the sale of the Property should be avoided if at all possible. Similarly, if Stout is unable to complete the sale it may be subject to a claim for damages from the Buyer.

10. As detailed in the Lift Stay Motion, the Debtor filed his bankruptcy petition on the date of the Foreclosure Sale, in what can aptly be described as a "skeletal" filing — the Debtor neglected to file any of the required Schedules and other necessary papers. The Court should view the Debtor's last-minute bankruptcy filing, without much of the required paperwork, for what it is: an attempt to use the automatic stay to undo an otherwise properly-conducted foreclosure sale of a piece of commercial real estate as to which the obligor has been in default for over three years. The Debtor should not be permitted to further prolong the foreclosure process by filing a bankruptcy petition that causes the Buyer to walk away and the Foreclosure Sale to fall apart. There are no fact intensive inquiries that need to be made in this case, all legal arguments revolve around settled questions of bankruptcy law, and no party in interest would be prejudiced by the shortened notice requested herein on an ex parte basis.

11. For these reasons, it is imperative that the Lift Stay Motion be heard on an expedited basis and the Court permit shortened notice thereof. To this end, ex parte relief is warranted so that the Lift Stay Motion may be heard on an expedited basis.

12. It bears note that if the Court is able to schedule a hearing on December 27, the notice period need not be shortened. According to the Court's available calendar, however, the first available date is February 13, 2014, which will surely result in substantial damage to Stout.

*No Prior Request*

13. No prior request for the relief sought in this Motion has been made to this or any

-5-

other court.

## *Conclusion*

WHEREFORE, the Debtor respectfully requests the Court (a) enter an order granting the relief requested herein; and (b) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York.
       December 12, 2013

PERKINS COIE LLP
*Attorneys for Stout Street Fund I, L.P.*

By: */s/ Schuyler G. Carroll*
Schuyler G. Carroll
30 Rockefeller Center, 22nd Floor
New York, NY  10112-0085
212.262.6900