UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

In re:

    HUI JUN WANG,　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 13-13827 (SHL)
                Debtor.
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Sean H. Lane

------------------------------------- X

## AFFIDAVIT OF KEN GLICKSTEIN IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY

STATE OF COLORADO　　)
COUNTY OF DENVER　　):ss

**KEN GLICKSTEIN**, being first duly sworn upon oath, deposes and says:

1.　　I am over the age of eighteen and competent to make this Affidavit.

2.　　I make and submit this affidavit in support of the Motion for Relief from the Automatic Stay *Nunc Pro Tunc* to Allow Foreclosure Sale of Real Property (the "Motion"), filed by Stout Street Fund I, LP ("Stout") in the above captioned Chapter 13 bankruptcy case.

3.　　I am a Vice-President and the Chief Compliance Officer of Braddock Financial Corporation ("Braddock"), a Delaware corporation with its principal place of business in Denver, Colorado. Braddock is the Manager of Stout Street Fund I GP, LLC, which is the General Partner of Stout. I have personal knowledge of the events and facts related in this Affidavit and the attached Form.

LEGAL28620353.3

4. On or about May 17, 2010, Stout, through its predecessor-in-interest Stout Street Funding, LLC ("Funding"), advanced the principal sum of $178,800.00 (the "Principal Amount") to 18 MS Realty, Inc. ("MS"), for the purpose of acquiring the commercial property located at 2117 Clinton Avenue, Bronx, New York 10457 (the "Property").

5. On or about May 17, 2010 MS executed a Note in favor of Funding, (the "Note") which evidences the advance of the Principal Amount. A true and correct copy of the Note is attached hereto as Exhibit A. In the Note, MS promised to repay the Principal Amount, with interest at a yearly rate of 15.00%, over a course of six months. If, on December 1, 2010 (the "Maturity Date"), MS still owed amounts to Stout Street Funding, LLC under the Note, MS promised to pay those amounts in full on the Maturity Date (the "Balloon Payment"). Stout became the holder in the Note pursuant to the Allonge (the "Allonge"), executed February 24, 2011 which was made effective as of May 17, 2010. A true and correct copy of the Allonge is attached hereto as Exhibit B.

6. On or about May 17, 2010, MS executed a Mortgage in favor of Funding (the "Mortgage"). A true and correct recorded copy of the Mortgage is attached hereto as Exhibit C. In the Mortgage, MS mortgages, grants, and conveys the Property to Lender as security for repayment of MS' obligations under the Note, including the Balloon Payment. Stout became the holder of the Mortgage pursuant to the Assignment (the "Assignment"), executed February 24, 2011 which was made effective as of May 17, 2010. A true and correct copy of the Assignment is attached hereto as Exhibit D.

7. MS executed the Note and Mortgage through the signature of the Debtor, in his official capacity as President of MS. Additionally, the Debtor executed a personal

2

LEGAL28620353.3

Guaranty in favor of Funding, guaranteeing the obligations of MS. A true and correct copy of the Guaranty is attached hereto as Exhibit E.

8. Pursuant to the terms of the Mortgage, and the Occupancy Affidavit executed by MS on May 17, 2010 (the "Occupancy Affidavit"), MS did not at that time occupy or intend to occupy or use the Property as a residence or home. A true and correct copy of the Occupancy Affidavit is attached hereto as Exhibit F. A Bargain and Sale Deed conveying the Property to MS (the "Deed," a true and correct copy of which is attached as Exhibit G) lists only MS as an owner of the Property.

9. MS failed to make the Balloon Payment on or before the Maturity Date as required under the Note, and as a result the Note and Mortgage became in default. On May 2, 2011, Stout initiated foreclosure proceedings in the Superior Court of the State of New York, Bronx County, based on MS' default under the Note. On May 8, 2013, the Hon. Maryann Brigantti-Hughes entered a judgment of foreclosure in favor of Stout (the "Foreclosure Judgment"). A true and correct copy of the Foreclosure Judgment is attached hereto as Exhibit J.

10. Pursuant to the terms of the Foreclosure Judgment, the Property was advertised for sale by a referee appointed by the Court, with such sale to take place on November 25, 2013 (the "Foreclosure Sale"). The Referee calculated the amount owed Stout out of any proceeds from the Foreclosure Sale to be $304,824.16 (the "Referee's Calculation"), which amount would take into account the total sum of all tax obligations and other administrative fees owed on account of the Foreclosure Sale. A copy of the Referee's Calculation is attached hereto as Exhibit K. Upon review of the business records held by Stout, the Referee's Calculation depicts an accurate reflection of the amount required to

3

LEGAL28620353.3

be produced by the Foreclosure Sale in order to fully satisfy all of MS' obligations under the Note as of the Petition Date, taking into account the limitations imposed by the Foreclosure Judgment.

11. On November 25, 2013, the Foreclosure Sale was held. Nasser Zar, Inc. appeared as a bidder at the Foreclosure Sale and was approved by the Referee as the successful buyer, with a final agreed purchase price of $290,000. True and correct copies of the Memorandum of Sale and Terms of Sale prepared by Referee and signed by Nasser Zar, Inc. as Buyer are attached hereto as Exhibits H and I, respectively.

12. Following the conclusion of the Foreclosure Sale, Stout was made aware that the Debtor filed for Chapter 13 bankruptcy relief on November 25, 2013. At no time prior to or during the Foreclosure Sale did Stout have actual or constructive knowledge of the Debtor's bankruptcy filing.

                                                                                                  _____
                                                                                                  KEN GLICKSTEIN
                                                                                                  Vice-President and Chief Compliance Officer
                                                                                                  Braddock Financial Corporation, as Manager for
                                                                                                  Stout Street Fund I GP, LLC, General Partner of
                                                                                                  Stout Street Fund I, LP
                                                                                                  1200 17th Street, Suite 880
                                                                                                  Denver, CO 80202

STATE OF COLORADO    )
COUNTY OF DENVER      ) ss.:

On the 11TH day of December in the year 2013, before me, the undersigned, a notary public in and for said state, personally appeared Ken Glickstein, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

ANGIE LYNN GROVES
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 11-21-2015

Notary Public
My Commission Expires: 11/21/2015

4

LEGAL28620353.3