**Hearing Date and Time:  January 9, 2014 at 2:00 p.m.**

Schuyler G. Carroll
Perkins Coie LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 262-6900
Fax: (212) 977-1649
SCarroll@perkinscoie.com

*Attorneys for Stout Street Fund I, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

      HUI JUN WANG,

                Debtor.

Chapter 13
Case No. 13-13827 (ALG)

Honorable Allan L. Gropper

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY OF STOUT STREET FUND I, L.P. IN SUPPORT**
**OF ITS MOTION FOR RELIEF FROM AUTOMATIC STAY**
**_NUNC PRO TUNC_ TO ALLOW FORECLOSURE SALE OF REAL PROPERTY**

      Stout Street Fund I, L.P. ("Stout"), by its attorneys, Perkins Coie LLP, hereby submits the

following Reply (the "Reply") in Support of its Motion for Relief from Automatic Stay Nunc

*Pro Tunc* to Allow Foreclosure Sale of Real Property [Dkt. No. 11] (the "Motion") and

respectfully states as follows in support of its position:

**Preliminary Statement**

      1.      On December 27, 2013, Hui Jun Wang, Debtor in the above-captioned Chapter 13

bankruptcy case (the "Debtor"), filed an Objection with Opposition and Written Demands for

Discovery and Denial of Motion for Relief from the Automatic Stay Pending the Completion of

Discovery and Demands and the Validation of all Debts, Loans and Etc (the "Objection").  The

Objection seeks denial of the Motion based on Stout's alleged lack of standing and lack of compliance with New York state law pleading and affidavit requirements. The Objection goes on to contest the merits of the foreclosure judgment entered in Stout's favor against 18 MS Realty, Inc. ("MS") — particularly on grounds of inadequate service and lack of standing — and requests a stay of the Motion "pending the discovery of facts and circumstances and or allow for the pending litigation in state supreme court to finalize in this appellate form and decision." [Objection at ¶ 22.]

2.      The Objection should be overruled and the Motion granted because (a) the arguments raised are barred by the entry of the foreclosure judgment; (b) Stout, as the sole holder of the note and mortgage, unquestionably has legal standing to bring the Motion; (c) most of the arguments raised by the Debtor are simply statements of general legal principles, with no connection to this case; and (d) none of the objections even address the sole legal principle -- whether causes exists to lift the automatic stay.

3.      Moreover, the Debtor has done nothing to demonstrate how his petition was filed in good faith -- despite the indicia that it was solely filed to stop the foreclosure sale. To the extent the Debtor believes he has defenses to the foreclosure, the granting of Stout's motion will not affect those rights. Rather, the Debtor may still bring any motion or action applicable law permits after the stay is lifted. It bears note that the Debtor apparently attempted to do so recently when he presented an order to show cause in New York Supreme Court. The Court, however, declined to grant relief requested.[1] The Debtor has not stated any legal or factual basis for any other relief sought in the Objection, and his arguments must be rejected as they raise issues not properly before this Court.

---

[1]Stout was not served with a copy of these papers, and thus, is not certain of the relief requested.

## Argument

**A.    The Objection is an Improper Attempt to
Collaterally Attack the Foreclosure Judgment**

4.        The Debtor uses the bulk of the Objection to collaterally attack the merits of the
Foreclosure Judgment, primarily on the basis of Stout's alleged lack of standing and asserted
evidentiary and procedural defects in the state court's decision.[2]  [Objection at ¶¶ 25–36.]
However, these arguments are not proper in a response to the Motion — the Motion only seeks
to retroactively lift the automatic stay, and does not concern the merits of the underlying
Foreclosure Judgment.  Moreover, as many other Bankruptcy Courts have held, this Court is
bound by the Foreclosure Judgment under principles of *res judicata*, as the Foreclosure
Judgment is a judgment on the merits rendered by a court of competent jurisdiction after a
proceeding in which the Debtor was a party, and the Debtor may not collaterally attack it in this
forum.  *See, e.g., In re Madison 92nd Streets Associates LLC*, 472 B.R. 189, 194 (Bankr.
S.D.N.Y. 2012) (*citing to, inter alia, Kelleran v. Adrijevic*, 825 F.2d 692, 694 (2d Cir. 1987)
(applying *res judicata* in the bankruptcy context)).

5.        Even were this Court to consider the arguments raised by the Debtor attacking the
Foreclosure Judgment, the Court would discover the arguments are without basis in fact or law.
The Debtor argues that Stout could not properly foreclose on the Mortgage, as it was not the
proper holder of the Note and Mortgage, and alleges a procedural flaw in Stout's assignment of
the Mortgage from its predecessor-in-interest.  [Objection at ¶¶ 29–32.]  However, as outlined in
the sworn *Affidavit of Ken Glickstein in Support of Motion for Relief from Automatic Stay Nunc
Pro Tunc to Allow Foreclosure Sale of Real Property* [Dkt. No. 12] (the "Glickstein Aff.") filed
with the Motion, Stout Street Funding, LLC ("Funding"), the original holder of the Note and

---

[2]All capitalized terms not otherwise defined herein shall have the same meanings attributed to them in the Motion.

LEGAL28945141.5

Mortgage, assigned the Note and Mortgage to Stout by way of an Allonge and an Assignment executed on February 24, 2011 and made effective as of May 17, 2010.  True and correct copies of the Allonge and Assignment were attached to the Glickstein Aff. as Exhibits B and D, respectively.  Section 275(1) of the New York Real Property Law ("N.Y. RPP. Law"), cited by the Debtor in support of his argument,  concerns only the "Certificate of Discharge" required to be sent to mortgagors upon payoff of the debt encumbering their property.  The failure to prepare such a Certificate of Discharge subjects a mortgagee, at most, to a monetary penalty, pursuant to Section 275 of the N.Y. RPP. Law, and does not invalidate an assignment or allonge.  Further, there is an exception in Section 275(2) of the N.Y. RPP. Law for situations, as here, where a mortgage continues to secure a bona fide debt and an enforceable lien continues to exist.  Section 275(a) does not invalidate the Assignment in favor of Stout.  To the extent the Debtor cites Section 275 of the N.Y. RPP. Law for the purpose of calling into question the propriety of any aspect of the Assignment, that argument is again barred by the existence of a final Foreclosure Judgment in which the a judge in the proper New York forum affirmed the Referee's findings that Stout was properly the holder of the Note and Mortgage.

6.       With regard to the Debtor's alleged "conflict of interest" present in David Kaplan executing the Assignment both on behalf of Funding as Assignor and Stout as Assignee, the case the Debtor cites, *Deutsche Bank Nat'l Trust Co. v. Castellanos*, Ind. No. 22375/06 (N.Y. Sup. Ct. Jan 14, 2008), does not stand for the proposition the Debtor asserts.  [Objection at ¶ 36.]  In *Deutsche Bank*, the court found cause for concern that fraudulent activity may be afoot in the fact that a certain individual signed an assignment on behalf of two allegedly unrelated entities, Deutsche Bank and Argent Mortgage Company, LLC, who maintained offices at two different locations in Orange, California.  *Id.*, op. at 4.  This is factually distinct scenario from the

situation at bar — David Kaplan signed the Assignment on behalf of Funding and Stout, which are admittedly related entities and maintain an office with the same location.  Furthermore, the result of the *Deutsche Bank* decision was not that the assignment was declared void, as the Debtor seeks.  Rather, the court only required that the signatory on the assignment explain how he is able to be employed by two different companies at once.  There are no indicia of mortgage fraud in this case, and there is nothing improper about David Kaplan signing the Assignment on behalf of both Funding and Stout.

7.      The Debtor further argues that the Foreclosure Judgment was improper due to lack of a "statutory and mandatory settlement conference," however this argument similarly lacks legal basis.  [Objection at ¶ 14.]  A settlement conference was not required in the foreclosure case, as MS, the borrower under the Note and Mortgage, is not a natural person.  CPLR 3408, the pertinent statute which governs the mandatory settlement conferences in mortgage foreclosure actions, provides in relevant part, that:

> In any ***residential foreclosure action involving a home loan***  as such  term  is defined in section thirteen hundred four of the real property actions and proceedings law . . . the court shall hold a mandatory conference within sixty days after  the  date  when proof  of  service is filed with the county clerk.

(emphasis added).  The Real Property Actions and Proceedings Law ("RPAPL") defines the term "home loan" as follows:

> "Home loan" means a loan . . . in which:
>
> (i) ***THE BORROWER IS A NATURAL PERSON***;
>
> (ii) ***THE DEBT IS INCURRED BY THE BORROWER PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES***;
>
> (iii)  The  loan  is  secured  by  a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to

be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling; and

(iv) The property is located in this state.

RPAPL § 1304 (emphasis added). This settlement conference requirements do not apply to this mortgage, both because the foreclosue action does not involve a residential foreclosure and because it is not a "home loan." Thus, a settlement conference was not mandatory.

8.     The Debtor argues that an affidavit of testimony submitted at the state court level was not accompanied by an affidavit of merit and certificate of conformity, therefore it cannot be provided as evidence to substantiate the testimony regarding Stout's business records, and thus the Debtor argues that the Foreclosure Judgment should be "vacated with prejudice and the complaint dismissed." [Objection at ¶¶ 37–39.] However, this misconstrues the cases cited, *Lodato v. Greyhawk N. Am., LLC*, 39 A.D.3d 494 (2d Dept. 2007), *DaimlerChrysler Svcs. N. Am. LLC v. Tammaro*, 14 Misc.3d 128 (2d Dept. 2006), and *Bath Medical Supply, Inc. v. Allstate Indemnity Co.*, 13 Misc.3d 142 (2d Dept. 2006). The *DaimlerChrysler* and *Bath Medical Supply* cases stand for the proposition that an affidavit unaccompanied by a certificate of conformity and affidavit of merit, from out of state cannot be relied upon to support a summary judgment finding. *See, e.g., DaimlerChrysler Svcs. N. Am.*, 14 Misc.3d 128, op. at *1. The *Lodato* decision merely reaffirms the basic rule regarding the introduction of business records -- they must be introduced by a competent foundation witness. 39 A.D.3d at 495.However, neither case addresses the means by which the court reached its conclusions in the Foreclosure Judgment — the Foreclosure Judgment is predicated primarily upon the findings of the duly-appointed Referee, Felice B. Barry, Esq., in his Oath and Report dated November 27, 2012. [Glickstein Aff., Ex. J, at 3.] The veracity of documents used to prove up the debt owed by MS to Stout was

independently reviewed by the Referee, and thus the Foreclosure Judgment does not stand upon the weight of any out-of-state affidavit.

9.        Finally, the Debtor argues that service of Stout's Summons and Verified Complaint leading to the Foreclosure Judgment was inadequate, and that therefore the Foreclosure Judgment should be vacated.  [Objection at ¶ 4.]  This is factually inaccurate.  As the *Affidavit of Service upon 18 MS Realty, Inc.*, attached hereto as <u>Exhibit A,</u> attests, service was completed on MS by agency service upon the New York Secretary of State's office on May 6, 2011.  As the *Affidavit of Service upon Hui Jun Wang*, attached hereto as <u>Exhibit B,</u> attests, service was completed on the Debtor by personal and mail service upon his place of residence at 69-57 185th Street, Fresh Meadows, New York 11365 on May 11, 2011. In addition, the Foreclosure Judgment expressly found that "all of the defendants herein have been personally served with [the] summons and complaint."  [Glickstein Aff., Ex. J., at 1.]  The Debtor's collateral attack on the Foreclosure Judgment is improper and  unfounded, and therefore should be disregarded by this Court.

## B.        The Documents Attached to the Motion Demonstrate that Stout has Standing

10.        In order to have standing to bring a motion requesting relief from the automatic stay, the movant must by a "party in interest," meaning that "the moving party must be either a creditor or a debtor."  *In re Idicula*, 484 B.R. 284, 287 (Bankr. S.D.N.Y. 2013) (citations omitted).  In the real property context, Bankruptcy Courts in this District have routinely held that a party has a "claim" sufficient to entitle it to standing to pursue stay relief when it has the "ability to seek the state law remedy of foreclosure."  *Id.*  In *In re Idicula*, for example, another Bankruptcy Court in this District held that a bank failed to establish its standing to bring a motion for relief from the automatic stay because it failed to provide evidence of an allonge that would confer on it the right to foreclose on the subject property.  *Id.* at 288.  The Objection

argues that Stout lacks standing to bring the Motion, and that the assignment of the Note and/or

Mortgage to Stout was somehow defective to confer proper standing on Stout. [Objection at ¶ 2.]

This argument is without basis in fact or law and must be overruled.

11.        The Debtor's argument boils down to allegations that Stout is not the proper

holder of the Mortgage and Note and/or that the Note is not in default. [Objection at ¶ 25.]  As

discussed above, the Glickstein Aff. provides as attachments true and correct copies of the Note,

Mortgage, and all related Assignments and Allonges in favor of Stout with regard to the

Property.  The Glickstein Aff. attests to the fact that the Note was in default as of December 1,

2010.  [Glickstein Aff. at ¶ 9.]  Further, the Glickstein Aff. provides as Exhibit E a true and

correct copy of the Guaranty, establishing that the Debtor is in fact the Guarantor of MS's

repayment obligations under the Note.[3]  Finally, the Glickstein Aff. provides as Exhibit J a true

and correct copy of a Foreclosure Judgment entered in favor of Stout with respect to the

Property, finding that Stout was entitled to foreclose and providing the means for calculating the

current amount owed Stout on the Note.  *See, e.g. In re Muir*, 107 B.R. 13, 15 (Bankr. E.D.N.Y.

1989) (holding that pre-petition New York foreclosure judgment was entitled to preclusive effect

of validity of holder's interest mortgage and note).  In sum, Stout has provided: (1) the

evidentiary basis that would entitle it "to seek the state law remedy of foreclosure" with respect

to the Property; (2) the basis for the existence of a claim against the Debtor by virtue of the

Debtor's role as Guarantor of MS's repayment obligations under the Note (which role the Debtor

has not disputed); and (3) evidence that Stout *actually sought and obtained* the state law remedy

of foreclosure with regard to the Property.  Stout has thus adequately established its standing to

bring the Motion.

---

[3]The Debtor concedes that he is obligated as Guarantor in the Objection.  [Objection at ¶ 5.]  Further, the Debtor
listed Stout as a creditor in his bankruptcy schedules. [Dkt. No. 1.]

**C.**    **As set forth in the Motion, the Automatic Stay Should be
Vacated and the Objection Does Not Provide any Basis to Deny the Motion**

12.    As the court in *In re WorldCom, Inc.* held, and as cited in the Motion, courts

assess a variety of factors in determining whether to grant *nunc pro tunc* relief from the

automatic stay, including:

(1)    if the violating creditor had actual or constructive knowledge of the
bankruptcy filing;

(2)    if the debtor has acted in bad faith;

(3)    if the debtor has equity in the property;

(4)    if the property was necessary for an effective reorganization;

(5)    if grounds for stay relief existed and a lift-stay order would have likely
issued if the creditor had sought one before the        violation;

(6)    if failure to grant retroactive relief would cause unnecessary expense to
the creditor; and

(7)    if the creditor has detrimentally changed its position on the  basis of the
action taken.

*In re WorldCom, Inc.*, 325 B.R. 511, 519 (Bankr. S.D.N.Y. 2005).  In the instant case the

*WorldCom* factors overwhelmingly support granting retroactive stay relief to Stout to validate

and allow it to close on the Foreclosure Sale.  Rather than dispute the merits of the Motion, the

Debtor instead argues that the Motion should be rejected because "no penalty of interest or

sworn oath by its author has been made or attested" and because the Motion "outlines twenty

(20) paragraphs of unsworn facts and allegations absent the proper swearing for it to be induced

[sic] as evidence." [Objection at ¶¶ 21–22.]  The Debtor's argument is misplaced, in that it

construes New York state evidentiary and pleading requirements as somehow relevant to the

evidentiary burden facing Stout in the Motion.  In any event, the Glickstein Aff. and the Exhibits

attached thereto provide more than ample evidentiary backing for the statements made in the

Motion in support of the relief requested therein.

13.    The primary facts recounted in the Motion, and sworn to in the Glickstein Aff.,

that entitle Stout to *nunc pro tunc* stay relief are that:

LEGAL28945141.5

(a) MS is in default under the Note [Glickstein Aff. at ¶ 9];

(b) the Debtor is not now, and has never been, the owner of the Property, and therefor lacks any protectable equity in the Property which could serve a reorganizational purpose [Glickstein Aff. at ¶ 7];

(c) Stout had no knowledge of the Debtor's bankruptcy petition prior to conducting the Foreclosure Sale [Glickstein Aff. at ¶ 12];

(d) the Debtor's bankruptcy petition was filed on the date of the Foreclosure Sale [Glickstein Aff. at ¶ 12]; and

(e) Stout was able to secure a third-party purchaser for the Property through the Foreclosure Sale at a price that is sufficient to recoup the vast majority of the debt encumbering the Property [Glickstein Aff. at ¶ 14].

All other arguments made by Stout applying the *WorldCom* factors flow from these core facts, the deficiencies in the Debtor's own bankruptcy filing, and the various Exhibits submitted with the Glickstein Aff. The Debtor asserts that the Motion should be denied because there is no affidavit from Schuyler G. Carroll or Perkins Coie LLP in support of its assertions [Objection at ¶ 17], but this argument overlooks the fact that every necessary factual element is attested to and supported by the Glickstein Aff. and its Exhibits.

14.    The Debtor cites only to decisions based in New York state law and the New York Civil Practice Law and Rules (the "CPLR") in support of its argument that the Motion should be rejected for failure include adequate sworn statements. [Objection at ¶¶ 22, 37–38.] However, although the CPLR and decisions of New York courts would govern if the Motion were brought in a New York state court, they are not binding on this Court for the purposes of determining the evidentiary sufficiency of the Motion. This Court's Local Rule 4001-1(b) provides that, when the debtor is an individual, a motion for relief from the automatic stay shall be supported by an "affidavit, based on personal knowledge, attesting to the circumstances of any default with respect to an obligation related to the motion." Furthermore, when the debtor is an individual, Local Rule 4001-1(c) provides that "a party moving for relief from the automatic stay under section 362 of the Bankruptcy Code relating to a mortgage on real property . . . shall file . . . a completed copy of the [subsequent form included in the Local Rules]." The Glickstein

LEGAL28945141.5

Aff. and the *Rule 4001-1 Form* [Dkt. No. 13] submitted by Stout conform to the evidentiary

requirements of this Court with regard to motions for relief from the automatic stay, and provide

adequate sworn evidentiary basis for all allegations made in the Motion.  The Objection should

therefore be overruled on this ground.

**D.       Other Arguments Advanced by the Debtor are Without Merit**

15.       The Debtor further requests a declaratory finding that Stout is a predatory lender

and offers a lengthy discussion of the parade of predatory lending horribles.  [Objection at ¶¶ 40–

41.]  However, the Objection fails to explain any reason *why* Stout is, in fact, a predatory lender

or how Stout did anything wrong.  Further, the Objection completely ignores that the Debtor is

not the borrower under the Note and Mortgage, and that the New York Real Property Actions

and Proceedings Law ("RPAPL"), pursuant to which the Debtor seeks his declaratory relief,

requires that an RPAPL action be "maintained in the courts of this state." RPAPL § 121.  These

Debtor's predatory lending arguments are wholly outside the scope of the Motion, are without

any asserted factual basis, and must therefore be disregarded.

16.       The Debtor asserts that he is without proper English language skills and is in need

of an interpreter during any future hearings. [Objection at ¶ 1.]  Of course, if the Debtor is truly

in need of an interpreter Stout would not in any way seek to prevent the Debtor from using one

so as to fully understand and participate in any hearing on the Motion.  However, it must be

noted that the Mortgage, Note, and Guaranty were all executed by the Debtor as signatory for

MS, and all documents were prepared only in English.  The Debtor participated in the

proceedings related to the Foreclosure Judgment, and again all proceedings and pleadings were

filed and conducted in English.  The Debtor's English skills are of a sufficient level to permit

him to file a pro se 43-paragraph Objection, citing to multiple New York cases and statutory

provisions.  It would appear that the Debtor is proficient enough in English to allow him to participate in any hearing on the Motion without the aid of a translator or interpreter.

17.    The Debtor appears to request that the Motion and Foreclosure Sale be stayed while the "present litigation" — on information and belief, litigation related to the Foreclosure Judgment — is pending in the New York Supreme Court, and to allow the Debtor to pursue discovery. [Objection at ¶¶ 23, 42.]  However, it appears there is no pending litigation -- there was no appeal of the Foreclosure Judgment.  Although the Debtor recently submitted an Order to Show Cause in State Court, it was denied and Stout is not aware of any other pending litigation.  Moreover, the Debtor has not identified any particular factual area that requires discovery, nor has he explained the relevance of any factual discovery to the Motion.  The Debtor has not demonstrated any reason why this Court should stay the Motion, as there is no appeal of the Foreclosure Judgment pending and in any event the Debtor is not the borrower under the Note and Mortgage.  Furthermore, the Debtor has not contested the merits of any of the bases for granting the Motion.  Thus, the Objection should be overruled and the Motion Granted

### Conclusion

WHEREFORE, Stout respectfully requests the Court enter an Order granting the Motion and such other, further and different relief as this Court deems just and proper.

Dated: New York, New York          PERKINS COIE LLP
          January 7, 2014              *Attorneys for Stout Street Fund I, L.P.*

                                 By: */s/ Schuyler G. Carroll*

                                 Schuyler G. Carroll
                                 30 Rockefeller Center, 22nd Floor
                                 New York, NY  10112-0085
                                 212.262.6900

LEGAL28945141.5