**TO: THE CLERK OF THE COUNTY OF BRONX:** You are hereby directed to index the within Notice of Pendency of Action to the Name of the Defendant(s) herein and the number of each block on the land map which is affected by this Notice is hereby designated as follows:

**Block: 3096; Lot: 63**

Dated:     April 5, 2011
           Great Neck, New York

           Harry Zubli Esq.
           Attorney for Plaintiff
           1010 Northern Blvd., Suite 310
           Great Neck NY 11021
           Telephone: (516) 487-5777
           Facsimile: (516) 487-4834

# C & G LAND ABSTRACT, LLC.

### Title No. CG-80675B

### SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Westerly side of Clinton Avenue distant 94.50 feet Southerly from the corner formed by the intersection of the Southerly side of East 181st Street with the Westerly side of Clinton Avenue;

RUNNING THENCE Westerly and parallel with 181st Street, 41.06 feet;

THENCE Southerly and parallel with Clinton Avenue, 5.50 feet;

THENCE Westerly and parallel with 181st Street, 50 feet;

THENCE Southerly and parallel with Clinton Avenue, 15.96 feet;

THENCE Easterly and again parallel with 181st Street and part of the way through a party wall 91.06 feet to the Westerly side of Clinton Avenue;

THENCE Northerly along the Westerly side of Clinton Avenue, 21.46 feet to the point or place or BEGINNING.

FOR
CONVEYANCING
ONLY

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
STOUT STREET FUND I, LP

                         Plaintiffs,

     -against-


18 MS REALTY, INC.; STATE OF NEW
YORK ; CITY OF NEW YORK;

"JOHN DOE 1-10" and "JANE DOE 1-10" said
names being fictitious parties intended being
possible tenants, occupants, persons or
corporations, if any, having an interest in or lien
upon the premises, described in the complaint,

                         Defendants.
-------------------------------------------------------------------X


## NOTICE OF PENDENCY


Harry Zubli, Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck, NY 11021
Tel: (516) 487-5777
Fax: (516) 487-4834

FILED  May 20 2013 Bronx Cou...y Clerk

FILED  May 20 2013 Bronx Co... y Clerk

Index No.: 380471/11
Filed On: 5/2/2011

THE STATE OF NEW YORK
SUPREME COURT, BRONX COUNTY

**AFFIDAVIT OF SERVICE**

STOUT STREET FUND I, LP

-against-

COPY

18 MS REALTY, INC., ET AL.

STATE OF __NY__, COUNTY OF: __albany__: (Process Server): __Tim O'Donnell__ __NY__
being duly sworn, deposes and says: I am over the age of 18 years, am not party to this action, and reside in the State of
That on __5-6-11__, at __12:30__ am/pm at SECRETARY OF STATE - ONE COMMERCE PLAZA, 99 WASHINGTON
AVENUE, ALBANY, NY 12231 I served the SUMMONS, VERIFIED COMPLAINT AND NOTICE PURSUANT TO RPAPL 1303 bearing
Index # 380471/11 and filed date 5/2/2011 upon 18 MS REALTY, INC.,

[ ] INDIVIDUAL
by personally delivering a true copy thereof to said recipient, known by deponent to be said person therein.

[✓] AGENCY / BUSINESS ENTITY
by delivering thereat __2__ true copy(ies) of each to (name) __Donna Christie__, (capacity)
__Clerk__, known by deponent to be an authorized agent of the named defendant therein.
Designated under rule __BCL 306__ and tendering the required fee (if applicable).

[ ] SUITABLE AGE PERSON
by delivering a true copy of each to a person of suitable age and discretion, to wit: (name)
_____ who verified that the intended recipient actually lives/works at this location.
(relationship)_____

[ ] AFFIXING TO DOOR
by affixing a true copy of each to the door of said premises, which is recipients usual place of abode or employment. Deponent was
unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on these dates and times:
1) _____, at _____ am/pm 2) _____, at _____ am/pm 3) _____, at _____ am/pm
Deponent verified that the Defendant lived/worked at said premises with _____

[ ] MAILING COPY
Deponent enclosed a copy of same in a postpaid sealed wrapper marked "personal and confidential" and properly addressed to
recipient at the above address and mailed by first class mail [ ( ) and certified mail # _____ ] by depositing
in an official depository under exclusive care and custody of the US Postal Service in the State of _____ on (date)

[✓] DESCRIPTION
Sex: __F__; Color: __C__; Hair: __Grey__; Approx. Age: __40__; Approx. Height: __5'5"__; Approx. Weight: __130__;
Other: _____

[ ] WITNESS FEE
Deponent tendered to the recipient $_____ as traveling expenses, witness fee or other statutory fee.

[ ] MILITARY SERVICE
Deponent asked the person spoken to whether the recipient is currently on active duty in the US military service or dependent on
someone who is currently on active duty in the US military service and was informed that he/she was not.

[ ] NON-SERVICE
Deponent could not effect service for the following reasons: (include attempts and reasons for non-service):

Sworn to before me on : __5/6/11__

LORRETTA WHEELER
Notary Public, State of New York
No. 01WH6097757
Qualified in Albany Co.
Commission Expires Aug. 25, 20_11_

Tim O'Donnell
Signature of Process Serve

HARRY ZUBLI, ESQ.
1010 NORTHERN BLVD., SUITE 310
GREAT NECK, NY 11021
Phone: 516-487-5777
File No. 18 MS REALTY

RETURN TO: N
761 Koehler Avenue, Suite A, Ronkonkoma, NY 11...
Phone (631) 981-4...
(NCS20413
CMH  173...

FILED  May 20 2013 Bronx Co    y Clerk

THE STATE OF NEW YORK

SUPREME COURT, BRONX COUNTY

| | |
|---|---|
| Index # | 380471/11 |
| Filed on | 5/2/2011 |

STOUT STREET FUND I, LP

-against-

18 MS REALTY, INC., ET AL.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF  SUFFOLK:  ANTHONY MCCREATH, being duly sworn, deposes and says: I am over the age
of 18 years, am not party to this action, and reside in the State of New York. That on 5/11/2011, at 9:53 PM, at 69-57 185TH ST,
FRESH MEADOWS, NY 11365, I served the SUMMONS, VERIFIED COMPLAINT AND NOTICE PURSUANT TO RPAPL 1303
bearing Index # 380471/11, Upon HUI JUN WANG,

[ ]  INDIVIDUAL
by personally delivering a true copy thereof to said recipient, known by deponent to be said person named herein

[ ]  AGENCY / BUSINESS ENTITY
, by delivering thereat a true copy of each to , , known by deponent to be an authorized agent of the recipient named therein.

[X]  SUITABLE AGE PERSON
by delivering a true copy of each to a person of suitable age and discretion, to wit: "JACK SMITH" , Relative, who verified that the
intended recipient actually resides at this location.

[ ]  AFFIXING TO DOOR
by affixing a true copy of each to the door of said premises, which is recipients actual dwelling house (usual place of abode). Deponent
was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the following dates and
times:

[X]  MAILING COPY
Deponent enclosed  a copy of same in a postpaid sealed wrapper marked 'personal and confidential' and properly addressed to recipient
at 69-57 185TH ST, FRESH MEADOWS, NY 11365 and mailed same by First Class Mail by depositing in an official depository under
exclusive care and custody of the U.S. Postal Service in the State of New York on 5/17/2011.

[X]  DESCRIPTION
Sex: Male; Color: Yellow; Hair: Black; Approx. Age: 45; Approx. Height: 5'6; Approx. Weight: 187; Other: Refused to give name

[ ]  WITNESS FEE
Deponent tendered to the recipient $ as witness, traveling, or other statutory fee.

[X]  MILITARY SERVICE
Deponent asked the person spoken to whether the recipient was presently on active duty or dependent on someone who was on
active duty in the military service of the United States and was informed that he/she was not.

Sworn to before me on: 5/17/2011

Christine M. Hanson
Notary Public, State of New York
No. 01HA6162668
Qualified in Suffolk County
Commission Expires 03/12/2015

ANTHONY MCCREATH
NYC License # -  1139172

RETURN TO: NC
761 Koehler Avenue, Suite A, Ronkonkoma, NY 117
Phone (631) 981-4400  (NCS204137
CMH  1736(

Attorney / Client: HARRY ZUBLI, ESQ.
1010 NORTHERN BLVD., SUITE 310
GREAT NECK,NY 11021
Phone: 516-487-5777
File No. 18 MS REALTY
CMH  173607

FILED  May 20 2013 Bronx County Clerk

THE STATE OF NEW YORK
**SUPREME COURT, BRONX COUNTY**

Index #                380471/11

STOUT STREET FUND I, LP

Filed on               5/2/2011

-against-
18 MS REALTY, INC., ET AL.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF  SUFFOLK:  ROBERT ZYATS, being duly sworn, deposes and says: I am over the age of 18 years, am not party to this action, and reside in the State of New York. That on 5/5/2011, at 12:50 PM, at 300 MOTOR PARKWAY, HAUPPAUGE, NY  11788, I served the SUMMONS, VERIFIED COMPLAINT AND NOTICE PURSUANT TO RPAPL 1303 bearing **Index # 380471/11**, Upon STATE OF NEW YORK,

[ ]  INDIVIDUAL
by personally delivering a true copy thereof to said recipient, known by deponent to be said person named  therein.

[X]  AGENCY / BUSINESS ENTITY
A State Agency, by delivering thereat a true copy of each to D.M. TOUHEY, , known by deponent to be an authorized agent of the recipient named therein.

[ ]  SUITABLE AGE PERSON
by delivering a true copy of each to a person of suitable age and discretion, to wit: , , who verified that the intended recipient actually resides at this location.

[ ]  AFFIXING TO DOOR
by affixing a true copy of each to the door of said premises, which is recipients actual dwelling house (usual place of abode).  Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the following dates and times:

[ ]  MAILING COPY
Deponent enclosed  a copy of same in a postpaid sealed wrapper marked 'personal and confidential' and properly addressed to recipient at 300 MOTOR PARKWAY, HAUPPAUGE, NY 11788 and mailed same by First Class Mail by depositing in an official depository under exclusive care and custody of the U.S. Postal Service in the State of New York on .

[X]  DESCRIPTION
Sex: Female; Color: White; Hair: Brown; Approx. Age: 50-54; Approx. Height: 5'5" - 5'7"; Approx. Weight: 120-130; Other:

[ ]  WITNESS FEE
Deponent tendered to the recipient $ as witness, traveling, or other statutory fee.

[ ]  MILITARY SERVICE
Deponent asked the person spoken to whether the recipient was presently on active duty or dependent on someone who was on active duty in the military service of the United States and was informed that he/she was not.

Sworn to before me on: 5/9/2011

Christine M. Hanson
Notary Public, State of New York
No. 01HA6162668
Qualified in Suffolk County
Commission Expires 03/12/2015

ROBERT ZYATS

Attorney / Client: HARRY ZUBLI, ESQ.
1010 NORTHERN BLVD., SUITE 310
GREAT NECK, NY 11021
Phone: 516-487-5777
File No. 18 MS REALTY
CMH  173608

RETURN TO: NCS
761 Koehler Avenue, Suite A, Ronkonkoma, NY 11779
Phone (631) 981-4400 (NCS204137F)
CMH  173608

FILED  May 20 2013 Bronx County Clerk

THE STATE OF NEW YORK

SUPREME COURT, BRONX COUNTY

Index #          380471/11

Filed on          5/2/2011

STOUT STREET FUND I, LP

-against-

18 MS REALTY, INC., ET AL.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF  SUFFOLK:  ROBERT POLLARD, being duly sworn, deposes and says: I am over the age of 18 years, am not party to this action, and reside in the State of New York. That on 5/6/2011, at 10:18 pm, at 100 CHURCH STREET, NEW YORK, NY  10007, I served the **SUMMONS, VERIFIED COMPLAINT AND NOTICE PURSUANT TO RPAPL 1303** bearing **Index #** 380471/11, Upon CITY OF NEW YORK,

[ ]  INDIVIDUAL
by personally delivering a true copy thereof to said recipient, known by deponent to be said person named  therein.

[X]  AGENCY / BUSINESS ENTITY
A Municipal Agency, by delivering thereat a true copy of each to DIMITRIY ARONOV, , known by deponent to be an authorized agent of the recipient named therein.

[ ]  SUITABLE AGE PERSON
by delivering a true copy of each to a person of suitable age and discretion, to wit: , , who verified that the intended recipient actually resides at this location.

[ ]  AFFIXING TO DOOR
by affixing a true copy of each to the door of said premises, which is recipients actual dwelling house (usual place of abode).  Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the following dates and times:

[ ]  MAILING COPY
Deponent enclosed  a copy of same in a postpaid sealed wrapper marked 'personal and confidential' and properly addressed to recipient at 100 CHURCH STREET, NEW YORK, NY  10007 and mailed same by First Class Mail by depositing in an official depository under exclusive care and custody of the U.S. Postal Service in the State of New York on .

[X]  DESCRIPTION
Sex: Male; Color: White; Hair: Gray; Approx. Age: 40-44; Approx. Height: 5'8" - 5'10"; Approx. Weight: 210 - 220; Other: Glasses

[ ]  WITNESS FEE
Deponent tendered to the recipient $ as witness, traveling, or other statutory fee.

[ ]  MILITARY SERVICE
Deponent asked the person spoken to whether the recipient was presently on active duty or dependent on someone who was on active duty in the military service of the United States and was informed that he/she was not.

Sworn to before me on: 5/9/2011

Christine M. Hanson
Notary Public, State of New York
No. 01HA6162668
Qualified in Suffolk County
Commission Expires 03/12/2015

ROBERT POLLARD
NYC License # - 1382599

RETURN TO: NC
751 Koehler Avenue, Suite A, Ronkonkoma, NY  1177
Phone (631) 981-4400  (NCS204137F
CMH   17360

Attorney / Client: HARRY ZUBLI, ESQ.
1010 NORTHERN BLVD., SUITE 310
GREAT NECK, NY 11021
Phone: 516-487-5777
File No. 18 MS REALTY
CMH   173609

FILED  May 20 2013 Bronx Co.  .y Clerk

FILED  May 20 2013 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF *BRONX*
------------------------------------x
*Street Street hind I,*
*L I,*

                                                Plaintiff(s),

                                                          NOTICE OF APPEARANCE
                                                                   AND
                                                          WAIVER IN FORECLOSURE

                        -against-

                                                          Index No.
*18 MS Realty, inc;*                                      *380471/11*
*Hui Jun Wang,*
NEW YORK CITY DEPARTMENT OF FINANCE,
et al.,
                                Defendant(s).
------------------------------------x

SIR:

          PLEASE TAKE NOTICE that I appear for the City of New York
(Department of Finance) one of the defendants in this action, and on
behalf of such defendant waive service of all papers in this action,
except amended complaint, notice of discontinuance of action, proposed
judgment, motion for default or summary judgment, notice of sale,
Referee's report of sale, and notice of proceedings to obtain surplus
moneys, which may be served on me at the address stated below.

Dated: Kings, New York
*June 15, 2011*

To:  Harry Zubli Esq.                        MARIA AUGUSTO
     1010 Northern Blvd.               of Counsel to the
     Suite 310              Special Assistant Corporation Counsel
     Great Neck, New York          Attorney for Defendant
               11021        New York City Department of Finance
     (516) 487-5777               Office of Legal Affairs
                                345 Adams Street - 3rd Floor
                                Brooklyn, New York  11201
                                     (718) 403-3672
                                File No. *11-179m*

               PLEASE SERVE ALL PAPERS UPON
          New York City Department of Finance
               Office of Legal Affairs
               345 Adams Street-3rd Floor
               Brooklyn, New York  11201

          **ATTENTION:  MARIA AUGUSTO, ESQ.**

FILED  May 20 2013 Bronx Cou.  , Clerk

File No.
11-17601

Index No.
380471 / 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Stout Street Fund I,
L.P.,

Plaintiff(s),

-against-

IS/MS Realty, three,
Hudson News,

NEW YORK CITY DEPARTMENT OF FINANCE, et
al.,

Defendant(s).

## NOTICE OF APPEARANCE
## AND
## WAIVER IN FORECLOSURE

MARIA AUGUSTO
of Counsel to the
Special Assistant Corporation Counsel
Attorney for the City of New York
345 Adams Street – 3rd Floor
Brooklyn, New York  11201

Telephone:  (718) 403-3672

FILED  May 20 2013 Bronx Cou.  Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------X
STOUT STREET FUND I, LP,

                    Plaintiff,                          **NOTICE OF APPEARANCE**

        -against-                                       **Index No. 11/380471**

18 MS REALTY, INC., et al.,

                    Defendant.
---------------------------------------------------X
S I R :

        PLEASE TAKE NOTICE that defendant, **THE STATE OF NEW YORK,** hereby
appears in the above entitled action; such appearance being limited to the facts set forth
in the complaint for a cause of action against said defendant, and that the undersigned
is duly authorized to appear as attorney for said defendant and hereby waives service of
all papers and notices of all proceedings herein except notice of application for
discontinuance of the action, referee's report of sale and notice of all proceedings to
obtain surplus monies.

DATED:  HAUPPAUGE, NEW YORK           ERIC T. SCHNEIDERMAN
            June 14, 2011                 Attorney General of the
                                          State of New York
                                          Attorney for Defendant
                                           The State of New York
                                          Office and P.O. Address
                                          300 Motor Parkway - Suite 125
                                          Hauppauge, NY 11788-5522
                                          Tel. No. (631) 231-2412

                                      By:  ALAN GITTER
                                            Associate Attorney

TO: HARRY ZUBLI, ESQ.
    Attorneys for Plaintiff
    1010 Northern Blvd., Suite 310
    Great Neck, NY 11021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

STOUT STREET FUND I, LP                            Index No.: 380471/11

                                    Plaintiffs,

                                                   **AFFIDAVIT OF**
                                                   **MAILING**
        -against-                                  **PURSUANT TO**
                                                   **CPLR 3215**

18 MS REALTY, INC.; HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK;

"JOHN DOE 1-10" and "JANE DOE 1-10" said
names being fictitious parties intended being
possible   tenants,   occupants,   persons   or
corporations, if any, having an interest in or lien
upon the premises, described in the complaint,

                                    Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NASSAU           )

        Etina Zeldes being duly sworn, deposes and says that deponent is not a party to the
action, is over the age of eighteen (18) years and works in Great Neck, New York.

        That on November 22, 2011, deponent served the within **ADDITIONAL COPY OF**
**THE SUMMONS AND COMPLAINT** (IN AN ENVELOPE MARKED "PERSONAL AND
CONFIDENTIAL", AND NOT INDICATING SAME BEING SENT FORM AN ATTORNEY
OR CONCERNS AN ALLEDGED DEBT) upon the following parties or attorneys:

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365

that being the address designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Etina Zeldes

Sworn to before me this
22nd day of November, 2011

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054581
Qualified in Nassau County
Commission Expires January 16, 20__

FILED  May 20 2013 Bronx County Clerk

FILED  May 20 2013 Bronx Cou.  , Clerk

FILED May 20 2013 Bronx Cou   y Clerk



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X

STOUT STREET FUND I, LP

Index No.: 380471/11

                                    Plaintiffs,

                                                        **NOTICE OF
                                                        ENTRY**

        -against-


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                                    Defendants.
------------------------------------------------------------------------X


S I RS:

        PLEASE TAKE NOTICE that the within is a true copy of the Order issued by the
Honorable Kibbie F. Payne, J.S.C. dated October 4, 2011 and duly filed in the Office of the
Clerk of the within named Court.


        Dated: October 25, 2011
                Great Neck, New York


                                        Yours truly,


                                        Harry Zubli Esq.
                                        Attorney for Plaintiff
                                        1010 Northern Blvd., Suite 318
                                        Great Neck, NY 11021
                                        Tel: (516) 487-5777
                                        Fax: (516) 487-4834

TO:

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

ERIC T. SCHNEIDERMAN
Attorney General of the State of New
York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New
York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)


**ALL OTHER DEFENDANTS HAVE EITHER APPEARED AND WAIVED SERVICE
OF THIS MOTION OR ARE IN DEFAULT WITH RESPECT TO THIS ACTION.**

~~~~~~Bronx County Clerk

# COMMERCIAL FORECLOSURE – NOT SUBPRIME OR HIGH COST LOAN

> At the Supreme Court of the
> State of New York, held in and
> for the County of Bronx, Room
> 217 at the Bronx County
> Courthouse,    851    Grand
> Concourse, Bronx, New York
> 10451 on the  4th day of
> October, 2011.

PRESENT:

HON.  Kibbie F. Payne
_____
            Justice

------------------------------------------------X

STOUT STREET FUND I, LP

                        Plaintiffs,

            -against-

18 MS REALTY, INC.;  HUI JUN WANG; STATE OF
NEW YORK ; CITY OF NEW YORK;

"JOHN DOE 1-10" and "JANE DOE 1-10" said names
being fictitious parties intended being possible tenants,
occupants, persons or corporations, if any, having an
interest in or lien upon the premises, described in the
complaint,

                        Defendants.

------------------------------------------------X

Index No.: 380471/11

**ORDER OF
REFERENCE AND
AMENDMENT**

Mortgaged Premises:
2117 Clinton Avenue
Bronx, New York 10457
Block: 3096
Lot(s): 63

UPON review of the Notice of Motion dated June 27, 2011, the Summons and Verified

Complaint filed in this action on May 2, 2011, the Notice of Pendency filed in this action on May

2, 2011, all being annexed thereto, and upon the Affidavits of Service herein, and upon the

1

FILED  Oct 20 2011 Bronx County Clerk

Affirmation of Harry Zubli Esq., counsel for plaintiff, dated June 27, 2011, from which it

appears that this action was brought to foreclose a certain mortgage on real property situated in

the County of Bronx, State of New York, at 2117 Clinton Avenue, Bronx, New York 10457

(Block: 3096, Lot(s): 63) by reason of certain defaults as alleged in the Complaint, and upon the

Affidavit of Merit of David Kaplan, Senior Vice President of Braddock Financial Corporation,

the Manager of Stout Street Fund I GP, LLC, the General Partner of Stout Street Fund I, LP, the

plaintiff herein, sworn to on June 27, 2011, and it further appearing that all of the Defendants

have been duly served with a copy of the Summons and Verified Complaint or have appeared

herein, copies of such affidavits of service being annexed to the motion, except that the

Defendants "JOHN DOE 1-10" and "JANE DOE 1-10" who were not served copies of the

Summons and Verified Complaint and are not necessary parties to this action, and no answer has

been interposed by the Defendants though the time so to do has expired; and it appearing that

none of the Defendants is an infant, incompetent or absentee, or in the military, and that since the

filing of the Notice of Pendency of this action on May 2, 2011, the Complaint has not been

amended in any manner whatsoever; on the pleadings and papers heretofore filed herein and no

one appearing in opposition hereto,

NOW, on the motion of Harry Zubli Esq., attorney of record for the Plaintiff, it is:

ORDERED, that the motion is granted; and it is further

ORDERED, that this action be, and the same is hereby referred to ___ NY.

PETER DEFLINS having an office at _ 262 W 38 ST AM 507 NY 10018 _ telephone

number _ 212. 227 -4001 _ Referee to ascertain and compute the amount due to the

Plaintiff herein for principal, interest, and other disbursements advanced as provided for by

statute and in the Note and Mortgage upon which this action was brought, to examine and report

2

whether or not the mortgaged premises should be sold in parcels, and that the Referee make

his/her report ~~no later than 60 days of the date of this order and that, except for good cause~~ with all convenient speed

~~shown, the Plaintiff shall move for judgment no later than 60 days of the date of the Referee~~'s

~~report~~ and it is further

JSC

**ORDERED**, that upon submission of the Referee's Report, Plaintiff shall pay $250 to the

Referee as compensation for his/her services, which sum may be recouped as a cost of litigation;

and it is further

**ORDERED**, that the Referee appointed herein is subject to the requirements of Rule 36.2

(c) of the Chief Judge, and, if the Referee is disqualified from receiving an appointment pursuant

to the provision of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is

further

**ORDERED**, that by accepting this appointment the Referee certifies that he/she is in

compliance with Part 36 of the Rules of the Chief Judge (22 NYCCR Part 36), including but not

limited to, section 36.2  (e)  ("Disqualifications from appointment"), and section 36.2 (d)

("Limitations on appointments based upon compensation"), and it is further

**ORDERED**, that a default judgment in favor of the Plaintiff be granted as to the claim

described in the Plaintiff's Complaint herein, and it is further

**ORDERED**, that the caption of this action be amended by striking therefrom defendants

sued herein as "JOHN DOE 1-10" and "JANE DOE 1-10" as party defendants, these defendants

not being necessary to this action, all without prejudice to the prior proceedings had herein, and

it is further

**ORDERED**, that the caption of this action as amended, shall read as follows:

3

FILED  Oct 20 2011 Bronx County Clerk

-----------------------------------------------------X

STOUT STREET FUND I, LP

                        Plaintiffs,

    -against-

18 MS REALTY, INC.;   HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                        Defendants.

-----------------------------------------------------X

    and it is further

    **ORDERED,** that a copy of this Order with Notice of Entry shall be served upon the

designated Referee, the **owner of the equity of redemption,** and **tenants** named in this action

and any other party entitled to notice ~~within 20 days of entry and no less than 30 days prior to~~

~~any hearing before the Referee.  The Referee shall not proceed to take evidence as provided~~

~~herein without proof of such service, which proof must accompany any application for Final~~

~~Judgment of Foreclosure and Sale.~~

                        ENTER,

    4 Oct 2011              KIBBIE F. PAYNE
                            J.S.C.

                        HON J.S.C

4

FILED  Oct 20 2011 Bronx County Clerk

Index No.: 380471/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

STOUT STREET FUND I, LP

                                            Plaintiffs,


          -against-


18 MS REALTY, INC.;  HUI JUN WANG; STATE
OF NEW YORK ; CITY OF NEW YORK;

"JOHN DOE 1-10" and "JANE DOE 1-10" said
names being fictitious parties intended being possible
tenants, occupants, persons or corporations, if any,
having an interest in or lien upon the premises,
described in the complaint,

                                            Defendants.
-------------------------------------------------------------------X

NATIONWIDE COURT SERVICES, INC.
761 KOEHLER AVENUE
SUITE A
RONKONKOMA, NY 11779
TELEPHONE: (631) 981-4400
FAX: (631) 981-7087

---

## ORDER OF REFERENCE AND AMENDMENT

---

HARRY ZUBLI ESQ.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck New York 11021
Telephone: (516) 487-5777
Facsimile: (516) 487-4834

FILED  May 20 2013 Bronx Cou   / Clerk

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NASSAU   )

        Etina Zeldes, being duly sworn, deposes and says that deponent is not a party to the action, is over the age of eighteen (18) years and works in Great Neck, New York.

That on October 25, 2011, deponent served the within **NOTICE OF ENTRY AND ORDER DATED OCTOBER 4, 2011** upon the following parties or attorneys:

SEE ATTACHED SCHEDULE

**NO OTHER DEFENDANTS HAVE ANSWERED THE COMPLAINT, OR APPEARED IN THIS ACTION WHO ARE ENTITLED TO NOTICE OF THIS APPLICATION.**

that being the addressed designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                              Etina Zeldes

Sworn to before me this 25th
Day of October, 2011

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054581
Qualified in Nassau County
Commission Expires January 16, 20__

FILED May 20 2013 Bronx County Clerk

## SCHEDULE OF PARTIES SERVED

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

ERIC T. SCHNEIDERMAN
Attorney General of the State of New
York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New
York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

FILED May 20 2013 Bronx County Clerk

Index No.: 380471/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
STOUT STREET FUND I, LP

                        Plaintiffs,


      -against-


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                    Defendants.
-------------------------------------------------------------------X

---

## NOTICE OF ENTRY

---

Harry Zubli Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck NY 11021
Tel: (516) 487-5777
Fax: (516) 487-4834

FILED  May 20 2013 Bronx County Clerk

FILED   May 20 2013 Bronx County Clerk

*Law Offices of*
## PETER DeFILIPPIS
### & ASSOCIATES
262 WEST 38TH STREET, SUITE 507
NEW YORK, NEW YORK 10018
—
Telephone (212) 227-4001
Fax (212) 227-4124
legalrightsadvice.com

By American Clerical Service and regular mail

November 22, 2011

Chambers of The Honorable Judge Kibbie F. Payne
Supreme Court of the State of New York,
County of The Bronx
851 Grand Concourse, Room 314-A
Bronx, New York 10451

Re: Stout Street Fund I, LP v. 18 MS Realty, Inc & Hui Jun Wang
Index No: 380471/11
Mortgaged Premises: 2117 Clinton Avenue, Bronx, New York 10457

Dear Judge Payne:

Reference is made to your attached Order of Reference and Amendment dated October 4, 2011 referring the above matter to me as Referee. I received a copy of the Order from Mr. Zubli's Office, representing the Plaintiff, on November 4, 2011.

As I wrote to Mr. Zubli on November 17, 2011, I regret to inform you that I will not be able to take on this Referee's assignment. I simply have too much litigation work on my proverbial plate

1

at the current time and cannot accept any new work. This would also be my first assignment and based on the below events may become too involved for me with my limited experience as a Referee.

The borrower in this matter, Ms. Hui Jun Wang has also contacted my Office directly on two occasions to advise me she was never served with any pleadings or notices and has been making regular payments to the predecessor in interest to the lender, Stout Street Fund 1, L.P. Apparently there was an assignment between related entities and she claims to have not received the Notice of an Assignment, if any. I suggested she contact Mr. Zubli, the lender, and to retain counsel for the Defendant Corporation. I advised Mr. Zubli of the call from Ms. Wang.

Accordingly please accept this letter as my application to be relieved as Referee. I have returned the uncashed statutory payment to Mr. Zubli along with a copy of this letter. I apologize if this has caused any inconvenience to the Court, attorneys or clients.

Please do not hesitate to call if you have any further comments or questions. We thank you in advance for your continued courtesy and cooperation.

Very truly yours,

PETER DEFLIPPIS, ESQ.
PD:bs

cc:
Harry Zubli, Esq.
1010 Northern Blvd. Suite 310
Great Neck, NY 11021

Z:\Clients\1360Clinton Ave. 2107.Bronx\Court.1.wpd

2

FILED  May 20 2013 Bronx County Clerk

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

STOUT STREET FUND I, LP

Index No.: 380471/11

                              Plaintiffs,

                                                    **NOTICE OF**
          -against-                                 **ENTRY**

18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
------------------------------------------------------------------X

S I RS:

          PLEASE TAKE NOTICE that the within is a true copy of the Order issued by the
Honorable Mary Ann Briganti-Hughes dated September 19, 2012 and duly filed in the Office of
the Clerk of the within named Court on October 17, 2012.


Dated: October 23, 2012
          Great Neck, New York


                              Yours truly,


                              Harry Zubli Esq.
                              Attorney for Plaintiff
                              1010 Northern Blvd., Suite 310
                              Great Neck, NY 11021
                              Tel: (516) 487-5777
                              Fax: (516) 487-4834

TO:

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute
Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

**ALL OTHER DEFENDANTS HAVE EITHER APPEARED AND WAIVED SERVICE OF THIS MOTION OR ARE IN DEFAULT WITH RESPECT TO THIS ACTION.**

FILED  May 20 2013 Bronx County Clerk
FILED  Oct 17 2012 Bronx County Clerk

# COMMERCIAL FORECLOSURE – NOT SUBPRIME OR HIGH COST LOAN



At the Supreme Court of the State of New York, held in and for the County of Bronx, Room 217 at the Bronx County Courthouse, 851 Grand Concourse, Bronx, New York 10451 on the 19 day of September, 2012.

PRESENT:

HON. **MARY ANN BRIGANTI-HUGHES**
Justice

**ORIG1NAL**

-----------------------------------------------------X

STOUT STREET FUND I, LP.

Index No.: 380471/11

                                Plaintiffs,

**ORDER APPOINTING SUBSTITUTE REFEREE**

-against-

18 MS REALTY, INC.;  HUI JUN WANG; STATE OF NEW YORK ; CITY OF NEW YORK,

                                Defendants.
-----------------------------------------------------X

   **UPON** review of the Notice of Motion dated December 13, 2011, the Summons and Verified Complaint filed in this action on May 2, 2011, the Notice of Pendency filed in this action on May 2, 2011, all being annexed thereto, and upon the Affidavits of Service herein, and upon the Affirmation of Harry Zubli Esq., counsel for plaintiff, dated December 13, 2011, from which it appears that this action was brought to foreclose a certain mortgage on real property situated in the County of Bronx, State of New York, at 2117 Clinton Avenue, Bronx, New York 10457 (Block: 3096, Lot(s): 63) by reason of certain defaults as alleged in the Complaint, and it

1

FILED  May 20 2013 Bronx County Clerk

FILED  Oct 17 2012 Bronx County Clerk

further appearing that all of the Defendants have been duly served with a copy of the Summons and Verified Complaint or have appeared herein, copies of such affidavits of service being annexed to the motion, except that the Defendants "JOHN DOE 1-10" and "JANE DOE 1-10" who were not served copies of the Summons and Verified Complaint and are not necessary parties to this action, and no answer has been interposed by the Defendants though the time so to do has expired; and it appearing that none of the Defendants is an infant, incompetent or absentee, or in the military, and that since the filing of the Notice of Pendency of this action on May 2, 2011, the Complaint has not been amended in any manner whatsoever; on the pleadings and papers heretofore filed herein and no one appearing in opposition hereto, and upon the previous Order of Reference and Amendment granted by this court dated October 4, 2011 whereby Peter DeFilippis, Esq. was appointed as Referee, and subsequently said Referee being unable to proceed and serve as Referee in this matter, it is hereby

ORDERED, that this action be, and the same is hereby referred to Felice B. Barry _____, having an office at 118 21 Queens Blvd, Ste 212 telephone . Forest Hills, NY 11375 number 631 392-8782 as Substituted Referee in place and stead of Peter DeFilippis, Esq. (the previously appointed Referee) to ascertain and compute the amount due to the Plaintiff herein for principal, interest, and other disbursements advanced as provided for by statute and in the Note and Mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises should be sold in parcels, and that the Substituted Referee make his/her report with all convenient speed; and it is further

~~ORDERED, that upon submission of the Referee's Report, Plaintiff shall pay $250 to the Substituted Referee as compensation for his/her services, which sum may be recouped as a cost of litigation; and it is further~~

J.S.C.

2

FILED  May 20 2013 Bronx County Clerk

FILED  Oct 17 2012 Bronx County Clerk

ORDERED, that the Substituted Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and, if the Substituted Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Substituted Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Substituted Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCCR Part 36), including but not limited to, section 36.2 (e) ("Disqualifications from appointment"), and section 36.2 (d) ("Limitations on appointments based upon compensation"), and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the designated Substituted Referee, the **owner of the equity of redemption**, and **tenants** named in this action and any other party entitled to notice.

ENTER,  9/19/12

HON J.S.C **MARY ANN BRIGANTI-HUGHES**

Pursuant to CPLR §8003 (a)  and in the discretion of the court, a fee of $250.00 shall be paid to the Referee upon the filing of his report, and in accordance  with  CPLR §8003 (b), the statutory fee shall be  paid to the Referee at the time of the foreclosure sale.

3

FILED  May 20 2013 Bronx Co     y Clerk

FILED  Oct 17 2012 Bronx County Clerk

Index No.: 380471/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
STOUT STREET FUND I, LP

                        Plaintiffs,

   -against-

18 MS REALTY, INC.;  HUI JUN WANG; STATE
OF NEW YORK ; CITY OF NEW YORK,

                        Defendants.
-----------------------------------------------------------X

Nationwide Court Services, Inc.
761 Koehler Avenue
Suite A
Ronkonkoma, NY 11779
Telephone: (631) 981-4400
Fax: (631) 981-7087

---

## ORDER APPOINTING SUBSTITUTE REFEREE

---

HARRY ZUBLI ESQ.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck New York 11021
Telephone: (516) 487-5777
Facsimile: (516) 487-4834

FILED May 20 2013 Bronx County Clerk

FILED Oct 17 2012 Bronx County Clerk

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART [15]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STOUT STREET FUND I,LP

      -against-

18 MS REALTY,INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

Index №. 0380471/2011

Hon. MARY ANN BRIGANTI-HUGHES

Justice.

The following papers numbered 1 to _____ Read on this motion, **REF TO COMPUTE**
Noticed on **January 10 2012** and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
|     Affidavits and Exhibits | OCT 17 2012 |
| Pleadings - Exhibit | |
| Stipulation(s) - Referee's Report - Minutes | |
| Filed Papers | |
| Memoranda of Law | |

Upon the foregoing papers this

Motion to appoint a referee is hereby granted pursuant to the terms of the attached order. This constitutes the decision and order of this court.

Motion is Respectfully Referred to: _____
Justice: _____
Dated: _____

Dated: 9/19/12

Hon. _____ J.S.C.
MARY ANN BRIGANTI-HUGHES

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

      Etina Zeldes, being duly sworn, deposes and says that deponent is not a party to the action, is over the age of eighteen (18) years and works in Great Neck, New York.

That on October 23, 2012, deponent served the within **NOTICE OF ENTRY AND ORDER DATED SEPTEMBER 19, 2012** upon the following parties or attorneys:

SEE ATTACHED SCHEDULE

**NO OTHER DEFENDANTS HAVE ANSWERED THE COMPLAINT, OR APPEARED IN THIS ACTION WHO ARE ENTITLED TO NOTICE OF THIS APPLICATION.**

that being the addressed designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Etina Zeldes

Sworn to before me this 23rd
Day of October, 2012

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054581
Qualified in Nassau County
Commission Expires January 16, 20___ 14

## SCHEDULE OF PARTIES SERVED

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

Index No.: 380471/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
STOUT STREET FUND I, LP

                              Plaintiffs,

     -against-


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
--------------------------------------------------------------------X


## NOTICE OF ENTRY


Harry Zubli Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck NY 11021
Tel: (516) 487-5777
Fax: (516) 487-4834

FILED  May 20 2013 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

STOUT STREET FUND I, LP                                    Index No.: 380471/11

                              Plaintiffs,

                                                           **REFEREE'S**
        -against-                                          **OATH**


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
-----------------------------------------------------------------X


        The undersigned Referee duly appointed by an Order of this Court in the above entitled

action and entered and filed in the office of the Clerk, by which said Order it was referred to the

undersigned to ASCERTAIN AND COMPUTE the amount due the Plaintiff herein on the bond

and mortgage set forth in the complaint, and for taxes, assessments and water rents charged

against the mortgaged premises, and for fire insurance premiums and such other expenses

incurred, including but not limited to repairs, maintenance, boarding and securing the premises,

if any, for the protection of said premises, paid by the Plaintiff, and to examine the report

whether the mortgaged premises can be sold in parcels, and to make report thereon with all

convenient speed, being duly sworn, deposes and says:

THAT I will faithfully and fairly hear and determine the questions herein referred to me

as the case requires, and that I will make a just and true report thereon to the best of my

Understanding.

Felice B. Barry, Esq., Referee

Sworn to before me this 27th
day of November , 2012

Notary Public

MATTHEW A. THOMAS
NOTARY PUBLIC, State of New York
No. 02TH6070113
Qualified in Queens County
Commission Expires February 19, 2014

FILED  May 20 2013 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

STOUT STREET FUND I, LP                                              Index No.: 380471/11

                              Plaintiffs,

                                                                    **REFEREE'S**
                                                                    **REPORT OF**
       -against-                                                    **AMOUNT DUE**

18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
-------------------------------------------------------------------X

TO THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

       In pursuance of an Order of this Court in the above entitled action, (annexed hereto as

Exhibit "A"), entered and filed in the office of the Clerk of Bronx County on October 17, 2012,

by which said Order it was referred to the undersigned to ascertain and compute the amount due

to plaintiff on the bond and mortgage set forth in the complaint, and for taxes, assessments and

water rents charged against the mortgaged premises, and for fire insurance premiums and such

other expenses incurred, including but not limited to repairs, maintenance, boarding and securing

the premises, if any, for the protection of the said premises, paid by the plaintiff, and to examine

the report whether the mortgaged premises can be sold in parcels, and to make report thereon,

with all convenient speed,

       I, Felice B. Barry, Esq., the Referee named in said Order, do report as follows:

       1.      That I was first duly sworn, faithfully and fairly to hear and determine the

questions herein referred to me as the case requires.

FILED  May 20 2013 Bronx County Clerk

2.     That I have ascertained and computed the amount due to plaintiff herein for principal and advances and interest under and by virtue of the bond and mortgage set forth in the complaint herein.

3.     That I find and accordingly report that there is now due the sums set forth in **Exhibit "B"** entitled "Computation Schedule".

4.     That I have examined into the circumstances and advisability of selling the mortgaged premises in parcels; that the mortgage specifically provides that the premises are to be sold in one parcel.

5.     **Exhibit "C"** annexed hereto, contains an abstract of documentary evidence introduced before me:  **Exhibit "D"** annexed hereto is the deposition of Plaintiff as to the facts set forth in the complaint; and **Exhibit "B"** annexed hereto shows the moneys due and owing to Plaintiff as of the date thereof.

Dated: __11|28_____, 2012

_____
Felice B. Barry, Esq., Referee

FILED May 20 2013 Bronx County Clerk

# COMPUTATION SCHEDULE

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

| | |
|---|---|
| Principal Balance Due as of October 31, 2012: | $178,800.00 |
| Unpaid Interest: | $55,991.34 |
| Pre-payment Penalty: | $0.00 |
| Unpaid Late Charges: | $3,844.20 |
| Property Inspection Fee: | $330.00 |
| Advances Paid: | $691.95 |
| Total Due as of October 31, 2012: | $239,657.49 |

Dated: 11/30            , 2012

Felice B. Barry, Esq., Referee

FILED  May 20 2013 Bronx County Clerk

## DOCUMENTARY EVIDENCE

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

1.      Bond/Note (annexed hereto as **Exhibit "E"**) received containing all the provisions, recitals and other matters alleged in the verified complaint.  Said Note being dated MAY 17, 2010 made by 18 MS REALTY, INC. to STOUT STREET FUNDING, LLC, in the principal amount of $178,800.00.

2.      Mortgage (annexed hereto as **Exhibit "F"**) containing all the provisions, recitals, and other matters alleged in the verified complaint.  Said mortgage being dated MAY 17, 2010 made by 18 MS REALTY, INC. to STOUT STREET FUNDING, LLC as security for the payment of $178,800.00 and recorded in the County of Bronx, on JUNE 8, 2010 as CRFN 2010000190586.

3.      Assignment of Mortgage (annexed hereto as **Exhibit "G"**) dated May 17, 2010 by STOUT STREET FUNDING, LLC to STOUT STREET FUND I, LP recorded in the County of Bronx on April 8, 2011 as CRFN 2011000127727.

4.      Allonge to Note (annexed hereto as **Exhibit "H"**) dated May 17, 2010 by STOUT STREET FUNDING, LLC to STOUT STREET FUND I, LP.

Felice B. Barry, Esq., Referee

FILED  May 20 2013 Bronx Co  .y Clerk

# AFFIDAVIT OF PLAINTIFF

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

STATE OF _COLORADO_    )
                       ) ss:
COUNTY OF _DENVER_     )

The undersigned, being duly sworn, deposes and says:

1.    That I am a Vice President of Braddock Financial Corp., the Manager of Stout Street Fund I GP, LLC, the General Partner of Stout Street Fund I, LP, the plaintiff / mortgagee in the above entitled foreclosure action, and am fully familiar with the facts and circumstances of this matter. My knowledge is based upon documentation and information that is presently within my custody and control that includes, but is not limited to the Note, Mortgage, remaining loan origination documents, files transferred to Stout Street Fund I, LP by Stout Street Funding, LLC as well as matters that are public record.

2.    Stout Street Fund I, LP is the current owner and holder of the original Mortgage Loan Documents.

3.    This action was commenced by mortgagee to foreclose a mortgage on real property more fully described in the Complaint.

4.    As expressly set forth in the Complaint, mortgagor(s) / defendant(s) have defaulted in the payment of the various mortgage installments due to mortgagee commencing

with the mortgage payment due on August 1, 2010 and on each month thereafter, and by reason thereof, this action to foreclose the mortgage was commenced.

5.     As of this date, mortgagor(s) / defendant(s) has maintained its default.

6.     Submitted herewith, and incorporated into this Affidavit by reference is an abstract of various mortgage instruments upon which this mortgage foreclosure action is based. These mortgage instruments represent, among other things, the obligation taken by mortgagor(s) / defendant(s) and the indebtedness due mortgagee.

7.     That your affiant has computed the sums due and owing to mortgagee / plaintiff and the same is more fully set forth in the annexed **Exhibit "B"** which incorporated herein by reference and made a part hereof.  Said sum accurately reflects the amounts due mortgagee / plaintiff as of the date set forth therein.

8.     I have examined all the matters set forth in the Complaint as well as all prior proceedings had in this foreclosure action and find same to be true to the best of my knowledge.

9.     That I have examined the circumstances and advisability of selling the mortgaged premises in parcels.  That because there is a building thereon and the manner in which it is situate upon the plot and the size of the plot, the same cannot be divided into parcels and must be sold as one parcel.

10.     That as of October 31, 2012, the unpaid principal balance under the Note and Mortgage is $178,800.00. The total amount due to plaintiff as of October 31, 2012 is $239,657.49.

11.     Plaintiff is entitled to per diem interest in the sum of $73.48 per day for each day after October 31, 2012 (through the date of the entry of the judgment).  Per diem interest is calculated by multiplying the unpaid principal balance of $178,800.00 by the rate of interest

equaling 15% set forth in Note, which totals $73.48 per day for each day after October 31, 2012.


_Ken Glickstein_
Ken Glickstein


STATE OF COLORADO    )
COUNTY OF DENVER    ) ss.:


On the 14th day of November in the year 2012 before me, the undersigned, a notary public in and for said state, personally appeared **KEN GLICKSTEIN** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s)    on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the CITY OF DENVER, STATE OF COLORADO (insert city or political subdivision and the state of country or other place the acknowledgement was taken).

ANGIE LYNN GROVES
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 11-21-2015

Notary Public ANGIE L. GROVES

FILED  May 20 2013 Bronx Co.  .y Clerk

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NASSAU       )

Etina Zeldes, being duly sworn, deposes and says that deponent is not a party to the action, is over the age of eighteen (18) years and works in Great Neck, New York.

That on December 10, 2012, deponent served the within **NOTICE OF MOTION FOR JUDGMENT OF FORECLOSURE AND SALE, AFFIRMATION OF REGULARITY, WITH EXHIBITS, BILL OF PLAINTIFF'S COSTS, AND PROPOSED ORDER FOR JUDGMENT OF FORECLOSURE AND SALE** upon the following parties or attorneys:

SEE ATTACHED SCHEDULE

**ALL OTHER DEFENDANTS HAVE EITHER APPEARED AND WAIVED SERVICE OF THIS MOTION OR ARE IN DEFAULT WITH RESPECT TO THIS ACTION.**

that being the addressed designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Etina Zeldes

Sworn to before me this 10<sup>th</sup>
Day of December, 2012

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054561
Qualified in Nassau County
Commission Expires January 16, 20[14]

FILED  May 20 2013 Bronx County Clerk

## SCHEDULE OF PARTIES SERVED

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

FILED  May 20 2013 Bronx County Clerk

Index No.: 380471/11

NATIONWIDE COURT SERVICES, INC.
761 KOEHLER AVENUE
SUITE A
RONKONKOMA, NY 11779
TELEPHONE: (631) 981-4400
FAX: (631) 981-7087

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
STOUT STREET FUND I, LP

<div align="center">Plaintiffs,</div>

    -against-

18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

<div align="center">Defendants.</div>
--------------------------------------------------------------------X

## NOTICE OF MOTION
## JUDGMENT OF FORECLOSURE AND SALE

<div align="center">
Harry Zubli, Esq.<br>
Attorney for Plaintiff<br>
1010 Northern Blvd., Suite 310<br>
Great Neck, NY 11021<br>
Tel: (516) 487-5777<br>
Fax: (516) 487-4834
</div>

# EXHIBIT B



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2010060200254001001EF609

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

| | |
|---|---|
| **Document ID:** 2010060200254001 | Document Date: 05-17-2010 | Preparation Date: 06-02-2010 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| C & G LAND ABSTRACT P/U-KAREN LEVINE | MICHAEL C. DUNN, ESQ. |
| FIDELITY NATIONAL TITLE INS. CO. | CARLINSKY, DUNN & PASQUARIELLO, PLLC |
| 21 WALT WHITMAN ROAD | 8 DUFFY AVENUE |
| HUNTINGTON STATION, NY 11746 | HICKSVILLE, NY 11801 |
| CG-80675B | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 3096 | 63 | Entire Lot | 2117 CLINTON AVENUE |

**Property Type:** DWELLING ONLY - 3 FAMILY

**CROSS REFERENCE DATA**

CRFN: 2009000307633

**PARTIES**

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE | 18 MS REALTY INC. |
| C/O BAC HOME LOANS SERVICING LP, 400 COUNTRYWIDE WAY | 2117 CLINTON AVENUE |
| SIMI VALLEY, CA 93065 | BRONX, NY 10457 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 2,266.29 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 908.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed        06-08-2010 16:30
City Register File No.(CRFN):
**2010000190585**

*Annette M ЖHill*

*City Register Official Signature*

*Exhibit B*

CG-80675B

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

Delivery Date May 17, 2010

THIS INDENTURE, made the    6th  day of  May        , 2010

BETWEEN

Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement relating to
IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3, c/o BAC Home Loans
Servicing LP, A Subsidiary of Bank of America, N.A., having an office address at 400 Countrywide Way, Simi
Valley, California 93065

party of the first part, and

18 MS Realty Inc., having an address at 2117 Clinton Avenue, Bronx, New York 10457

party of the second part,
WITNESSETH, that the party of the first part, in consideration of Ten dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever.

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the

See Schedule "A" annexed hereto and made a part hereof.
Premises being known as: 2117 Clinton Avenue, Bronx, New York 10457

"Being the same premises described in deed
dated 1-28-09 recorded 3-12-09 in CRFN
# 2009000071136"

"This conveyance has been made in the
regular course of business"

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all
the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the
premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of
the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the
first part will receive the consideration for this conveyance and will hold the right to receive such consideration
as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the same for any other
purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so
requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above

IN PRESENCE:

_____
Roseanne Shimastro, Assistant Secretary

Deutsche Bank National Trust Company, as Trustee
By: BAC Home Loans Servicing LP
    (FORMERLY KNOWN AS Countrywide Home Loans
        Servicing LP

By: _____
    Susan Bellfield, Assistant Secretary
    P.O.A. Rec. on 9-23-2009 in dated
    CRFN# 2009000307633 Kings Cty. 2/6/09

Standard N.Y B.T.U. Form 8002 - Bargain and Sale Deed, with Covenant against Grantor's Acts – Uniform Acknowledgment
Form 3290

# C & G LAND ABSTRACT, LLC.

### Title No. CG-80675B

### SCHEDULE  A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Westerly side of Clinton Avenue distant 94.50 feet Southerly from the corner formed by the intersection of the Southerly side of East 181st Street with the Westerly side of Clinton Avenue;

RUNNING THENCE Westerly and parallel with 181st Street, 41.06 feet;

THENCE Southerly and parallel with Clinton Avenue, 5.50 feet;

THENCE Westerly and parallel with 181st Street, 50 feet;

THENCE Southerly and parallel with Clinton Avenue, 15.96 feet;

THENCE Easterly and again parallel with 181st Street and part of the way through a party wall 91.06 feet to the Westerly side of Clinton Avenue;

THENCE Northerly along the Westerly side of Clinton Avenue, 21.46 feet to the point or place or BEGINNING.

**FOR
CONVEYANCING
ONLY**

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

## TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE IN NEW YORK STATE

State of New York, County of                                    ss:    State of New York, County of                                    ss:

On the        day of                    in the year           On the        day of                    in the year
before me, the undersigned, personally appeared               before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of        personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to (are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their        me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the  capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person on behalf of which instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.             the individual(s) acted, executed the instrument

_____             _____
(signature and office of individual taking acknowledgment)    (signature and office of individual taking acknowledgment)

## TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign Country) of    Arizona                                    ss

On the    6th    day of    May    _Susan BellGeld_    in the year 2010    before me, the undersigned, personally appeared
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)  is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument, and that such individual made such appearance before the undersigned in the    County of

_____Maricopa_____ in the State of Arizona
(insert the City or other political subdivision)    (and insert the State or Country or other place the acknowledgment was taken)

_____
(signature and office of individual taking acknowledgment)
Monica Maldonado, Notary
Exp: April 15, 2011

**OFFICIAL SEAL**
**MONICA MALDONADO**
Notary Public - State of Arizona
PINAL COUNTY
My Comm. Expires Apr. 15, 2011

SEAL

SECTION
BLOCK 3096
LOT 63
DISTRICT
COUNTY Bronx
STREET ADDRESS 2117 Clinton Avenue, Bronx,
New York 10457

## BARGAIN AND SALE DEED
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No.    _06-80675B_

Deutsche Bank National Trust Company, as Trustee
TO
18 MS Realty Inc.

Recorded at Request of
COMMONWEALTH LAND TITLE INSURANCE COMPANY

RETURN BY MAIL TO:

Michael C. Dunn, Esq.
Carlinsky, Dunn & Pasquariello, PLLC
8 Duffy Avenue
Hicksville, New York 11801

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by

**Commonwealth**
A LandAmerica COMPANY

COMMONWEALTH LAND TITLE INSURANCE COMPANY

USE SPACE FOR USE OF RECORDING OFFICE

# EXHIBIT C



— Assignment of Mortgage without Covenant — Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**KNOW THAT STOUT STREET FUNDING, LLC,** assignor,

in consideration of  Ten Dollars and other good and valuable consideration dollars ($10.00),

paid by STOUT STREET FUND I, LP, assignee,
hereby assigns unto the assignee,

Mortgage dated the 17th day of May, in the year 2010 , made by 18 MS REALTY, INC.

To STOUT STREET FUNDING, LLC

in the principal sum of $178,800.00 and recorded on the 8th day of June in the year 2010,         · as CRFN 2010000190586
, in the office of the City Register of the City of New York, Bronx County

    covering premises

Address: 2117 Clinton Avenue, Bronx, New York 10457
Block: 3096
Lot: 63

Which mortgage was not further assigned.

THIS ASSIGNMENT OF MORTGAGE IS MADE WITHOUT RECOURSE AND WITHOUT ANY REPRESENTATIONS OR
WARRANTIES, EXPRESS OR IMPLIED.

TOGETHER with the bond(s) or note(s) or obligation(s) described in said mortgage(s), and the moneys due and to grow due
thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and
assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this
instrument so requires.
**IN WITNESS WHEREOF,** the assignor has duly executed this assignment the  17ᵗʰ  day of  May , in the year 2010
IN PRESENCE OF:
                ↳ to be effective

STOUT STREET FUNDING, LLC

BY: *Terrence DeWyse*
TITLE: *Vice President*

Exhibit  C

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        before me, the undersigned, personally appeared        , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        , before me, the undersigned, a Notary Public in and for said State, personally appeared        , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

# Assignment of Mortgage without Covenant

**Title No. N/A**

STOUT STREET FUNDING, LLC
TO
STOUT STREET FUND I, LP

---

DISTRIBUTED BY



**YOUR TITLE EXPERTS**
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-9396

---

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        , before me, the undersigned, personally appeared        , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of _Colorado_ , County of _Denver_ , ss:

*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the _24th_ day of _February_ in the year _2011_, before me, the undersigned, personally appeared _Terrence DeWyse,_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the _city of Denver, Colorado_
(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

_Krista Towle_
Notary Public
My commission expires: 10/0/2011

SECTION:

BLOCK: 3096

LOT: 63

COUNTY OR TOWN: Bronx

RETURN BY MAIL TO:

The Law Office of Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, New York 11021

# EXHIBIT E



## GUARANTY AGREEMENT

This GUARANTY AGREEMENT (this "<u>Guaranty</u>") is made as of May 17, 2010, by Hui Jun Wang ("<u>Guarantor</u>"), an individual residing at 69-57 185 Street, Fresh Meadows, NY 11365, in favor of Stout Street Funding, LLC ("<u>Lender</u>"), a Delaware limited liability company, with its principal place of business at 1200 17<sup>th</sup> Street, Suite 880, Denver, CO 80202. The term "mortgage" when used in this Guaranty will include a mortgage, deed of trust, trust deed, or other security interest.

        1.      <u>Loan and Note</u>. This Guaranty is executed in connection with a $178,800 loan ("<u>Loan</u>") made by Lender to 18 MS Realty, Inc. ("<u>Borrower</u>"), a New York corporation with its principal place of business at 42-06A Bell Blvd., Suite 300, Bayside, NY 11361. The Loan is (a) evidenced by a Note of even date herewith in the original principal amount of the Loan ("<u>Note</u>"), and (b) secured by, among other things, a Mortgage of even date herewith granted by Borrower for the benefit of Lender ("<u>Mortgage</u>," and, together with the Note and all other documents executed by Borrower evidencing and/or securing the Loan, "<u>Loan Documents</u>") covering certain real property commonly known as 2117 Clinton Avenue, Bronx, NY 10457 and more particularly described on <u>Exhibit A</u> attached hereto and made a part hereof. All capitalized terms used herein without definition shall have the meanings given to such terms in the Mortgage.

        2.      <u>Purpose and Consideration</u>. The execution and delivery of this Guaranty by Guarantor is a condition to Lender's willingness to make the Loan to Borrower, is made in order to induce Lender to make the Loan, and is made in recognition that Lender will be relying upon this Guaranty in making the Loan and performing any other obligations it may have under the Loan Documents. Guarantor has a significant direct or indirect ownership interest in Borrower, and, accordingly, acknowledges that Guarantor will receive material direct and indirect benefit from Lender making the Loan to Borrower.

        3.      <u>Guaranty</u>. Guarantor hereby guarantees absolutely, primarily, and irrevocably, payment and performance of all obligations for which Borrower has, or may incur, personal liability to Lender under of the Note and other Loan Documents, including, but not limited to, payment of principal, interest, and damages, including the costs and expenses in collecting obligations (collectively, the "<u>Obligations</u>").

        4.      <u>Guaranty is Independent and Absolute</u>. The obligations of Guarantor hereunder are independent of the obligations of Borrower and of any other person who may become liable with respect to the Obligations. Guarantor is jointly and severally liable with Borrower and with any other guarantor for the full and timely payment and performance of all of the Obligations. Guarantor expressly agrees that a separate action or actions may be brought and prosecuted against Guarantor (or any other guarantor), whether or not any action is brought against Borrower, any other guarantor or any other person for any Obligations guaranteed hereby and whether or not Borrower, any other guarantor or any other persons are joined in any action against Guarantor. Guarantor further agrees that Lender shall have no obligation to proceed against any security for the Obligations prior to enforcing this Guaranty against Guarantor, and that Lender may pursue or omit to pursue any and all rights and remedies Lender has against any

person or with respect to any security in any order or simultaneously or in any other manner. All rights of Lender and all obligations of Guarantor hereunder shall be absolute and unconditional irrespective of (a) any lack of validity or enforceability of the Note or any other Loan Document, and (b) any other circumstances which might otherwise constitute a defense available to, or a discharge of Borrower in respect of, the Obligations.

5.    Scope and Duration.    This Guaranty will remain in effect until Lender has received full payment for all Obligations and costs and expenses incurred by Lender to enforce this Guaranty.

6.    Authorizations to Lender.    Guarantor authorizes Lender, without notice or demand and without affecting Guarantor's liability hereunder, from time to time (a) to renew, extend, accelerate or otherwise change the time for payment of, change, amend, alter, cancel, compromise or otherwise modify the terms of the Note, including increasing the rate or rates of interest thereunder agreed to by Borrower, and to grant any indulgences, forbearances, or extensions of time; (b) to renew, extend, change, amend, alter, cancel, compromise or otherwise modify any of the terms, covenants, conditions or provisions of any of the Loan Documents or any of the Obligations; (c) to apply any security and direct the order or manner of sale thereof as Lender, in Lender's discretion, may determine; (d) to proceed against Borrower, Guarantor or any other guarantor with respect to any or all of the Obligations without first foreclosing against any security therefor; (e) to exchange, release, surrender, impair or otherwise deal in any manner with, or waive, release or subordinate any security interest in, any security for the Obligations; (f) to release or substitute Borrower, any other guarantors, endorsers, or other parties who may be or become liable with respect to the Obligations, without any release being deemed made of Guarantor or any other such person; and (g) to accept a conveyance or transfer to Lender of all or any part of any security in partial satisfaction of the Obligations, or any of them, without releasing Borrower, Guarantor, or any other guarantor, endorser or other party who may be or become liable with respect to the Obligations, from any liability for the balance of the Obligations.

7.    Application of Payments Received by Lender.    Any sums of money Lender receives from or for the account of Borrower may be applied by Lender to reduce any of the Obligations or any other liability of Borrower to Lender, as Lender in Lender's discretion deems appropriate.

8.    Waivers by Guarantor.    In addition to all waivers expressed in any of the Loan Documents, all of which are incorporated herein by Guarantor, Guarantor hereby waives (a) presentment, demand, protest and notice of protest, notice of dishonor and of non-payment, notice of acceptance of this Guaranty, and diligence in collection; (b) notice of the existence, creation, or incurring of any new or additional Obligations under or pursuant to any of the Loan Documents; (c) any right to require Lender to proceed against, give notice to, or make demand upon Borrower; (d) any right to require Lender to proceed against or exhaust any security or to proceed against or exhaust any security in any particular order; (e) any right to require Lender to pursue any remedy of Lender; (f) any right to direct the application of any security held by Lender; (g) any right of subrogation, any right to enforce any remedy which Lender may have against Borrower, any right to participate in any security now or hereafter held by Lender and any right to reimbursement from the Borrower for amounts paid to Lender by Guarantor until all

2

of the Secured Obligations (as defined in the Mortgage) have been satisfied; (h) benefits, if any, of Guarantor under any anti-deficiency statutes or single-action legislation; (i) any defense arising out of any disability or other defense of Borrower, including bankruptcy, dissolution, liquidation, cessation, impairment, modification, or limitation, from any cause, of any liability of Borrower, or of any remedy for the enforcement of such liability; (j) any statute of limitations affecting the liability of Guarantor hereunder; (k) any right to plead or assert any election of remedies by Lender; and (l) any other defenses available to a surety under applicable law.

9.    Bankruptcy Reimbursements. Guarantor hereby agrees that if all or any part of the Obligations paid to Lender by Borrower or any other party liable for payment and satisfaction of the Obligations (other than Guarantor) are recovered from Lender in any bankruptcy proceeding or otherwise, Guarantor shall reimburse Lender immediately on demand for all amounts of such Obligations so recovered from Lender, together with interest thereon at the default rate set forth in the Note from the date such amounts are so recovered until repaid in full to Lender, and, for this purpose, this Guaranty shall survive repayment of the Loan. If at any time all or any part of any payment made by Guarantor or received by Lender from Guarantor under or with respect to this Guaranty is or must be rescinded or returned for any reason whatsoever (including, but not limited to, the insolvency, bankruptcy or reorganization of any Guarantor), then the obligations of Guarantor hereunder shall, to the extent of the payment rescinded or returned, and to the extent permitted by law, be deemed to have continued in existence, notwithstanding such previous payment made by Guarantor, or receipt of payment by Lender, and the obligations of Guarantor hereunder shall continue to be effective or be reinstated, as the case may be, as to such payment, all as though such previous payment by Guarantor had never been made.

10.    Jurisdiction and Venue. Guarantor hereby submits itself to the jurisdiction and venue of any federal court located in the State of Colorado or any state court located in Denver County, Colorado in connection with any action or proceeding brought for enforcement of Guarantor's obligations hereunder, and hereby waives any and all personal or other rights under the law of any other country or state to object to jurisdiction within such locations for purposes of litigation to enforce such obligations. Guarantor agrees that service of process upon Guarantor shall be complete upon delivery thereof in any manner permitted by law to Guarantor's agent for service of process as designated in Guarantor's articles of incorporation or organization, if Guarantor is not a natural person, or at Guarantor's address below, if Guarantor is a natural person.

11.    Assignability.  This Guaranty shall be binding upon Guarantor and Guarantor's heirs, representatives, successors, and assigns and shall inure to the benefit of Lender and Lender's successors and assigns. This Guaranty shall follow the Note and other Loan Documents which are for the benefit of Lender, and, in the event the Note and other Loan Documents are negotiated, sold, transferred, assigned, or conveyed by Lender in whole or in part, this Guaranty shall be deemed to have been sold, transferred, assigned, or conveyed by Lender to the holder or holders of the Note and other Loan Documents, with respect to the Obligations contained therein, and such holder or holders may enforce this Guaranty as if such holder or holders had been originally named as Lender hereunder.

3

12.    Payment of Costs of Enforcement.  In the event any action or proceeding is brought to enforce this Guaranty, Guarantor shall pay all costs and expenses of Lender in connection with such action or proceeding, including, without limitation, all attorneys' fees incurred by Lender.

13.    Notices.  Any notice required or permitted to be given by Guarantor or Lender under this Guaranty shall be in writing and will be deemed given (a) upon personal delivery, (b) on the first business day after receipted delivery to a courier service which guarantees next-business day delivery, or (c) on the third business day after mailing, by registered or certified United States mail, postage prepaid, in any case to the appropriate party at its address set forth below:

>    If to Guarantor:
>
>    Hui Jun Wang
>    65-57 185 Street
>    Fresh Meadows, NY 11365
>
>    If to Lender:
>
>    Stout Street Funding, LLC
>    1200 17$^{th}$ Street
>    Suite 880
>    Denver, CO 80202

Either party may change such party's address for notices or copies of notices by giving notice to the other party in accordance with this Section.

14.    Severability of Provisions.  If any provision hereof or of any other Loan Document shall, for any reason and to any extent, be invalid or unenforceable, then the remainder of the document in which such provision is set forth, the application of the provision to other persons, entities or circumstances, and any other document referred to herein shall not be affected thereby but instead shall be enforceable to the maximum extent permitted by law.

15.    Joint and Several Obligation.  If Guarantor is more than one person or entity, then (a) all persons or entities comprising Guarantor are jointly and severally liable for all of the Obligations; (b) all representations, warranties, and covenants made by Guarantor shall be deemed representations, warranties, and covenants of each of the persons or entities comprising Guarantor; (c) any breach, default or Event of Default by any of the persons or entities comprising Guarantor hereunder shall be deemed to be a breach, default, or Event of Default of Guarantor; and (d) any reference herein contained to the knowledge or awareness of Guarantor shall mean the knowledge or awareness of any of the persons or entities comprising Guarantor.

16.    Waiver.  Neither the failure of Lender to exercise any right or power given hereunder or to insist upon strict compliance by Borrower, Guarantor, any other guarantor, or any other person with any of its obligations set forth herein or in any of the Loan Documents, nor any practice of Borrower or Guarantor at variance with the terms hereof or of any Loan

4

Documents, shall constitute a waiver of Lender's right to demand strict compliance with the terms and provisions of this Guaranty.

      17.   Certain Waivers. GUARANTOR, BY SIGNING THIS GUARANTY, AND LENDER, BY ACCEPTING IT, EACH KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED ON THIS GUARANTY, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO.    THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER AND GUARANTOR ENTERING INTO THE LOAN.

      18.   Applicable Law. This Guaranty and the rights and obligations of the parties hereunder shall be governed by and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the day and year first above written.

GUARANTOR:

_____, Individually
Name: Hui Jun Wang

State of New York  )
              ) ss.:
County of NASSAU )

On the ___17___ day of ___May___ in the year __2010__ before me, the undersigned, personally appeared Hui Jun Wang, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

                    TONI MARIE COMANDO
                    NOTARY PUBLIC, State of New York
                    No. 01CO6042470
                    Qualified in Nassau County
                    Commission Expires May 30, 20_10

Printed Name: _____

My Commission Expires:

_____

5

EXHIBIT A
C&G LAND ABSTRACT, LLC.
TITLE NO. CG-80675B

6

# C & G LAND ABSTRACT, LLC.

### Title No. CG-80675B

### S C H E D U L E   A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Westerly side of Clinton Avenue distant 94.50 feet Southerly from the corner formed by the intersection of the Southerly side of East 181st Street with the Westerly side of Clinton Avenue;

RUNNING THENCE Westerly and parallel with 181st Street, 41.06 feet;

THENCE Southerly and parallel with Clinton Avenue, 5.50 feet;

THENCE Westerly and parallel with 181st Street, 50 feet;

THENCE Southerly and parallel with Clinton Avenue, 15.96 feet;

THENCE Easterly and again parallel with 181st Street and part of the way through a party wall 91.06 feet to the Westerly side of Clinton Avenue;

THENCE Northerly along the Westerly side of Clinton Avenue, 21.46 feet to the point or place or BEGINNING.

# **EXHIBIT F**

Loan Number: 100315000

# OCCUPANCY AND FINANCIAL STATUS AFFIDAVIT

STATE OF NEW YORK )
                                                        ) ss:
COUNTY OF      *Nassau* )

BEFORE ME, the undersigned authority duly authorized to take acknowledgments and administer oaths, personally appeared
HUI JUN WANG

(the "Borrower"),

who upon being duly sworn on oath, certified as follows:

1. **Material Inducement:** Borrower understands and agrees that the statements contained herein are given as a material inducement to STOUT STREET FUNDING, LLC

(the "Lender"),

and Lender is relying upon such statements, to make a mortgage loan (the "Loan") to Borrower, repayment of which is secured by a Mortgage, Deed of Trust, Security Deed or other instrument of security (the "Security Instrument") on certain real property located at 2117 CLINTON AVENUE, NEW YORK, NEW YORK 10457

(the "Property").

2. **Occupancy:** [check one box only]

   ☐ **Principal Residence.** Borrower either currently occupies and uses the Property as Borrower's principal residence, or Borrower will occupy and use the Property as Borrower's principal residence within 60 days after Borrower signs the Security Instrument. Borrower will continue to occupy and use the Property as Borrower's principal residence for at least one (1) year from the date that Borrower first occupies the Property. However, Borrower will not have to occupy and use the Property as Borrower's principal residence within the time frames set forth above if Lender agrees in writing that Borrower does not have to do so. Lender may not refuse to agree unless the refusal is reasonable. Borrower will also not have to occupy and use the Property as Borrower's principal residence within the time frames set forth above if extenuating circumstances exist which are beyond Borrower's control.

   ☐ **Second Home.** Borrower will occupy, and will use, the Property as Borrower's second home. Borrower will keep the Property available for Borrower's exclusive use and enjoyment at all times, and will not subject the Property to any timesharing or other shared ownership arrangement or to any rental pool or agreement that requires Borrower either to rent the Property or give a management firm or any other person any control over the occupancy or use of the Property.

   ☒ **Investment.** The Property is owned and held by Borrower as an investment property. Borrower does not now occupy or use the property, and has no present intention to occupy or use the Property in the future, either as Borrower's principal residence or second home. Borrower now occupies and uses other property or properties as Borrower's principal residence and/or second home.

3. **Financial Status:** Borrower understands that Lender is making the Loan based upon statements and representations contained in, or made in connection with, the residential mortgage loan application given by Borrower to Lender (the "Loan Application"). Borrower hereby certifies that the information provided by Borrower contained in, or made in connection with, the Loan Application related to Borrower's financial status (such as Borrower's employment, income, available cash, debts, expenses, credit obligations, and the like), has not changed significantly and that the such information accurately reflects Borrower's current financial status. Borrower certifies further that Borrower has not received a layoff notice or otherwise have knowledge of a pending layoff, and Borrower, to the best of Borrower's knowledge and belief, is unaware of any events or circumstances in the foreseeable future that would impair or have an

OCCUPANCY AND FINANCIAL STATUS AFFIDAVIT
OFSA.MSC 04/20/10                                          Page 1 of 2                    DocMagic *eFormns* 800-649-1362
                                                                                         www.docmagic.com

adverse effect on Borrower's ability to fulfill Borrower's Loan obligations, including, but not limited to Borrower's obligation to make required periodic payments.

4. **False, Misleading or Inaccurate Statements:** Borrower understands that Borrower will be in default under the terms of the Security Instrument if, during the application process for the Loan, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan, including, but not limited to, representations concerning Borrower's occupancy of the Property and Borrower's financial status. Borrower understands further that any intentional or negligent misrepresentation(s) of the information contained in, or made in connection with, the Loan Application may result in severe civil and/or criminal penalties, including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation(s) which Borrower has made on or in connection with the Loan Application.

18 MS REALTY, INC.

X _Hui Jun Wang_ as Pres.d.t  5-17-10
Borrower HUI  JUN  WANG                Date          Borrower                                    Date

_____          _____
Borrower                                    Date          Borrower                                    Date

_____          _____
Borrower                                    Date          Borrower                                    Date

Subscribed and sworn to before me this 17th   day of      MAY, 2010

_____
                                                              (Notary Public)

TONI MARIE COMANDO
NOTARY PUBLIC, State of New York
No. 01CO6042470
Qualified in Nassau County
Commission Expires May 30, 20_10_

*(Notary Seal)*

*DocMagic* 800-649-1362
www.docmagic.com

# **EXHIBIT G**

# EXHIBIT D

D

Schuyler G. Carroll
Perkins Coie LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 262-6900
Fax: (212) 977-1649
SCarroll@perkinscoie.com

*Attorneys for Stout Street Fund I, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

       HUI JUN WANG,

               Debtor.

Chapter 13
Case No. 13-13827 (SHL)

Honorable Sean H. Lane

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY

Stout Street Fund I, L.P. ("Stout"), by its attorneys, Perkins Coie LLP, moves

pursuant to Sections 362(d)(1) and (2) of the Bankruptcy Code (the "Motion") and respectfully

requests that the Court enter an Order, substantially in the form attached hereto as Exhibit 1,

granting *nunc pro tunc* relief from the automatic stay so as to validate the foreclosure sale

described herein.  Stout respectfully submits as follows in support of its Motion:

*Preliminary Statement*

    1.    Approximately thirty (30) months prior to Debtor's bankruptcy petition, Stout filed

a foreclosure action against 18 MS Realty, Inc. ("MS") in the Supreme Court of New York,

County of Bronx, seeking a judgment of foreclosure with regard to certain commercial real

Exhibit D

property owned by MS located at 2117 Clinton Avenue, Bronx, New York (the "Property").
Pursuant to the terms of the promissory note and mortgage executed by MS in favor of Stout
with regard to the Property, the Debtor is listed as Guarantor of MS' payment obligations.

2.    A Judgment of Foreclosure and Sale (the "Foreclosure Judgment") was entered in
Stout's favor by the Hon. Maryann Brigantti-Hughes on May 8, 2013. Pursuant to the terms of
the Foreclosure Judgment, Stout advertised the Property for sale in the New York Law Journal
and the Bronx Free Press, with such sale to be held by court-appointed Referee on November 25,
2013 (the "Foreclosure Sale"). A buyer appeared at the Foreclosure Sale, and terms of sale were
entered into by the parties. However, unbeknownst to Stout, The Debtor filed a voluntary
petition for bankruptcy relief on November 25, 2013. The Debtor does not hold an ownership
interest in the Property. In fact, Stout believes the Debtor's only interest is as a guarantor and in
MS. Indeed, the loan documents signed by the Debtor indicate that the Debtor would not occupy
the Property. However, in an abundance of caution, Stout seeks retroactive relief from the
automatic stay with regard to the Property, so as to permit the Foreclosure Sale to be completed.

### Jurisdiction and Venue

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a
"core" proceeding as that term is used in 28 U.S.C. § 157(b)(2), over which this Court has final
adjudicatory authority. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicate
for the relief sought herein is found in Section 362(d) of the Bankruptcy Code, as complemented
by Federal Rule of Bankruptcy Procedure 4001 and Local Rule 4001.

### Background

4.    On or about May 17, 2010, Stout, through its predecessor-in-interest Stout Street
Funding, LLC ("Funding"), advanced the principal sum of $178,800.00 (the "Principal

-2-

Amount") to MS, for the purpose of acquiring the Property. (*Affidavit of Ken Glickstein in
Support of Motion for Relief from Automatic Stay Nunc Pro Tunc to Allow Foreclosure Sale of
Real Property* ("Glickstein Aff."), at ¶ 4.)

    5.    Funding advanced the Principal Amount pursuant to a Note and Mortgage executed
in favor of Funding by MS, by which Note and Mortgage MS promised to repay the Principal
Amount, with interest, by December 1, 2010 and pledged the Property as security for MS'
repayment obligations under the Note. (Glickstein Aff., at ¶¶ 5–6.) True and correct copies of
the Note and Mortgage, attached as Exhibits A and C to the Glickstein Aff. The Note and
Mortgage were later assigned to Stout via the allonge and assignments attached as Exhibit B and
D to the Glickstein Aff.

    6.    MS executed the Note and Mortgage through the signature of the Debtor, in his
official capacity as President of MS. Additionally, the Debtor executed a personal Guaranty in
favor of Funding, guaranteeing the Note obligations of MS. (Glickstein Aff. at ¶ 8.) A true and
correct copy of the Guaranty is attached to the Glickstein Aff. as Exhibit E.

    7.    MS attested, through an Occupancy Affidavit executed by the Debtor on May 17,
2010 (the "Occupancy Affidavit"), that MS did not at that time occupy or intend to occupy or use
the Property as a residence or home. (Glickstein Aff. at ¶ 7.) A true and correct copy of the
Occupancy Affidavit is attached to the Glickstein Aff. as Exhibit F. The Bargain and Sale Deed
conveying the Property to MS (the "Deed") lists only MS as an owner of the Property. A true
and correct copy of the Deed is attached to the Glickstein Aff. as Exhibit G.

    8.    MS failed to repay its obligations in full by December 1, 2010, and the Note and
Mortgage became in default as a result. (Glickstein Aff., at ¶ 9.)

    9.    On May 2, 2011, Stout commenced a foreclosure action against MS and the Debtor

<div align="center">-3-</div>

in the Supreme Court of the State of New York, Bronx County, based on this default. By order of the court, Felice B. Barry, Esq. was appointed Referee (the "Referee")[1] and submitted an Oath and Report setting forth that, as of October 31, 2012, the sum of $239,657.49 was owed to Stout on account of the Note (the "Principal Amount").

10.   On May 8, 2013, the court approved the Referee's findings and entered the Foreclosure Judgment (a copy of which is attached to the Glickstein Aff. as Exhibit J) in favor of Stout. (Glickstein Aff. at ¶ 9.) The Foreclosure Judgment authorizes the Referee to conduct a foreclosure sale of the Property, such sale to be advertised in the New York Law Journal and the Bronx Free Press.

11.   On November 25, 2013, the Referee conducted the Foreclosure Sale, such Foreclosure Sale having been advertised according to the requirements of the Foreclosure Judgment. (Glickstein Aff., at ¶ 11.) At the Foreclosure Sale, the Referee calculated the amount due to Stout pursuant to the Foreclosure Judgment to be $304,824.16 (the "Referee's Calculation"), which amount would take into account the total sum of all tax obligations and other administrative fees owed on account of the Foreclosure Sale. (Glickstein Aff. at ¶ 10.) A copy of the Referee's Calculation is attached to the Glickstein Aff. as Exhibit K. Upon review of the business records held by Stout, the Referee's Calculation depicts an accurate reflection of the amount required to be produced by the Foreclosure Sale in order to fully satisfy all of MS' obligations under the Note as of the Petition Date, taking into account the limitations imposed by the Foreclosure Judgment. (Glickstein Aff. at ¶ 10.)

12.   Nasser Zar, Inc. appeared as a bidder at the Foreclosure Sale and was approved by the Referee as the successful buyer (the "Buyer"), with a final agreed purchase price of $290,000. (Glickstein Aff. at ¶ 11.) True and correct copies of the Memorandum of Sale and

---

[1] Between the Foreclosure Judgment and the Foreclosure Sale, Leonard Charles Aloi was substituted as Referee.

Terms of Sale prepared by Referee and signed by Nasser Zar, Inc. as Buyer are attached to the
Glickstein Aff. as Exhibits H and I, respectively.

13.    Unbeknownst to Stout, on November 25, 2013 the Debtor filed his petition for
Chapter 13 relief. (Glickstein Aff. at ¶ 12.) Because the Debtor is the Guarantor under the Note
and Mortgage, and because New York judicial foreclosure process make a guarantor a party to a
foreclosure proceeding, the Debtor likely will assent that the Sale was stayed by operation of
Section 362 of the Bankruptcy Code. The Court should retroactively grant Stout relief from the
automatic stay to proceed with the Foreclosure Sale and approve the terms agreed-upon by the
Buyer and Referee, for "cause" under Section 362(d)(1), and, under Section 362(d)(2), because
the Debtor has no equity in the Property -- and in fact has no interest at all in the Property -- and
the Property is not needed for an effective reorganization of the Debtor.

### Relief Requested

14.    Stout seeks an Order of this Court granting retroactive annulment of the automatic
stay pursuant to Section 362(d) of the Bankruptcy Code and approving the terms of the
Foreclosure Sale to be completed.

### Basis for Relief Requested

15.    Section 362(a)(1) of the Bankruptcy Code stays the "continuation . . . of a . . .
proceeding against the debtor" that was initiated prepetition.  Some bankruptcy courts have held
that a foreclosure sale is a continuation of judicial process against a guarantor of the subject
property, and therefore a violation of the automatic stay, even where the guarantor owns no
equity in the property. *See, e.g., In re Ebadi*, 448 B.R. 308, 316 (Bankr. E.D.N.Y. 2011).

16.    Assuming *arguendo* that the Foreclosure Sale is stayed, the Court can and should
allow the Foreclosure Sale to proceed by issuing "an order retroactively validating the action."

-5-

*In re WorldCom, Inc.*, 325 B.R. 511, 519 (Bankr. S.D.N.Y. 2005). As the court in *WorldCom*

held, courts assess a variety of factors in determining whether to grant *nunc pro tunc* relief from

the automatic stay, including:

1)    if the violating creditor had actual or constructive
knowledge of the bankruptcy filing;

2)    if the debtor has acted in bad faith;

3)    if the debtor has equity in the property;

4)    if the property was necessary for an effective
reorganization;

5)    if grounds for stay relief existed and a lift-stay order would
have likely issued if the creditor had sought one before the
violation;

6)    if failure to grant retroactive relief would cause
unnecessary expense to the creditor; and

7)    if the creditor has detrimentally changed its position on the
basis of the action taken.

*In re WorldCom*, 448 B.R. at 319.

17.    The first two *WorldCom* factors unquestionably point in favor of awarding

retroactive relief in this case. The Glickstein Aff. affirms that Stout had neither actual nor

constructive knowledge of the Debtor's bankruptcy petition. (Glickstein Aff. at ¶ 11.)

Furthermore, the Debtor's bankruptcy case exhibits classic hallmarks of a bad faith filing meant

only to delay judicial process — the Debtor filed for relief on the date of the Foreclosure Sale,

and did not even notify Stout until after the Foreclosure Sale was conducted. The Debtor failed

to file a plethora of required documents, as identified by the *Deficiency Notice* issued by the

Court on the petition date. [Dkt. No. 4.] Bankruptcy courts in similar situations have awarded

*nunc pro tunc* relief to creditors whose otherwise-legitimate foreclosure sales have been

jeopardized by last-minute bankruptcy filings. *See NKL Enters., LLC v. Oyster Bay Mgmt. Co.,*

*LLC*, No. 12-CV-5091 (ADS), 2013 WL 1775051 (E.D.N.Y. April 25, 2013) (dismissing appeal

of Bankruptcy Court's grant of *nunc pro tunc* stay relief, where debtor had no equity in the

-6-

property and bankruptcy filing was viewed as a delay tactic, even though foreclosing creditor
had knowledge of bankruptcy filing at the time of the foreclosure sale).[2]

18.    The other *WorldCom* factors also weigh heavily in Stout's favor. The Debtor has
not filed a schedule listing his real property interests, but based on the Mortgage and Note the
Debtor does not hold any ownership interest in the Property — the Property is owned entirely by
MS. Furthermore, the Deed lists only MS as an owner, and the Occupancy Affidavit reflects that
the Property was purchased as an investment property. Therefore, the Debtor does not own any
equity in the Property, and the Property cannot be said to be necessary for any reorganizational
purpose of the Debtor. Based on the Referee's Calculation, the Property is substantially
underwater; in order to return any amount from the proceeds of the Foreclosure Sale to MS, the
Foreclosure Sale was required to bring in roughly $15,000 more than buyers were, in fact,
willing to pay for the Property at the Foreclosure Sale. Adequate grounds for stay relief thus
existed prior to the Foreclosure Sale, and Stout would have been entitled to prevail on a motion
to lift the automatic stay had Stout been informed of the bankruptcy filing prior to the
Foreclosure Sale. Finally the failure to grant the relief sought in the Motion will cause
unnecessary detriment to Stout, in that Stout risks losing a buyer for the Property and will be
required to expend another round of fees and costs associated with conducting a second
foreclosure sale in addition to continuing accrued interest.

19.    Cause exists in this case to award Stout *nunc pro tunc* relief from the automatic
stay, as the Debtor's bankruptcy petition was filed only for the purpose of delaying the
Foreclosure Sale, the Debtor lacks any equity in the Property, and relief from the automatic stay

---

[2] On appeal, the District Court cited to the "analogous factual scenario" in *In re Plagakis*, No. 03 Civ. 0728, 2004
WL 203090, at *5 (E.D.N.Y. Jan. 27, 2004), in which case the court affirmed a grant of a *nunc pro tunc* dismissal so
as to "validate the mortgage foreclosure sale," where the debtor had "filed a skeletal petition minutes before" the
sale was held. *NKL Enters., LLC*, 2013 WL 1775051 at *6.

would have been proper had Stout been informed of Debtor's bankruptcy filing prior to the

Foreclosure Sale and been in a position to request prospective stay relief.

### *Conclusion*

WHEREFORE, the Debtor respectfully requests the Court issue an Order, substantially in

the form attached as Exhibit 1: (1) annulling the automatic stay *nunc pro tunc* to the date and

time the Debtor's bankruptcy petition was filed so as to validate the Foreclosure Sale; and (2)

granting Debtor such other, further, and different relief as this Court deems just and proper.


Dated: New York, New York.
      December 12, 2013

PERKINS COIE LLP
*Attorneys for Stout Street Fund I, L.P.*

By: */s/ Schuyler G. Carroll*

Schuyler G. Carroll
30 Rockefeller Center, 22nd Floor
New York, NY 10112-0085
212.262.6900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

In re:

      HUI JUN WANG,                     Chapter 13
                                           Case No. 13-13827 (SHL)
                 Debtor.

                                           Honorable Sean H. Lane

------------------------------------- X

### ORDER GRANTING STOUT STREET FUND I, L.P.'S
### MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC*
### TO ALLOW FORECLOSURE SALE OF REAL PROPERTY

This matter having been heard on Stout Street Fund I, L.P.'s, *Motion for Relief from*

*Automatic Stay Nunc Pro Tunc to Allow Foreclosure Sale of Real Property* (the "Motion"); and

the Court having read and considered the Motion, the Exhibits and any Objections thereto, and

the arguments of counsel; and the Court having considered the legal and factual bases set forth

in the Motion and related documents:

IT IS HEREBY ORDERED THAT:

1)      The Motion is GRANTED to the extent set forth below;

2)      Pursuant to Sections 362(d) and 105(a) of the Bankruptcy Code, the automatic stay

is hereby annulled as to any interest of the Debtor in that certain real property located at 2117

Clinton Avenue, Bronx, New York that is the subject of the Motion (the "Property").

3)      This Order shall be retroactively effective as of November 25, 2013 at the moment

Debtor's bankruptcy petition was filed.

---

                                           UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

In re:

     HUI JUN WANG,                  Chapter 13
                                  Case No. 13-13827 (SHL)
               Debtor.

                                  Honorable Sean H. Lane

------------------------------------ X

## AFFIDAVIT OF KEN GLICKSTEIN IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY

STATE OF COLORADO    )
COUNTY OF DENVER     ):ss

**KEN GLICKSTEIN**, being first duly sworn upon oath, deposes and says:

1.      I am over the age of eighteen and competent to make this Affidavit.

2.      I make and submit this affidavit in support of the Motion for Relief from the Automatic Stay *Nunc Pro Tunc* to Allow Foreclosure Sale of Real Property (the "Motion"), filed by Stout Street Fund I, LP ("Stout") in the above captioned Chapter 13 bankruptcy case.

3.      I am a Vice-President and the Chief Compliance Officer of Braddock Financial Corporation ("Braddock"), a Delaware corporation with its principal place of business in Denver, Colorado. Braddock is the Manager of Stout Street Fund I GP, LLC, which is the General Partner of Stout. I have personal knowledge of the events and facts related in this Affidavit and the attached Form.

4.    On or about May 17, 2010, Stout, through its predecessor-in-interest Stout Street

Funding, LLC ("Funding"), advanced the principal sum of $178,800.00 (the "Principal

Amount") to 18 MS Realty, Inc. ("MS"), for the purpose of acquiring the commercial

property located at 2117 Clinton Avenue, Bronx, New York 10457 (the "Property").

5.    On or about May 17, 2010 MS executed a Note in favor of Funding, (the "Note")

which evidences the advance of the Principal Amount.  A true and correct copy of the

Note is attached hereto as Exhibit A.  In the Note, MS promised to repay the Principal

Amount, with interest at a yearly rate of 15.00%, over a course of six months.  If, on

December 1, 2010 (the "Maturity Date"), MS still owed amounts to Stout Street Funding,

LLC under the Note, MS promised to pay those amounts in full on the Maturity Date (the

"Balloon Payment").  Stout became the holder in the Note pursuant to the Allonge (the

"Allonge"), executed February 24, 2011 which was made effective as of May 17, 2010.

A true and correct copy of the Allonge is attached hereto as Exhibit B.

6.    On or about May 17, 2010, MS executed a Mortgage in favor of Funding (the

"Mortgage").  A true and correct recorded copy of the Mortgage is attached hereto as

Exhibit C.  In the Mortgage, MS mortgages, grants, and conveys the Property to Lender

as security for repayment of MS' obligations under the Note, including the Balloon

Payment.  Stout became the holder of the Mortgage pursuant to the Assignment (the

"Assignment"), executed February 24, 2011 which was made effective as of May 17,

2010.  A true and correct copy of the Assignment is attached hereto as Exhibit D.

7.    MS executed the Note and Mortgage through the signature of the Debtor, in his

official capacity as President of MS.  Additionally, the Debtor executed a personal

2

Guaranty in favor of Funding, guaranteeing the obligations of MS. A true and correct copy of the Guaranty is attached hereto as Exhibit E.

8.    Pursuant to the terms of the Mortgage, and the Occupancy Affidavit executed by MS on May 17, 2010 (the "Occupancy Affidavit"), MS did not at that time occupy or intend to occupy or use the Property as a residence or home. A true and correct copy of the Occupancy Affidavit is attached hereto as Exhibit F. A Bargain and Sale Deed conveying the Property to MS (the "Deed," a true and correct copy of which is attached as Exhibit G) lists only MS as an owner of the Property.

9.    MS failed to make the Balloon Payment on or before the Maturity Date as required under the Note, and as a result the Note and Mortgage became in default. On May 2, 2011, Stout initiated foreclosure proceedings in the Superior Court of the State of New York, Bronx County, based on MS' default under the Note. On May 8, 2013, the Hon. Maryann Brigantti-Hughes entered a judgment of foreclosure in favor of Stout (the "Foreclosure Judgment"). A true and correct copy of the Foreclosure Judgment is attached hereto as Exhibit J.

10.    Pursuant to the terms of the Foreclosure Judgment, the Property was advertised for sale by a referee appointed by the Court, with such sale to take place on November 25, 2013 (the "Foreclosure Sale"). The Referee calculated the amount owed Stout out of any proceeds from the Foreclosure Sale to be $304,824.16 (the "Referee's Calculation"), which amount would take into account the total sum of all tax obligations and other administrative fees owed on account of the Foreclosure Sale. A copy of the Referee's Calculation is attached hereto as Exhibit K. Upon review of the business records held by Stout, the Referee's Calculation depicts an accurate reflection of the amount required to

3

be produced by the Foreclosure Sale in order to fully satisfy all of MS' obligations under

the Note as of the Petition Date, taking into account the limitations imposed by the

Foreclosure Judgment.

11.    On November 25, 2013, the Foreclosure Sale was held. Nasser Zar, Inc. appeared

as a bidder at the Foreclosure Sale and was approved by the Referee as the successful

buyer, with a final agreed purchase price of $290,000. True and correct copies of the

Memorandum of Sale and Terms of Sale prepared by Referee and signed by Nasser Zar,

Inc. as Buyer are attached hereto as Exhibits H and I, respectively.

12.    Following the conclusion of the Foreclosure Sale, Stout was made aware that the

Debtor filed for Chapter 13 bankruptcy relief on November 25, 2013. At no time prior to

or during the Foreclosure Sale did Stout have actual or constructive knowledge of the

Debtor's bankruptcy filing.

<div style="text-align:center">

_Ken Meinhote_

KEN GLICKSTEIN
Vice-President and Chief Compliance Officer
Braddock Financial Corporation, as Manager for
Stout Street Fund I GP, LLC, General Partner of
Stout Street Fund I, LP
1200 17th Street, Suite 880
Denver, CO 80202

</div>

STATE OF COLORADO      )
COUNTY OF DENVER      ) ss.:

On the 11TH day of December in the year 2013, before me, the undersigned, a notary
public in and for said state, personally appeared Ken Glickstein, personally known to me
or proved to me on the basis of satisfactory evidence to be the individual whose name is
subscribed to the within instrument, and acknowledged to me that he executed the same
in his capacity, and that by his signature on the instrument, the individual, or the person
upon behalf of which the individual acted, executed the instrument.

ANGIE LYNN GROVES
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 11-21-2015

Notary Public
My Commission Expires: 11/21/2015

LEGAL28620353.3

Schuyler G. Carroll
Perkins Coie LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 262-6900
Fax: (212) 977-1649
SCarroll@perkinscoie.com

*Attorneys for Stout Street Fund I, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X

In re:

      HUI JUN WANG,

                Debtor.

                              Chapter 13
                              Case No. 13-13827 (SHL)

                              Honorable Sean H. Lane

------------------------------------- X

**STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING
NOTICE OF ITS MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO
TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006</u>**

        Stout Street Fund I, L.P. ("<u>Stout</u>"), by its attorneys, Perkins Coie LLP, moves

pursuant to Federal Rule of Bankruptcy Procedure 9006 (the "<u>Ex Parte Motion</u>") and

respectfully requests that the Court enter an Order, substantially in the form attached hereto as

<u>Exhibit A</u>, scheduling a hearing on shortened notice to consider Stout's *Motion for Relief*

*Automatic Stay Nunc Pro Tunc to Allow Foreclosure Sale* (the "<u>Lift Stay Motion</u>"). In support

thereof, Stout submits the attached *Affirmation of Schuyler G. Carroll* and respectfully

represents as follows:

*Preliminary Statement[1]*

1.    Stout respectfully requests entry of an scheduling a hearing on shortened notice, so
that Stout will not be prejudiced.   Absent a hearing on or before December 27, a transaction for
the sale of property will not be consummated and Stout will be required to re-start the sale
process. This will result in substantial expense to Stout, as well as delay and the risk that there
will no longer be any buyer interested in purchasing the property — or that any buyer only will
be willing to pay a lower price. In addition, because Stout will be unable to consummate the
sale, Stout may be subject to a claim for damages. Accordingly, Stout respectfully requests that
the Court enter the proposed order scheduling a hearing on or before December 27, 2013.

*Background*

2.    Stout obtained a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") on
May 8, 2013 against 18 MS Realty, Inc. ("MS") with regard to certain commercial real property
owned by MS located at 2117 Clinton Avenue, Bronx, New York (the "Property") after MS
defaulted on its repayment obligations to Stout in December 2010. (*Affirmation of Schuyler G.
Carroll* ("Carroll Aff.") at ¶ 4.) Pursuant to the terms of the Note and Mortgage executed by MS
in favor of Stout with regard to the Property, the Debtor is listed as Guarantor of MS' payment
obligations.

2.    On November 25, 2013, the Property was sold by court-appointed Referee (the
"Foreclosure Sale") pursuant to the terms of the Foreclosure Judgment. (Carroll Aff. at ¶ 5.)  A
third-party buyer (the "Buyer") appeared at the Foreclosure Sale, and Terms of Sale were entered
into by the parties which call for closing to occur on or before December 27, 2013.  However,

---

[1] The background fats are more fully set forth in the Lift Stay Motion. The facts and Exhibits referenced in the Lift
Stay Motion and its attached *Affidavit of Ken Glickstein* are incorporated by reference to the extent relevant. Any
capitalized terms not defined herein shall have the meanings attributed to them in the Lift Stay Motion.

unbeknownst to Stout, the Debtor filed a voluntary petition for bankruptcy relief on November 25, 2013.

3.      The Debtor does not hold an ownership interest in the Property. Indeed, the loan documents signed by the Debtor indicate that the Debtor would not occupy the Property, and the recorded Deed (a copy of which is attached to the Lift Stay Motion) lists only MS as an owner of record. However, in an abundance of caution, Stout filed the Lift Stay Motion seeking retroactive relief from the automatic stay with regard to the Property, so as to permit the Foreclosure Sale to be completed.

4.      Stout respectfully requests a hearing on the Lift Stay Motion on an expedited basis, because if the hearing is not held on or before December 27 the Foreclosure Sale may unravel, causing Stout to suffer substantial additional injury on account of MS' failure to repay its obligations under the Note and the Debtor's bankruptcy filing.   (Carroll Aff. at ¶ 6–7.)

### Jurisdiction and Venue

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding as that term is used in 28 U.S.C. § 157(b) over which this Court has final adjudicatory authority. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for the relief sought herein is found in Federal Rule of Bankruptcy Procedure 9006(c).

### Relief Requested

6.      Stout seeks entry of an Order scheduling a hearing on shortened notice to consider the Lift Stay Motion on or before December 27, 2013.

### Basis for Relief Requested

7.      Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing. Here, ample cause exists to

LEGAL28704773.2

shorten the time for notice of the hearing on the Lift Stay Motion and to grant this 9006 Motion
on an ex parte basis.

8.    Local Rule 9006-1(b) provides that unless the court orders otherwise, a motion must
be served at least 14 days prior to the return date. Federal Rule of Bankruptcy Procedure
9006(c)(1) expressly provides that a bankruptcy court "for cause shown may in its discretion
with or without motion or notice" reduce the time period for notice in all but several bankruptcy
matters, none of which are applicable to the present case. In the exercise of its discretion under
Bankruptcy Rule 9006(c)(1), a court must consider, primarily, the prejudice that potentially
would result to parties entitled to notice if a reduction is effected, and weigh this against the
reasons for shortening this period. *In re Kings Falls Power Corp.*, 185 B.R. 431, 441 (Bankr.
N.D.N.Y. 1995) (allowing shortened notice period because resolution of dispositive motion was
necessary prior to "blow-up" date of global settlement and was in the estate's best interests); *In
re Chateaugay Corp.*, 111 B.R. 399, 407–408 (Bankr. S.D.N.Y. 1990) (shortening notice
because ten days could impose "severe hardship" on parties in interest and six days would not
prejudice defendant). Furthermore, section 102 of the Bankruptcy Code specifically indicates
that "after notice and a hearing" means "after such notice as is appropriate in the particular
circumstances, and such opportunity for a hearing as is appropriate in the particular
circumstances." 11 U.S.C. § 102(1)(A).

9.    Unless this Court grants expedited hearing of the Lift Stay Motion, Stout will suffer
severe hardship, in that the Buyer can terminate its agreement to purchase — should the
Foreclosure Sale fail to close, Stout will incur significant costs associated with noticing and
scheduling a second sale of the Property. Stout was fortunate to secure a third-party buyer for
the Property, but there is no guaranty that Stout's second sale attempt will prove as fruitful.

-4-

Furthermore, the Property must be sold pursuant to the Foreclosure Judgment, by a court-appointed Referee, and the needless duplication of the Referee's previous efforts and costs to oversee the sale of the Property should be avoided if at all possible. Similarly, if Stout is unable to complete the sale it may be subject to a claim for damages from the Buyer.

10.    As detailed in the Lift Stay Motion, the Debtor filed his bankruptcy petition on the date of the Foreclosure Sale, in what can aptly be described as a "skeletal" filing — the Debtor neglected to file any of the required Schedules and other necessary papers. The Court should view the Debtor's last-minute bankruptcy filing, without much of the required paperwork, for what it is: an attempt to use the automatic stay to undo an otherwise properly-conducted foreclosure sale of a piece of commercial real estate as to which the obligor has been in default for over three years. The Debtor should not be permitted to further prolong the foreclosure process by filing a bankruptcy petition that causes the Buyer to walk away and the Foreclosure Sale to fall apart. There are no fact intensive inquiries that need to be made in this case, all legal arguments revolve around settled questions of bankruptcy law, and no party in interest would be prejudiced by the shortened notice requested herein on an ex parte basis.

11.    For these reasons, it is imperative that the Lift Stay Motion be heard on an expedited basis and the Court permit shortened notice thereof. To this end, ex parte relief is warranted so that the Lift Stay Motion may be heard on an expedited basis.

12.    It bears note that if the Court is able to schedule a hearing on December 27, the notice period need not be shortened. According to the Court's available calendar, however, the first available date is February 13, 2014, which will surely result in substantial damage to Stout.

### No Prior Request

13.    No prior request for the relief sought in this Motion has been made to this or any

-5-

other court.

<div align="center">

*Conclusion*

</div>

WHEREFORE, the Debtor respectfully requests the Court (a) enter an order granting the

relief requested herein; and (b) grant such other and further relief as the Court deems just and

proper.

Dated: New York, New York.          PERKINS COIE LLP
     December 12, 2013          *Attorneys for Stout Street Fund I, L.P.*

                                     By: */s/ Schuyler G. Carroll*
                                      Schuyler G. Carroll
                                      30 Rockefeller Center, 22nd Floor
                                      New York, NY  10112-0085
                                      212.262.6900

<div align="center">

-6-

</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

In re:

      HUI JUN WANG,

                  Debtor.

------------------------------------- X

Chapter 13
Case No. 13-13827 (SHL)

Honorable Sean H. Lane

## AFFIRMATION OF SCHUYLER G. CARROLL IN SUPPORT OF STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING NOTICE PURSUANT TO FED. R. BANKR. P. 9006

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ):ss

1.     I am an attorney licensed to practice in the State of New York and a Partner at the law firm Perkins Coie LLP.

2.     I make and submit this Affirmation in support of Stout Street Fund I, L.P.'s Ex Parte Motion For Order Shortening Notice (the "Ex Parte Motion") of its Motion for Relief from the Automatic Stay *Nunc Pro Tunc* to Allow Foreclosure Sale of Real Property (the "Lift Stay Motion"), filed concurrently herewith.

3.     I am over the age of eighteen, competent to give this Affirmation, and have personal knowledge of the events and facts recounted herein.

4.     On May 8, 2013, Stout Street Fund I, L.P. ("Stout") obtained a foreclosure judgment in its favor (the "Foreclosure Judgment") against 18 MS Realty, Inc. ("MS") with regard to certain commercial real property owned by MS located at 2117 Clinton Avenue, Bronx, New York (the "Property"). Hui Jun Wang, debtor in the above-

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

In re:

      HUI JUN WANG,

               Debtor.

------------------------------------ X

Chapter 13
Case No. 13-13827 (SHL)

Honorable Sean H. Lane

### ORDER GRANTING STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING NOTICE OF ITS MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY PURSUANT TO FED. R. BANKR. P. 9006

This matter having been heard on Stout Street Fund I, L.P.'s, Ex Parte Motion filed pursuant to Federal Rule of Bankruptcy Procedure 9006 (the "Motion") for an Order scheduling a hearing on shortened notice to consider its *Motion for Relief from Automatic Stay Nunc Pro Tunc to Allow Foreclosure Sale of Real Property* (the "Lift Stay Motion"); and the Court having read and considered the Motion and the Affirmation submitted in support thereof; and the Court having considered the legal and factual bases set forth in the Motion and related documents:

IT IS HEREBY ORDERED THAT:

1)       The Motion is GRANTED to the extent set forth below;

2)       A hearing shall be held to consider the Lift Stay Motion before the Hon. Sean H. Lane, on _____, 2013, at ____.m. at the United States Bankruptcy Court, Old Customs House, One Bowling Green, New York, NY 10004.

3)       Any objections to the Lift Stay Motion shall be in writing, filed with the Clerk of the Court, with a copy delivered to Judge Lane's chambers and served upon (a) counsel to Stout Street Fund I, L.P., Perkins Coie LLP, 30 Rockefeller Plaza, 22nd Floor, New York, NY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

In re:

      HUI JUN WANG,

                Debtor.

------------------------------------ X

                                 Chapter 13
                                 Case No. 13-13827 (SHL)

                                 Honorable Sean H. Lane

### AFFIRMATION OF SCHUYLER G. CARROLL IN SUPPORT OF STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING NOTICE PURSUANT TO FED. R. BANKR. P. 9006

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ):ss

1.     I am an attorney licensed to practice in the State of New York and a Partner at the

law firm Perkins Coie LLP.

2.     I make and submit this Affirmation in support of Stout Street Fund I, L.P.'s Ex

Parte Motion For Order Shortening Notice (the "Ex Parte Motion") of its Motion for

Relief from the Automatic Stay *Nunc Pro Tunc* to Allow Foreclosure Sale of Real

Property (the "Lift Stay Motion"), filed concurrently herewith.

3.     I am over the age of eighteen, competent to give this Affirmation, and have

personal knowledge of the events and facts recounted herein.

4.     On May 8, 2013, Stout Street Fund I, L.P. ("Stout") obtained a foreclosure

judgment in its favor (the "Foreclosure Judgment") against 18 MS Realty, Inc. ("MS")

with regard to certain commercial real property owned by MS located at 2117 Clinton

Avenue, Bronx, New York (the "Property"). Hui Jun Wang, debtor in the above-

captioned bankruptcy case (the "Debtor") is the Guarantor of MS' payment obligations
under a Note and Mortgage signed by MS in favor of Stout with regard to the Property.[1]

5.    On November 25, 2013, the Foreclosure Sale was held pursuant to the terms of
the Foreclosure Judgment.  Nasser Zar, Inc. (the "Buyer") appeared as a bidder at the
Foreclosure Sale and was approved by the Referee as the successful buyer, with a final
agreed purchase price of $290,000.

6.    The Terms of Sale prepared by the Referee and signed by the Buyer call for
closing to occur on or before December 27, 2013.  The Terms of Sale allow Buyer to
withdraw from the Foreclosure Sale should closing fail to occur by December 27, 2013,
and subject Stout to potential damages as a result.

7.    MS has been in default in its repayment obligations since December 2010. Stout
has expended in excess of $15,000 in attorneys' fees, advertising expenses, and
associated costs conducting the Foreclosure Sale and preparing the Lift Stay Motion.
Stout has no other potential buyers who are interested in purchasing the Property, and
would suffer delay and the significant expense of a duplicate sale process should the
Foreclosure Sale fail to close.

8.    Ex parte relief is necessary so that the Lift Stay Motion may be heard by the Court
in time to allow the Foreclosure Sale to close by December 27 and thereby avoid Stout
suffering injury.

9.    No prior request has been made for the relief sought in the Ex Parte Motion.

*/s/ Schuyler G. Carroll*
SCHUYLER G. CARROLL

---

[1] Any capitalized terms not defined herein shall have the meanings attributed to them in the Lift Stay
Motion.

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

In re:

      HUI JUN WANG,                     Chapter 13
                                           Case No. 13-13827 (SHL)
                Debtor.

                                           Honorable Sean H. Lane

------------------------------------ X

### ORDER GRANTING STOUT STREET FUND I, L.P.'S EX PARTE MOTION FOR ORDER SHORTENING NOTICE OF ITS MOTION FOR RELIEF FROM AUTOMATIC STAY *NUNC PRO TUNC* TO ALLOW FORECLOSURE SALE OF REAL PROPERTY PURSUANT TO FED. R. BANKR. P. 9006

This matter having been heard on Stout Street Fund I, L.P.'s, Ex Parte Motion filed

pursuant to Federal Rule of Bankruptcy Procedure 9006 (the "Motion") for an Order

scheduling a hearing on shortened notice to consider its *Motion for Relief from Automatic Stay*

*Nunc Pro Tunc to Allow Foreclosure Sale of Real Property* (the "Lift Stay Motion"); and the

Court having read and considered the Motion and the Affirmation submitted in support thereof;

and the Court having considered the legal and factual bases set forth in the Motion and related

documents:

IT IS HEREBY ORDERED THAT:

1)      The Motion is GRANTED to the extent set forth below;

2)      A hearing shall be held to consider the Lift Stay Motion before the Hon. Sean H.

Lane, on _____, 2013, at ___.m. at the United States Bankruptcy Court, Old

Customs House, One Bowling Green, New York, NY 10004.

3)      Any objections to the Lift Stay Motion shall be in writing, filed with the Clerk of

the Court, with a copy delivered to Judge Lane's chambers and served upon (a) counsel to

Stout Street Fund I, L.P., Perkins Coie LLP, 30 Rockefeller Plaza, 22nd Floor, New York, NY

10112, Attn: Schuyler Carroll and (b) Office of the United States Trustee 33 Whitehall Street,

21st Floor, New York, NY 10004 so as to be actually received by no later than

_____, at _____.m.

4)        Stout Street Fund I, L.P. shall serve a copy of this Order, the Motion, the Lift Stay

Motion and all supporting documents and exhibits upon the Debtor, via email and overnight

mail, so as to be actually received by no later than _____.


                                    _____

                          UNITED STATES BANKRUPTCY JUDGE

LEGAL28707544.2