Plaintiff's renewed application for a judgment of foreclosure and sale for the

premises located at 78 Van Siclen Avenue, Brooklyn, New York (Block 3932, Lot 45,

County of Kings) is denied without prejudice. In my prior decision in this case, issued on

May 11, 2007, 15 Misc3d 1134 (A), I enumerated various defects in plaintiff's (Deutsche

Bank) application. This renewed application does not address any of these defects.

Further, my review of the instant application raises two additional matters that must be

satisfactorily addressed or I will dismiss the instant action with prejudice.

As noted in my May 11, 2007 decision, Deutsche Bank lacks standing to bring this

action since January 19, 2007, the day when Deutsche Bank assigned the instant mortgage

and note to MTGLQ Investors, L.P. Goldman Sachs calls MTGLQ Investors, L.P. a

"significant subsidiary" in exhibit 21.1 of its November 25, 2006 10-k Filing with the

Securities and Exchange Commission. I explained (citing *Saratoga County Chamber of*

*Commerce, Inc. v Pataki*, 100 NY2d 81, 812 [2003], *cert denied* 540 US 1017 [2003],

*Carper v Nussbaum*, 36 AD3d 176, 181 [2d Dept 2006], and *Stark v Goldberg*, 297 AD2d

303 [1st Dept 2002)]) how Deutsche Bank now lacks standing to pursue this action.

Further, I held, at 5-6:

It is clear that plaintiff Deutsche Bank lacks standing to sue since

January 19, 2007, when it assigned its ownership of the Castellanos'

mortgage loan to the Goldman Sachs subsidiary, MTGLQ Investors,

L.P. The Court, in *Campaign v Barba*, 23 AD3d 327, instructed that

"[t]o establish a prima facie case in an action to foreclose a mortgage,

the plaintiff must establish the existence of the mortgage and the

mortgage note, ***ownership of the mortgage***, and the defendant's default

in payment [***Emphasis added***]." *(See Household Finance Realty Corp.*

*of New York v Wynn*, 19 AD3d 545 [2d Dept 2005]; *Sears Mortgage*

*Corp. v Yahhobi*, 19 AD3d 402 [2d Dept 2005]; *Ocwen Federal Bank*

*FSB v Miller*, 18 AD3d 527 [2d Dept 2005]; *U.S. Bank Trust Nat.*

*Ass'n Trustee v Butti*, 16 AD3d 408 [2d Dept 2005]; *First Union*

*Mortgage Corp. v Fern*, 298 AD2d 490 [2d Dept 2002]; *Village Bank*

*v Wild Oaks Holding, Inc.*, 196 AD2d 812 [2d Dept 1993]).

However, in light of the fact that Deutsche Bank has established

the existence of the mortgage and the note, and defendant's default in

payment, the Court is denying the judgment of foreclosure and sale

without prejudice. If Deutsche Bank moves to substitute assignee

MTGLQ Investors L.P. as plaintiff, pursuant to CPLR § 1021 and no

other material facts change, the Court will grant the substitution of

plaintiff to MTGLQ Investors L.P., which will allow the proper

mortgagee, the one with standing, to receive a judgment of foreclosure

-3-

and sale. (*East Coast Properties v Galang*, 308 AD2d 431 [2d Dept 2003];

*Lincoln Savings Bank, FSB v Wynn*, 7 AD3d 760 [2d Dept 2004]; CPLR

§ 1018; GOL § 13-101).

Plaintiff Deutsche Bank has failed to move to substitute MTGLQ Investors, L.P. as

plaintiff.

### Two additional matters plaintiff needs to address in a renewed motion

In my recent review of the moving papers in the renewed motion, I noticed that the

July 21, 2006-"affidavit of merit" was executed by Jeff Rivas, who claims to be Deutsche

Bank's Vice President Default Timeline Management. On the same day, Mr. Rivas

executed, before the same notary public, M. Reveles, a mortgage assignment from Argent

Mortgage Company, LLC, claiming to be Argent's Vice President Default Timeline

Management. Did Mr. Rivas somehow change employers on July 21, 2006 or he is

concurrently a Vice President of both assignor Argent Mortgage Company, LLC and

assignee Deutsche Bank? If he is a Vice President of both the assignor and the assignee,

this would create a conflict of interest and render the July 21, 2006-assignment void.

Also, Mr. Rivas claims that Argent Mortgage Company, LLC is located at 1100

Town and Country Road, Suite 200, Orange, California, while Deutsche Bank has its

offices at One City Boulevard West, Orange, California. Did Mr. Rivas execute the

assignment at 100 Town and Country Road, Suite 200, and then travel to One City

-4-

Boulevard West, with the same notary public, M. Reveles, in tow? The Court is

concerned that there may be fraud on the part of Deutsche Bank, Argent Mortgage

Company, LLC, and/or MTGLQ Investors, L.P., or at least malfeasance. If plaintiff

renews its motion for a judgment of foreclosure and sale, the Court requires a satisfactory

explanation by Mr. Rivas of his recent employment history.

In my May 11, 2007 decision, in discussing the January 19, 2007 assignment from

Deutsche Bank to MTGLQ Investors, L.P., I observed, at 5, that:

the January 19, 2007 assignment has the same address for both the

assignor Deutsche Bank and the assignee MTGLQ Investors, L.P.,

at 1661 Worthington Road, Suite 100, West Palm Beach, Florida

33409.

The Court will not speculate about why two major financial

behemoths, Deutsche Bank and Goldman Sachs share space in a

West Palm Beach, Florida office suite. What is clear to this Court is

that Deutsche Bank assigned the mortgage during the pendency of

this application, but neglected to move to amend the caption to reflect

the assignment or discontinue the foreclosure action. The Court . . .

has no choice but to deny the application for a judgment of foreclosure

and sale without prejudice. Plaintiff Deutsche Bank lacks standing to

-5-

proceed with this action since January 19, 2007.

However, my subsequent decision, *HSBC Bank, N.A. v Cherry*, 18 Misc3d 1102 (A),

issued on December 17, 2007, observed that Scott Anderson, on June 13, 2007, as Vice

President of Mortgage Electronic Registration Systems, Inc. (MERS) assigned a mortgage

and note to HSBC Bank, N.A., as Trustee for various collateralized debt obligations. Mr.

Anderson's assignment lists 1661 Worthington Road, Suite 100, West Palm Beach,

Florida 33409 (Suite 100), as MERS address. The assignment also lists Suite 100 as the

address for HSBC. Further, Mr. Anderson, two days later, on June 15, 2007, executes an

"affidavit of merit" as "Senior Vice President of Residential Servicing for Ocwen Federal

Bank, FSB, servicing agent of HSBC Bank, N.A."

I noted, at 3, that:

with HSBC, OCWEN and MERS, joining with Deutsche Bank and

Goldman Sachs at Suite 100, the Court is now concerned as to why

so many financial goliaths are in the same space. The Court ponders

if Suite 100 is the size of Madison Square Garden to house all of these

financial behemoths or if there is a more nefarious reason for this

corporate togetherness.

Therefore, if Deutsche Banks seeks to renew its motion for a judgment of foreclosure and

sale, it must provide an affidavit explaining why Suite 100 is such a popular venue for all

-6-

of these corporations. Should Deutsche Bank fail to provide an adequate explanation in its affidavit, I will conclude that this corporate togetherness is evidence of corporate collusion.

## Conclusion

Accordingly, it is

ORDERED, that the motion of plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2005-W4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, WITHOUT RECOURSE, for a judgment of foreclosure and sale for the premises located at 78 Van Siclen Avenue, Brooklyn, New York (Block 3932, Lot 45, County of Kings), is denied without prejudice; and it is further

ORDERED, that leave is granted to plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2005-W4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, WITHOUT RECOURSE, to renew its motion for a judgment of foreclosure and sale for the premises located at 78 Van Siclen Avenue, Brooklyn, New York (Block 3932, Lot 45, County of Kings), only if it presents to the Court within thirty (30) days from the date of this decision and order: an affidavit from Jeff Rivas describing his employment history

-7-

for the past three years; and, an affidavit explaining why it shares office space at Suite

100, 1661 Worthington Road, West Palm Beach, Florida 33409 with Goldman Sachs,

HSBC Bank, N.A., Ocwen Federal Bank FSB, and Mortgage Electronic Registration

Systems, Inc.

This constitutes the Decision and Order of the Court.

E N T E R

HON. ARTHUR M. SCHACK

J. S. C.

HON. ARTHUR M. SCHACK J.S.C.

-8-

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

STOUT STREET FUND I, LP                                    Index No.: 380471/11

                                    Plaintiffs,

                                                           **NOTICE OF**
        -against-                                          **ENTRY**


18 MS REALTY, INC.; HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                           Defendants.
-------------------------------------------------------------------X


S I RS:

        PLEASE TAKE NOTICE that the within is a true copy of the Order issued by the
Honorable Mary Ann Briganti-Hughes dated September 19, 2012 and duly filed in the Office of
the Clerk of the within named Court on October 17, 2012.


Dated: October 23, 2012
        Great Neck, New York


                                           Yours truly,


                                           Harry Zubli Esq.
                                           Attorney for Plaintiff
                                           1010 Northern Blvd., Suite 310
                                           Great Neck, NY 11021
                                           Tel: (516) 487-5777
                                           Fax: (516) 487-4834

TO:

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute
Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

**ALL OTHER DEFENDANTS HAVE EITHER APPEARED AND WAIVED SERVICE
OF THIS MOTION OR ARE IN DEFAULT WITH RESPECT TO THIS ACTION.**

# COMMERCIAL FORECLOSURE – NOT SUBPRIME OR HIGH COST LOAN



At the Supreme Court of the State of New York, held in and for the County of Bronx, Room 217 at the Bronx County Courthouse, 851 Grand Concourse, Bronx, New York 10451 on the 19 day of September, 2012.

PRESENT:

HON. **MARY ANN BRIGANTI-HUGHES**

Justice

-----------------------------------------------X

STOUT STREET FUND I, LP.,

Plaintiffs,

-against-

18 MS REALTY, INC.; HUI JUN WANG; STATE OF NEW YORK ; CITY OF NEW YORK,

Defendants.

-----------------------------------------------X

**ORIG1NAL**

Index No.: 380471/11

**ORDER APPOINTING SUBSTITUTE REFEREE**

**UPON** review of the Notice of Motion dated December 13, 2011, the Summons and Verified Complaint filed in this action on May 2, 2011, the Notice of Pendency filed in this action on May 2, 2011, all being annexed thereto, and upon the Affidavits of Service herein, and upon the Affirmation of Harry Zubli Esq., counsel for plaintiff, dated December 13, 2011, from which it appears that this action was brought to foreclose a certain mortgage on real property situated in the County of Bronx, State of New York, at 2117 Clinton Avenue, Bronx, New York 10457 (Block: 3096, Lot(s): 63) by reason of certain defaults as alleged in the Complaint, and it

1

FILED  May 20 2013 Bronx County Clerk

FILED  Oct 17 2012 Bronx County Clerk

further appearing that all of the Defendants have been duly served with a copy of the Summons and Verified Complaint or have appeared herein, copies of such affidavits of service being annexed to the motion, except that the Defendants "JOHN DOE 1-10" and "JANE DOE 1-10" who were not served copies of the Summons and Verified Complaint and are not necessary parties to this action, and no answer has been interposed by the Defendants though the time so to do has expired; and it appearing that none of the Defendants is an infant, incompetent or absentee, or in the military, and that since the filing of the Notice of Pendency of this action on May 2, 2011, the Complaint has not been amended in any manner whatsoever; on the pleadings and papers heretofore filed herein and no one appearing in opposition hereto, and upon the previous Order of Reference and Amendment granted by this court dated October 4, 2011 whereby Peter DeFilippis, Esq. was appointed as Referee, and subsequently said Referee being unable to proceed and serve as Referee in this matter, it is hereby

ORDERED, that this action be, and the same is hereby referred to _Felice B. Barry_ _____, having an office at _11821 Queens Blvd, Ste 212_ telephone _Forest Hills, NY 11375_ number _631-392-8782_ as Substituted Referee in place and stead of Peter DeFilippis, Esq. (the previously appointed Referee) to ascertain and compute the amount due to the Plaintiff herein for principal, interest, and other disbursements advanced as provided for by statute and in the Note and Mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises should be sold in parcels, and that the Substituted Referee make his/her report with all convenient speed; and it is further

~~ORDERED, that upon submission of the Referee's Report, Plaintiff shall pay $250 to the Substituted Referee as compensation for his/her services, which sum may be recouped as a cost of litigation; and it is further~~

J.S.C.

2

FILED May 20 2013 Bronx County Clerk

FILED Oct 17 2012 Bronx County Clerk

ORDERED, that the Substituted Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and, if the Substituted Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Substituted Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Substituted Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCCR Part 36), including but not limited to, section 36.2 (e) ("Disqualifications from appointment"), and section 36.2 (d) ("Limitations on appointments based upon compensation"), and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the designated Substituted Referee, the **owner of the equity of redemption**, and **tenants** named in this action and any other party entitled to notice.

ENTER,  9/19/12

HON J.S.C **MARY ANN BRIGANTI-HUGHES**

Pursuant to CPLR §8003 (a) and in the discretion of the court, a fee of $250.00 shall be paid to the Referee upon the filing of his report, and in accordance with CPLR §8003 (b), the statutory fee shall be paid to the Referee at the time of the foreclosure sale.

3

FILED May 20 2013 Bronx County Clerk

FILED Oct 17 2012 Bronx County Clerk

Index No.: 380471/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------X

STOUT STREET FUND I, LP

                                    Plaintiffs,

      -against-

18 MS REALTY, INC.;  HUI JUN WANG; STATE
OF NEW YORK ; CITY OF NEW YORK,

                                    Defendants.
-----------------------------------------------------X

Nationwide Court Services, Inc.
761 Koehler Avenue
Suite A
Ronkonkoma, NY 11779
Telephone: (631) 981-4400
Fax: (631) 981-7087

## ORDER APPOINTING SUBSTITUTE REFEREE

HARRY ZUBLI ESQ.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck New York 11021
Telephone: (516) 487-5777
Facsimile: (516) 487-4834

FILED May 20 2013 Bronx County Clerk
FILED Oct 17 2012 Bronx County Clerk

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

-----------------------------------------------------------X

STOUT STREET FUND I,LP

        -against-

18 MS REALTY,INC.

-----------------------------------------------------------X

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

Index No.  0380471/2011

Hon. MARY ANN BRIGANTI-HUGHES

Justice.

The following papers numbered 1 to _____ Read on this motion, **REF TO COMPUTE**
Noticed on __January 10 2012__ and duly submitted as No. _____ on the Motion Calendar of _____

|  | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed |  |  |
| Answering Affidavit and Exhibits |  |  |
| Replying Affidavit and Exhibits |  |  |
| _____ Affidavits and Exhibits |  |  |
| Pleadings - Exhibit |  |  |
| Stipulation(s) - Referee's Report - Minutes |  |  |
| Filed Papers |  |  |
| Memoranda of Law |  |  |

OCT 17 2012

Upon the foregoing papers this

*Motion to appoint a referee is hereby granted pursuant to the terms of the attached order. This constitutes the decision and order of this court.*

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: __9/19/12__

Hon. _____ J.S.C.
MARY ANN BRIGANTI-HUGHES

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF NASSAU     )

        Etina Zeldes, being duly sworn, deposes and says that deponent is not a party to the action, is over the age of eighteen (18) years and works in Great Neck, New York.

That on October 23, 2012, deponent served the within **NOTICE OF ENTRY AND ORDER DATED SEPTEMBER 19, 2012** upon the following parties or attorneys:

SEE ATTACHED SCHEDULE

**NO OTHER DEFENDANTS HAVE ANSWERED THE COMPLAINT, OR APPEARED IN THIS ACTION WHO ARE ENTITLED TO NOTICE OF THIS APPLICATION.**

that being the addressed designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Etina Zeldes

Sworn to before me this 23rd
Day of October, 2012

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054581
Qualified in Nassau County
Commission Expires January 16, 20__14

## SCHEDULE OF PARTIES SERVED

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute
Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

Index No.: 380471/11


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
STOUT STREET FUND I, LP

                                    Plaintiffs,


        -against-


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                                    Defendants.
------------------------------------------------------------------------X



_____

## NOTICE OF ENTRY
_____


Harry Zubli Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck NY 11021
Tel: (516) 487-5777
Fax: (516) 487-4834

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X

STOUT STREET FUND I, LP                                    Index No.: 380471/11

                                    Plaintiffs,

                                                           **REFEREE'S**
            -against-                                      **OATH**


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                                    Defendants.
-------------------------------------------------------------X



        The undersigned Referee duly appointed by an Order of this Court in the above entitled

action and entered and filed in the office of the Clerk, by which said Order it was referred to the

undersigned to ASCERTAIN AND COMPUTE the amount due the Plaintiff herein on the bond

and mortgage set forth in the complaint, and for taxes, assessments and water rents charged

against the mortgaged premises, and for fire insurance premiums and such other expenses

incurred, including but not limited to repairs, maintenance, boarding and securing the premises,

if any, for the protection of said premises, paid by the Plaintiff, and to examine the report

whether the mortgaged premises can be sold in parcels, and to make report thereon with all

convenient speed, being duly sworn, deposes and says:

THAT I will faithfully and fairly hear and determine the questions herein referred to me

as the case requires, and that I will make a just and true report thereon to the best of my

Understanding.

_____
Felice B. Barry, Esq., Referee

Sworn to before me this 27ᵗʰ
day of November , 2012

_____
Notary Public

MATTHEW A. THOMAS
NOTARY PUBLIC, State of New York
No. 02TH6070113
Qualified in Queens County
Commission Expires February 19, 2014

FILED  May 20 2013 Bronx County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

STOUT STREET FUND I, LP                                    Index No.: 380471/11

                              Plaintiffs,

                                                          **REFEREE'S**
                                                          **REPORT OF**
        -against-                                         **AMOUNT DUE**


18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
-------------------------------------------------------------------X


TO THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

        In pursuance of an Order of this Court in the above entitled action, (annexed hereto as

**Exhibit "A"**), entered and filed in the office of the Clerk of Bronx County on October 17, 2012,

by which said Order it was referred to the undersigned to ascertain and compute the amount due

to plaintiff on the bond and mortgage set forth in the complaint, and for taxes, assessments and

water rents charged against the mortgaged premises, and for fire insurance premiums and such

other expenses incurred, including but not limited to repairs, maintenance, boarding and securing

the premises, if any, for the protection of the said premises, paid by the plaintiff, and to examine

the report whether the mortgaged premises can be sold in parcels, and to make report thereon,

with all convenient speed,

        I, Felice B. Barry, Esq., the Referee named in said Order, do report as follows:

        1.      That I was first duly sworn, faithfully and fairly to hear and determine the

questions herein referred to me as the case requires.

2.    That I have ascertained and computed the amount due to plaintiff herein for principal and advances and interest under and by virtue of the bond and mortgage set forth in the complaint herein.

3.    That I find and accordingly report that there is now due the sums set forth in **Exhibit "B"** entitled "Computation Schedule".

4.    That I have examined into the circumstances and advisability of selling the mortgaged premises in parcels; that the mortgage specifically provides that the premises are to be sold in one parcel.

5.    **Exhibit "C"** annexed hereto, contains an abstract of documentary evidence introduced before me: **Exhibit "D"** annexed hereto is the deposition of Plaintiff as to the facts set forth in the complaint; and **Exhibit "B"** annexed hereto shows the moneys due and owing to Plaintiff as of the date thereof.

Dated:  __11/28_____, 2012

Felice B. Barry, Esq., Referee

## COMPUTATION SCHEDULE

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

| | |
|---|---|
| Principal Balance Due as of October 31, 2012: | $178,800.00 |
| Unpaid Interest: | $55,991.34 |
| Pre-payment Penalty: | $0.00 |
| Unpaid Late Charges: | $3,844.20 |
| Property Inspection Fee: | $330.00 |
| Advances Paid: | $691.95 |
| Total Due as of October 31, 2012: | $239,657.49 |

Dated: 11/30 , 2012

Felice B. Barry, Esq., Referee

FILED  May 20 2013 Bronx County Clerk

## DOCUMENTARY EVIDENCE

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

1.     Bond/Note (annexed hereto as **Exhibit "E"**) received containing all the provisions, recitals and other matters alleged in the verified complaint.  Said Note being dated MAY 17, 2010 made by 18 MS REALTY, INC. to STOUT STREET FUNDING, LLC, in the principal amount of $178,800.00.

2.     Mortgage (annexed hereto as **Exhibit "F"**) containing all the provisions, recitals, and other matters alleged in the verified complaint.  Said mortgage being dated MAY 17, 2010 made by 18 MS REALTY, INC. to STOUT STREET FUNDING, LLC as security for the payment of $178,800.00 and recorded in the County of Bronx, on JUNE 8, 2010 as CRFN 2010000190586.

3.     Assignment of Mortgage (annexed hereto as **Exhibit "G"**) dated May 17, 2010 by STOUT STREET FUNDING, LLC to STOUT STREET FUND I, LP recorded in the County of Bronx on April 8, 2011 as CRFN 2011000127727.

4.     Allonge to Note (annexed hereto as **Exhibit "H"**) dated May 17, 2010 by STOUT STREET FUNDING, LLC to STOUT STREET FUND I, LP.

_____
Felice B. Barry, Esq., Referee

## AFFIDAVIT OF PLAINTIFF

Stout Street Fund I, LP v. 18 MS Realty, Inc. et al;
Index No.: 380471/11 (Bronx County)
Property: 2117 Clinton Avenue, Bronx, New York 10457

STATE OF COLORADO   )
                                          ) ss:
COUNTY OF DENVER   )

The undersigned, being duly sworn, deposes and says:

1.      That I am a Vice President of Braddock Financial Corp., the Manager of Stout Street Fund I GP, LLC, the General Partner of Stout Street Fund I, LP, the plaintiff / mortgagee in the above entitled foreclosure action, and am fully familiar with the facts and circumstances of this matter. My knowledge is based upon documentation and information that is presently within my custody and control that includes, but is not limited to the Note, Mortgage, remaining loan origination documents, files transferred to Stout Street Fund I, LP by Stout Street Funding, LLC as well as matters that are public record.

2.      Stout Street Fund I, LP is the current owner and holder of the original Mortgage Loan Documents.

3.      This action was commenced by mortgagee to foreclose a mortgage on real property more fully described in the Complaint.

4.      As expressly set forth in the Complaint, mortgagor(s) / defendant(s) have defaulted in the payment of the various mortgage installments due to mortgagee commencing

with the mortgage payment due on August 1, 2010 and on each month thereafter, and by reason thereof, this action to foreclose the mortgage was commenced.

5.    As of this date, mortgagor(s) / defendant(s) has maintained its default.

6.    Submitted herewith, and incorporated into this Affidavit by reference is an abstract of various mortgage instruments upon which this mortgage foreclosure action is based. These mortgage instruments represent, among other things, the obligation taken by mortgagor(s) / defendant(s) and the indebtedness due mortgagee.

7.    That your affiant has computed the sums due and owing to mortgagee / plaintiff and the same is more fully set forth in the annexed **Exhibit "B"** which incorporated herein by reference and made a part hereof.  Said sum accurately reflects the amounts due mortgagee / plaintiff as of the date set forth therein.

8.    I have examined all the matters set forth in the Complaint as well as all prior proceedings had in this foreclosure action and find same to be true to the best of my knowledge.

9.    That I have examined the circumstances and advisability of selling the mortgaged premises in parcels.  That because there is a building thereon and the manner in which it is situate upon the plot and the size of the plot, the same cannot be divided into parcels and must be sold as one parcel.

10.    That as of October 31, 2012, the unpaid principal balance under the Note and Mortgage is $178,800.00. The total amount due to plaintiff as of October 31, 2012 is $239,657.49.

11.    Plaintiff is entitled to per diem interest in the sum of $73.48 per day for each day after October 31, 2012 (through the date of the entry of the judgment). Per diem interest is calculated by multiplying the unpaid principal balance of $178,800.00 by the rate of interest

equaling 15% set forth in Note, which totals $73.48 per day for each day after October 31, 2012.


Ken Glickstein

STATE OF COLORADO )
COUNTY OF DENVER ) ss.:


On the 14th day of November in the year 2012 before me, the undersigned, a notary public in and for said state, personally appeared **KEN GLICKSTEIN** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the CITY OF DENVER, STATE OF COLORADO (insert city or political subdivision and the state of country or other place the acknowledgement was taken).

ANGIE LYNN GROVES
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 11-21-2015

Notary Public ANGIE L. GROVES

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NASSAU         )

Etina Zeldes, being duly sworn, deposes and says that deponent is not a party to the action, is over the age of eighteen (18) years and works in Great Neck, New York.

That on December 10, 2012, deponent served the within **NOTICE OF MOTION FOR JUDGMENT OF FORECLOSURE AND SALE, AFFIRMATION OF REGULARITY, WITH EXHIBITS, BILL OF PLAINTIFF'S COSTS, AND PROPOSED ORDER FOR JUDGMENT OF FORECLOSURE AND SALE** upon the following parties or attorneys:

SEE ATTACHED SCHEDULE

**ALL OTHER DEFENDANTS HAVE EITHER APPEARED AND WAIVED SERVICE OF THIS MOTION OR ARE IN DEFAULT WITH RESPECT TO THIS ACTION.**

that being the addressed designated by said party(ies) or attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed First Class Mail wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Etina Zeldes

Sworn to before me this 10th
Day of December, 2012

Notary Public

HARRY ZUBLI
Notary Public, State of New York
No. 02ZU5054551
Qualified in Nassau County
Commission Expires January 16, 2014

## SCHEDULE OF PARTIES SERVED

18 MS REALTY, INC.
42-06A Bell Boulevard
Suite 300
Bayside, New York 11361
(Courtesy Copy)

And

2117 Clinton Avenue
Bronx, New York 10457
(Courtesy Copy)

HUI JUN WANG
69-57 185TH Street
Fresh Meadows, New York 11365
(Courtesy Copy)

FELICE B. BARRY, ESQ., *Substitute Referee*
118-21 Queens Blvd, Suite 212
Forest Hills, New York 11375

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attention: Alan Gitter, Esq.
*Attorney for Defendant State of New York*
300 Motor Parkway- Suite 125
Hauppauge, NY 11788-5522
(Courtesy Copy)

MARIA AUGUSTO, ESQ.
*Attorney for Defendant City of New York*
345 Adams Street – 3rd Fl.
Brooklyn, New York 11201
(Courtesy Copy)

Index No.: 380471/11

NATIONWIDE COURT SERVICES, INC.
781 KOEHLER AVENUE
SUITE A
RONKONKOMA, NY 11779
TELEPHONE: (631) 981-4400
FAX: (631) 981-7087

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
STOUT STREET FUND I, LP

                              Plaintiffs,

     -against-

18 MS REALTY, INC.;  HUI JUN WANG;
STATE OF NEW YORK ; CITY OF NEW
YORK,

                              Defendants.
------------------------------------------------------------------------X

---

## NOTICE OF MOTION
## JUDGMENT OF FORECLOSURE AND SALE

---

Harry Zubli, Esq.
Attorney for Plaintiff
1010 Northern Blvd., Suite 310
Great Neck, NY 11021
Tel: (516) 487-5777
Fax: (516) 487-4834



## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2010060200254001001EF609

### RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 4

| | | |
|---|---|---|
| Document ID: 2010060200254001 | Document Date: 05-17-2010 | Preparation Date: 06-02-2010 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| C & G LAND ABSTRACT P/U-KAREN LEVINE<br>FIDELITY NATIONAL TITLE INS. CO.<br>21 WALT WHITMAN ROAD<br>HUNTINGTON STATION, NY 11746<br>CG-80675B | MICHAEL C. DUNN, ESQ.<br>CARLINSKY, DUNN & PASQUARIELLO, PLLC<br>8 DUFFY AVENUE<br>HICKSVILLE, NY 11801 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 3096 | 63 | Entire Lot | 2117 CLINTON AVENUE |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN: 2009000307633

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE<br>C/O BAC HOME LOANS SERVICING LP, 400 COUNTRYWIDE WAY<br>SIMI VALLEY, CA 93065 | 18 MS REALTY INC.<br>2117 CLINTON AVENUE<br>BRONX, NY 10457 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | |
| Taxable Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Exemption: | | | NYC Real Property Transfer Tax: | |
| TAXES: County (Basic): | $ | 0.00 | $ | 2,266.29 |
| City (Additional): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| Spec (Additional): | $ | 0.00 | $ | 908.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed          06-08-2010 16:30
City Register File No.(CRFN):
2010000190585

*Annette M Hill*

*City Register Official Signature*

*Exhibit B*

CG-80675B

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

Delivery Date May 17, 2010

THIS INDENTURE, made the   6th   day of   May      , 2010

BETWEEN

Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3, c/o BAC Home Loans Servicing LP, A Subsidiary of Bank of America, N.A., having an office address at 400 Countrywide Way, Simi Valley, California 93065

party of the first part, and

18 MS Realty Inc., having an address at 2117 Clinton Avenue, Bronx, New York 10457

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

See Schedule "A" annexed hereto and made a part hereof.
Premises being known as: 2117 Clinton Avenue, Bronx, New York 10457

"Being the same premises described in deed
dated 1-28-09 recorded 3-12-09 in CRFN
# 2009000071136"

"This conveyance has been made in the
regular course of business"

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above

IN PRESENCE:

Roseanne Silvestro, Assistant Secretary

MARSH.

Deutsche Bank National Trust Company, as Trustee
By: BAC Home Loans Servicing LP
& Formerly known as Countrywide Home Loans
Servicing LP

By:
Susan Bellfield, Assistant Secretary

P.O.A. Rec. on 9-23-2009 in dated 2/6/09
CRFN# 2009000307633 Kings City.

Standard N Y B T U. Form 6002 - Bargain and Sale Deed, with Covenant against Grantor's Acts – Uniform Acknowledgment
Form 3290

# C & G LAND ABSTRACT, LLC.

### Title No. CG-80675B

### SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Westerly side of Clinton Avenue distant 94.50 feet Southerly from the corner formed by the intersection of the Southerly side of East 181st Street with the Westerly side of Clinton Avenue;

RUNNING THENCE Westerly and parallel with 181st Street, 41.06 feet;

THENCE Southerly and parallel with Clinton Avenue, 5.50 feet;

THENCE Westerly and parallel with 181st Street, 50 feet;

THENCE Southerly and parallel with Clinton Avenue, 15.96 feet;

THENCE Easterly and again parallel with 181st Street and part of the way through a party wall 91.06 feet to the Westerly side of Clinton Avenue;

THENCE Northerly along the Westerly side of Clinton Avenue, 21.46 feet to the point or place or BEGINNING.

FOR
CONVEYANCING
ONLY

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

## TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE IN NEW YORK STATE

State of New York, County of                    ss:

On the        day of              in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

State of New York, County of                    ss:

On the        day of              in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument

_____
(signature and office of individual taking acknowledgment)

## TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign Country) of  Arizona                    ss

On the    6th    day of   May           in the year 2010       before me, the undersigned, personally appeared
Susan BellField
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s)  is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument, and that such individual made such appearance before the undersigned in the    County of

Maricopa                                     in   the State of Arizona
(insert the City or other political subdivision)           (and insert the State or Country or other place the acknowledgment was taken)

_____
(signature and office of individual taking acknowledgment)
Monica Maldonado, Notary
Exp: April 15, 2011

OFFICIAL SEAL
MONICA MALDONADO
Notary Public - State of Arizona
PINAL COUNTY
My Comm. Expires Apr. 15, 2011

SEAL

**BARGAIN AND SALE DEED**
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No.  CG-80075B
Deutsche Bank National Trust Company, as Trustee
TO
18 MS Realty Inc.

SECTION
BLOCK 3096
LOT 63
DISTRICT
COUNTY Bronx
STREET ADDRESS 2117 Clinton Avenue, Bronx,
New York 10457

Recorded at Request of
COMMONWEALTH LAND TITLE INSURANCE COMPANY

RETURN BY MAIL TO:

Michael C. Dunn, Esq.
Carlinsky, Dunn & Pasquariello, PLLC
8 Duffy Avenue
Hicksville, New York 11801

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
**Commonwealth**
A LandAmerica COMPANY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

IIS SPACE FOR USE OF RECORDING OFFICE

# EXHIBIT C

— Assignment of Mortgage without Covenant — Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**KNOW THAT STOUT STREET FUNDING, LLC**, assignor,

in consideration of  Ten Dollars and other good and valuable consideration dollars ($10.00),

paid by STOUT STREET FUND I, LP, assignee,
hereby assigns unto the assignee,

Mortgage dated the 17th day of May, in the year 2010 , made by 18 MS REALTY, INC.

To STOUT STREET FUNDING, LLC

in the principal sum of $178,800.00 and recorded on the 8th day of June in the year 2010,          as CRFN 2010000190586
                                                         , in the office of the City Register of the City of New York, Bronx County
            covering premises

Address: 2117 Clinton Avenue, Bronx, New York 10457
Block: 3096
Lot: 63

Which mortgage was not further assigned.

THIS ASSIGNMENT OF MORTGAGE IS MADE WITHOUT RECOURSE AND WITHOUT ANY REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED.

TOGETHER with the bond(s) or note(s) or obligation(s) described in said mortgage(s), and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the  17th  day of  May          , in the year 2010
IN PRESENCE OF:
                                                     to be effective

                                        STOUT STREET FUNDING, LLC

                                        BY: Terrence DeWyse
                                        TITLE: Vice President

Exhibit C

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the      day of      in the year      before me, the undersigned, personally appeared      , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE**

State of New York, County of        , ss:

On the      day of      in the year      , before me, the undersigned, a Notary Public in and for said State, personally appeared      , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

# Assignment of Mortgage without Covenant

## Title No. N/A

STOUT STREET FUNDING, LLC
TO
STOUT STREET FUND I, LP

---

### DISTRIBUTED BY



**YOUR TITLE EXPERTS**
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-9396

---

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the      day of      in the year      , before me, the undersigned, personally appeared      , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE**

*State of _Colorado_, County of _Denver_, ss:

*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the _24th_ day of _February_ in the year _2011_, before me, the undersigned, personally appeared _Terrence DeWyse_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the _city of Denver, Colorado_
(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

_Krista Towle_
Notary Public
My commission expires: 10/1/2011

SECTION:

BLOCK: 3096

LOT: 63

COUNTY OR TOWN: Bronx

RETURN BY MAIL TO:

---

The Law Office of Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, New York 11021

# EXHIBIT E



CERTIFIED TO BE A TRUE
AND ACCURATE COPY.

## GUARANTY AGREEMENT

This GUARANTY AGREEMENT (this "Guaranty") is made as of May 17, 2010, by Hui Jun Wang ("Guarantor"), an individual residing at 69-57 185 Street, Fresh Meadows, NY 11365, in favor of Stout Street Funding, LLC ("Lender"), a Delaware limited liability company, with its principal place of business at 1200 17ᵗʰ Street, Suite 880, Denver, CO 80202. The term "mortgage" when used in this Guaranty will include a mortgage, deed of trust, trust deed, or other security interest.

1.   Loan and Note. This Guaranty is executed in connection with a $178,800 loan ("Loan") made by Lender to 18 MS Realty, Inc. ("Borrower"), a New York corporation with its principal place of business at 42-06A Bell Blvd., Suite 300, Bayside, NY 11361. The Loan is (a) evidenced by a Note of even date herewith in the original principal amount of the Loan ("Note"), and (b) secured by, among other things, a Mortgage of even date herewith granted by Borrower for the benefit of Lender ("Mortgage," and, together with the Note and all other documents executed by Borrower evidencing and/or securing the Loan, "Loan Documents") covering certain real property commonly known as 2117 Clinton Avenue, Bronx, NY 10457 and more particularly described on Exhibit A attached hereto and made a part hereof. All capitalized terms used herein without definition shall have the meanings given to such terms in the Mortgage.

2.   Purpose and Consideration. The execution and delivery of this Guaranty by Guarantor is a condition to Lender's willingness to make the Loan to Borrower, is made in order to induce Lender to make the Loan, and is made in recognition that Lender will be relying upon this Guaranty in making the Loan and performing any other obligations it may have under the Loan Documents. Guarantor has a significant direct or indirect ownership interest in Borrower, and, accordingly, acknowledges that Guarantor will receive material direct and indirect benefit from Lender making the Loan to Borrower.

3.   Guaranty. Guarantor hereby guarantees absolutely, primarily, and irrevocably, payment and performance of all obligations for which Borrower has, or may incur, personal liability to Lender under of the Note and other Loan Documents, including, but not limited to, payment of principal, interest, and damages, including the costs and expenses in collecting obligations (collectively, the "Obligations").

4.   Guaranty is Independent and Absolute. The obligations of Guarantor hereunder are independent of the obligations of Borrower and of any other person who may become liable with respect to the Obligations. Guarantor is jointly and severally liable with Borrower and with any other guarantor for the full and timely payment and performance of all of the Obligations. Guarantor expressly agrees that a separate action or actions may be brought and prosecuted against Guarantor (or any other guarantor), whether or not any action is brought against Borrower, any other guarantor or any other person for any Obligations guaranteed hereby and whether or not Borrower, any other guarantor or any other persons are joined in any action against Guarantor. Guarantor further agrees that Lender shall have no obligation to proceed against any security for the Obligations prior to enforcing this Guaranty against Guarantor, and that Lender may pursue or omit to pursue any and all rights and remedies Lender has against any

person or with respect to any security in any order or simultaneously or in any other manner. All rights of Lender and all obligations of Guarantor hereunder shall be absolute and unconditional irrespective of (a) any lack of validity or enforceability of the Note or any other Loan Document, and (b) any other circumstances which might otherwise constitute a defense available to, or a discharge of Borrower in respect of, the Obligations.

     5.    <u>Scope and Duration</u>. This Guaranty will remain in effect until Lender has received full payment for all Obligations and costs and expenses incurred by Lender to enforce this Guaranty.

     6.    <u>Authorizations to Lender</u>. Guarantor authorizes Lender, without notice or demand and without affecting Guarantor's liability hereunder, from time to time (a) to renew, extend, accelerate or otherwise change the time for payment of, change, amend, alter, cancel, compromise or otherwise modify the terms of the Note, including increasing the rate or rates of interest thereunder agreed to by Borrower, and to grant any indulgences, forbearances, or extensions of time; (b) to renew, extend, change, amend, alter, cancel, compromise or otherwise modify any of the terms, covenants, conditions or provisions of any of the Loan Documents or any of the Obligations; (c) to apply any security and direct the order or manner of sale thereof as Lender, in Lender's discretion, may determine; (d) to proceed against Borrower, Guarantor or any other guarantor with respect to any or all of the Obligations without first foreclosing against any security therefor; (e) to exchange, release, surrender, impair or otherwise deal in any manner with, or waive, release or subordinate any security interest in, any security for the Obligations; (f) to release or substitute Borrower, any other guarantors, endorsers, or other parties who may be or become liable with respect to the Obligations, without any release being deemed made of Guarantor or any other such person; and (g) to accept a conveyance or transfer to Lender of all or any part of any security in partial satisfaction of the Obligations, or any of them, without releasing Borrower, Guarantor, or any other guarantor, endorser or other party who may be or become liable with respect to the Obligations, from any liability for the balance of the Obligations.

     7.    <u>Application of Payments Received by Lender</u>. Any sums of money Lender receives from or for the account of Borrower may be applied by Lender to reduce any of the Obligations or any other liability of Borrower to Lender, as Lender in Lender's discretion deems appropriate.

     8.    <u>Waivers by Guarantor</u>. In addition to all waivers expressed in any of the Loan Documents, all of which are incorporated herein by Guarantor, Guarantor hereby waives (a) presentment, demand, protest and notice of protest, notice of dishonor and of non-payment, notice of acceptance of this Guaranty, and diligence in collection; (b) notice of the existence, creation, or incurring of any new or additional Obligations under or pursuant to any of the Loan Documents; (c) any right to require Lender to proceed against, give notice to, or make demand upon Borrower; (d) any right to require Lender to proceed against or exhaust any security or to proceed against or exhaust any security in any particular order; (e) any right to require Lender to pursue any remedy of Lender; (f) any right to direct the application of any security held by Lender; (g) any right of subrogation, any right to enforce any remedy which Lender may have against Borrower, any right to participate in any security now or hereafter held by Lender and any right to reimbursement from the Borrower for amounts paid to Lender by Guarantor until all

2

of the Secured Obligations (as defined in the Mortgage) have been satisfied; (h) benefits, if any, of Guarantor under any anti-deficiency statutes or single-action legislation; (i) any defense arising out of any disability or other defense of Borrower, including bankruptcy, dissolution, liquidation, cessation, impairment, modification, or limitation, from any cause, of any liability of Borrower, or of any remedy for the enforcement of such liability; (j) any statute of limitations affecting the liability of Guarantor hereunder; (k) any right to plead or assert any election of remedies by Lender; and (l) any other defenses available to a surety under applicable law.

9.    <u>Bankruptcy Reimbursements</u>. Guarantor hereby agrees that if all or any part of the Obligations paid to Lender by Borrower or any other party liable for payment and satisfaction of the Obligations (other than Guarantor) are recovered from Lender in any bankruptcy proceeding or otherwise, Guarantor shall reimburse Lender immediately on demand for all amounts of such Obligations so recovered from Lender, together with interest thereon at the default rate set forth in the Note from the date such amounts are so recovered until repaid in full to Lender, and, for this purpose, this Guaranty shall survive repayment of the Loan. If at any time all or any part of any payment made by Guarantor or received by Lender from Guarantor under or with respect to this Guaranty is or must be rescinded or returned for any reason whatsoever (including, but not limited to, the insolvency, bankruptcy or reorganization of any Guarantor), then the obligations of Guarantor hereunder shall, to the extent of the payment rescinded or returned, and to the extent permitted by law, be deemed to have continued in existence, notwithstanding such previous payment made by Guarantor, or receipt of payment by Lender, and the obligations of Guarantor hereunder shall continue to be effective or be reinstated, as the case may be, as to such payment, all as though such previous payment by Guarantor had never been made.

10.    <u>Jurisdiction and Venue</u>. Guarantor hereby submits itself to the jurisdiction and venue of any federal court located in the State of Colorado or any state court located in Denver County, Colorado in connection with any action or proceeding brought for enforcement of Guarantor's obligations hereunder, and hereby waives any and all personal or other rights under the law of any other country or state to object to jurisdiction within such locations for purposes of litigation to enforce such obligations. Guarantor agrees that service of process upon Guarantor shall be complete upon delivery thereof in any manner permitted by law to Guarantor's agent for service of process as designated in Guarantor's articles of incorporation or organization, if Guarantor is not a natural person, or at Guarantor's address below, if Guarantor is a natural person.

11.    <u>Assignability</u>. This Guaranty shall be binding upon Guarantor and Guarantor's heirs, representatives, successors, and assigns and shall inure to the benefit of Lender and Lender's successors and assigns. This Guaranty shall follow the Note and other Loan Documents which are for the benefit of Lender, and, in the event the Note and other Loan Documents are negotiated, sold, transferred, assigned, or conveyed by Lender in whole or in part, this Guaranty shall be deemed to have been sold, transferred, assigned, or conveyed by Lender to the holder or holders of the Note and other Loan Documents, with respect to the Obligations contained therein, and such holder or holders may enforce this Guaranty as if such holder or holders had been originally named as Lender hereunder.

3

12.    Payment of Costs of Enforcement.  In the event any action or proceeding is brought to enforce this Guaranty, Guarantor shall pay all costs and expenses of Lender in connection with such action or proceeding, including, without limitation, all attorneys' fees incurred by Lender.

13.    Notices.  Any notice required or permitted to be given by Guarantor or Lender under this Guaranty shall be in writing and will be deemed given (a) upon personal delivery, (b) on the first business day after receipted delivery to a courier service which guarantees next-business day delivery, or (c) on the third business day after mailing, by registered or certified United States mail, postage prepaid, in any case to the appropriate party at its address set forth below:

If to Guarantor:

Hui Jun Wang
65-57 185 Street
Fresh Meadows, NY 11365

If to Lender:

Stout Street Funding, LLC
1200 17th Street
Suite 880
Denver, CO 80202

Either party may change such party's address for notices or copies of notices by giving notice to the other party in accordance with this Section.

14.    Severability of Provisions.  If any provision hereof or of any other Loan Document shall, for any reason and to any extent, be invalid or unenforceable, then the remainder of the document in which such provision is set forth, the application of the provision to other persons, entities or circumstances, and any other document referred to herein shall not be affected thereby but instead shall be enforceable to the maximum extent permitted by law.

15.    Joint and Several Obligation.  If Guarantor is more than one person or entity, then (a) all persons or entities comprising Guarantor are jointly and severally liable for all of the Obligations; (b) all representations, warranties, and covenants made by Guarantor shall be deemed representations, warranties, and covenants of each of the persons or entities comprising Guarantor; (c) any breach, default or Event of Default by any of the persons or entities comprising Guarantor hereunder shall be deemed to be a breach, default, or Event of Default of Guarantor; and (d) any reference herein contained to the knowledge or awareness of Guarantor shall mean the knowledge or awareness of any of the persons or entities comprising Guarantor.

16.    Waiver.  Neither the failure of Lender to exercise any right or power given hereunder or to insist upon strict compliance by Borrower, Guarantor, any other guarantor, or any other person with any of its obligations set forth herein or in any of the Loan Documents, nor any practice of Borrower or Guarantor at variance with the terms hereof or of any Loan

4

Documents, shall constitute a waiver of Lender's right to demand strict compliance with the terms and provisions of this Guaranty.

17.    Certain Waivers.  GUARANTOR, BY SIGNING THIS GUARANTY, AND LENDER, BY ACCEPTING IT, EACH KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED ON THIS GUARANTY, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY OR ANY LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO.    THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER AND GUARANTOR ENTERING INTO THE LOAN.

18.    Applicable Law.  This Guaranty and the rights and obligations of the parties hereunder shall be governed by and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the day and year first above written.

GUARANTOR:

_____, Individually
Name: Hui Jun Wang

State of New York    )
                     ) ss.:
County of Nassau    )

On the __17__ day of __May__ in the year __2010__ before me, the undersigned, personally appeared Hui Jun Wang, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

TONI MARIE COMANDO
NOTARY PUBLIC, State of New York
No. 01CO6042470
Qualified in Nassau County
Commission Expires May 30, 20__10

Printed Name: _____

My Commission Expires:

_____

5

**EXHIBIT A**
**C&G LAND ABSTRACT, LLC.**
**TITLE NO. CG-80675B**

6

## C & G LAND ABSTRACT, LLC.

Title No. CG-80675B

### S C H E D U L E  A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, more particularly bounded and described as follows:

BEGINNING at a point on the Westerly side of Clinton Avenue distant 94.50 feet Southerly from the corner formed by the intersection of the Southerly side of East 181st Street with the Westerly side of Clinton Avenue;

RUNNING THENCE Westerly and parallel with 181st Street, 41.06 feet;

THENCE Southerly and parallel with Clinton Avenue, 5.50 feet;

THENCE Westerly and parallel with 181st Street, 50 feet;

THENCE Southerly and parallel with Clinton Avenue, 15.96 feet;

THENCE Easterly and again parallel with 181st Street and part of the way through a party wall 91.06 feet to the Westerly side of Clinton Avenue;

THENCE Northerly along the Westerly side of Clinton Avenue, 21.46 feet to the point or place or BEGINNING.