# Amended

## Debtor response objections to all proposed orders

Feb. 5, 2014

Re: Case No. #13-13827 ALG

Dear Hon. Allen L. Gropper:

I asked a permission from Hon. Allen Gropper to allow me to submit the all required papers to bankruptcy court late for the following reasons:

Please be advised that I, debtor, Hui Jun Wang has filed for bankruptcy on Nov. 25, 2013. However, the creditor, Stout Street Fund ILP and successful bidder illegally locked me out of the premises at 2117 Clinton Ave. Bronx, 10456 on Nov. 27, 2013 without having a closing, and transfer the title to their name as well as without having any eviction notice from the housing court, therefore, I left my tax returns, bank statement, all schedules completed for Bankruptcy court, ID, closing, jewrly, furniture and social security card inside of the premises, tenant, Shelly Cao and super, Jose Rose also locked out. Shelly Cao and Jose Rose went to Referee's office to get the key for me, Referee called the creditor's attorney and refused to give the key to them and told them that creditor and successful bidder were going to keep the keys. Up today, I still have not received a key from them and they stole my mails. Therefore, I could not submit the papers on time, all my schedules are completed, but I need more time to get the key or open the door from the order of the court in order to submit the all papers that trustee required.

I went to the bankruptcy Court, the clerk told me that I have to write a letter to judge to ask for a permission to submit the paper late with good reasons from the judge Allen L. Gropper before I submit the papers to the court. As matter of law, creditor, Stout Street Fund, ILP and successful bidder violated Bankruptcy code and the court should hold them in contempt and rejection trustee's motion to dismiss my bankruptcy application.

Very truly yours,

Hui Jun Wang - debtor

CC: Jeffrey L. Sapir Chapter 13 Trustee

1

## AFFIDAVIT OF MAILING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

IN RE:

CHARPTER 13
CASE#13-13827 (SHL)

HUI JUN WANG

Debtor

------------------------------------------------------------X

STATE OF NEW YORK  }
                   }ss:
COUNTY OF QUEENS   }

Shelly Cao, being duly sworn, deposes and says:

I am not a party to the action, and am over the age of eighteen years, and reside at Queens, New York.

On Jan. 6, 2014, at 10:00 am, I served a copy of the annexed Debtor response and amended letter objections to all proposed orders letter in the following manner:

By personally delivering the papers to: Jeffrey L. Sapir (JLS0938), Chapter 13 Trustee at 80 Broad Street, 4th floor, NY NY at trustee's meeting.

Personal Service:
The individual I served had the following characteristics: (Fill in)
✓ Male ___ Female _White_ Skin Color _White_ (gray) Hair Color
___ 21-34 yrs ___ 35-50 yrs ___ 51-61 yrs. ✓ Over 61
___ 120-150 lb ✓ 151-181 lbs ___ over 182 lbs
Approximate height _5'7"_

_Shelly Cao_
Shelly Cao

Sworn to before me this on Jan. 6, 2014

_[signature]_
Notary Public

WING TAK CHEUNG
NOTARY PUBLIC, State of New York
NO. 01CH6148924
Qualified in Queens County
Commission Expires July 3rd, 2014

Settlement Date: February 13th 2014
Time; 12: 00 noon

Amended

UNITED STATES BANKRUPTCY COURT
SOUTHEN DISTRICT OF NEW YORK
------------------------------X

IN RE:                                       Chapter 13
                                             Case No# 13-13827 ALG

                                             DEBTOR RESPONSE
                                             OBJECTIONS TO ALL
                                             PROPOSED ORDERS

      HUI JUN WANG,

                        Debtor(s)
------------------------------X
STATE OF NEW YORK ]
COUNTY OF QUEENS ] SS:

      FAILURE TO RESPOND MAY LEAD TO THE
      GRANTING OF THE PETITION AND DEBTOR
      OBJECTION TO ALL PROPOSED ORDERS

I, Hui Jun Wang, appearing pro-se herein, being duly sworn, depose and says:

1. That I am the debtor in the above entitled action and proceeding and that I am over the age of 18 years old, I am familiar with the facts and circumstances surrounding these proceedings and I have personal knowledge of the facts stated herein.

2. That I am the debtor who submitted a chapter 13 petition with the United States Bankruptcy Court, Southern District of New York.

3. That I am in receipt of the Notice of Settlement by the U.S. Trustee, in which will be presented for signature to the Hon. Allen L. Gropper, U.S. Bankruptcy Judge on the 13th day of February 2014 at 12:00 o'clock in the afternoon located at U.S. Courthouse, One Bowling Green, New York 10004.

4. That I submit this objection with a Proposed Order in which I believe that the U.S. Trustee has no standing to demand such documentation absent a showing of good cause.

5. That the debtor filed a chapter 13 petition on November 25th 2013 with the clerk of the U.S. Bankruptcy Court One Bowling Green, New York.

6. That debtor's alleged failure to comply with the provisions of 11 USC section 1307 because there is no showing that the creditors were prejudice as a result of the delay.

7. That the debtors' personal property and legal papers, affects, furniture, fixtures, and real property was illegally '..*locked-out..*', from a subsequent foreclosure auction and sale.

8. That the auction resulted in a judgment of foreclosure in which the property was illegally locked by an ~~unknown~~ '...investor...', *successful bidder, nassau, Zar juc and creditor, stout street Fund 2LP*, who did not serve notices of eviction or obtained a judgment from Civil Housing court in Queens to lock out the debtor.

9. That the failure and delays were not deliberate but involuntary because the premises and home of the debtor is illegally locked-absent an eviction judgment and notices.

10. Debtor cannot file a plan absent a review of her personal affects, papers and legal documents in which are all inside the home-illegally locked out by the investor who purchased the property in an auction.

11. Debtor cannot provide timely payments if her personal affects, medicine, religious and social documents, effects are confined inside the residence in which are all locked and that debtor is awaiting for a hearing to gain repossession of said residence.

12. That the debtor has '..a showing of good cause....', for not complying with 11 USC section 521 9i) and that the schedules were filed in order to ...conduct a means test.[].

13. Debtor was unable to attend the recent meeting with the creditors or the U.S. Trustee because of family emergency.

14. That as a result of the illegal lockout, the debtor cannot engaged in a plan or submit schedules in violations of Bankruptcy code.

15. Any and all alleged violations or prejudicial actions of the debtor cannot cause an atypical hardship as such that the debtor is a victim.

16. Debtor cannot remit or submit or make any payments to the debtor for reason above coupled with the fact that (i) the creditors failed to submit a proof of claim (ii) that any arrears in payments to the creditors or the delay there of is not a real prejudice (iii) that any meeting of the creditors can be adjourned for 90 days with the automatic stay in place until the debtor can regain repossession of the premises.

17. That the debtor cannot provide any schedules, documents, papers, evidence and or payments to the U.S. Trustee until she is able to gain repossession of the premises and reverse the illegal lockout status.

18. Any unreasonable delay that the debtor incurred was not intentional but as a result of the illegal and unconstitutional lockout of her premises and that she is now homeless without the rights to enter her home.

**Wherefore, the U.S. trustee's affidavit and proposed settlement order must be rejected and denied and or as a result, the debtor respectfully request that this court reject the notice of settlement, deny the relief sought by the U.S. Trustee and grant leave for the debtor to complete and engage in the continuation of housing court litigation in order to gain repossession of the premises and defeat the illegal lockout, and continue the automatic stay for 90-days until April 29th 2014 and for such other and further relief this court may deem just and proper.**

Sworn to before me this
___ day of Feb, 20 14

By /s/ _____

_____
Notary

WING TAK CHEUNG
NOTARY PUBLIC, State of New York
NO. 01CH6148924
Qualified in Queens County
Commission Expires July 3rd, 2014

UNITED STATES BANKRUPTCY COURT
SOUTHEN DISTRICT OF NEW YORK
------------------------------X

IN RE:                                        Chapter 13
                                              Case No# 13-13827 ALG

HUI JUN WANG,

                    Debtor(s)
------------------------------X

ORDER REJECTING TRUSTEE'S MOTION
TO DISMISS AND PERMITTING DEBTOR
ADDITIONAL 90-DAYS TO GAIN POSSESSION
OF PREMISES AND CURE ILLEGAL LOCKOUT
WITH CIVIL HOUSING COURT AND THE
AUTOMATIC STAY IS STILL PENDING

The Court finds that cause exists with newly discovered facts to reject the motion Of the U.S. Trustee and stay the matter pending the outcome of the illegal lockout in the Civil Housing Court with 90-days additional time upon the showing by the debtor;

(a) That despite the delays and allegations of prejudice it appears that the debtor has raised a colorable claim of being illegally locked out of her home in which is a claim that can defeat the motion to dismiss;
(b) That the documentations and schedules or plans and other procedural submission and payments can be waived and stayed pending the repossession of the premises by the debtor;

**IT IS HEREBY ORDERED THAT:**

Pursuant to this order, the debtor has 90-days to cure the illegal lockout issue with the lower court and the motion of the U.S. Trustee is denied and or rejected and or in the alternative, held in abeyance for 90-days until April 29th 2014.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                                                                          Chapter 13
                                                                                Case No. 13-13827 ALG
**HUI JUN WANG,**



                                             Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER DISMISSING CHAPTER 13 CASE

The Court finds that cause exists to dismiss this case under 11 U.S.C. §1307(c)(1) in that the debtor has caused unreasonable delay that is prejudicial to creditors by:

    a.    failing to be examined at the meeting of creditors scheduled pursuant to 11 U.S.C. §341(a); and

    b.    failing to provide all documentation as required by the Chapter 13 trustee.

The Court further finds that cause exists to dismiss this case under 11 U.S.C. §1307(c)(3) in that the debtor failed to timely file a plan under 11 U.S.C. §1321 and Federal Rules of Bankruptcy Procedure 3015(b);

The Court further finds that cause exists to dismiss this case under 11 U.S.C. §1307(c)(4) in that the debtor has failed to remit timely plan payments to the Chapter 13 trustee as required by 11 U.S.C. §1326;

The Court further finds that the debtor has failed to comply with 11 U.S.C. §521(i) by failing to timely file documents as required under 11 U.S.C. §521(a)(1);

The Court further finds that the debtor failed to comply with 11 U.S.C. §521(e)(2)(A)(i) in that the debtor failed to provide the trustee with copies of federal

and state tax returns for the most recent tax years preceding the commencement of the case, within seven (7) days prior to the meeting of creditors scheduled pursuant to 11 U.S.C. §341(a)

**IT IS HEREBY ORDERED THAT:**

Pursuant to 11 U.S.C. §§1307(c)(1), (c)(3), (c)(4), 521(i) and 521(e)(2)(B), this Chapter 13 case is hereby dismissed.

Settlement Date: February 13th, 2014
Time: 12:00 Noon

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
IN RE:

HUI JUN WANG,

                Debtor(s)
------------------------------x

Chapter 13
Case No. 13-13827 ALG

**NOTICE OF SETTLEMENT**

## FAILURE TO RESPOND MAY LEAD TO A DISMISSAL OF YOUR CASE

**PLEASE TAKE NOTICE,** that an *Order,* a true copy of which is annexed hereto, will be presented for signature to the Hon. Allen L. Gropper, United States Bankruptcy Judge, on the 13th day of February, 2014 at 12:00 Noon in the United States Bankruptcy Court, U.S. Customs House, One Bowling Green, New York, New York 10004.

Hearings on objections will be scheduled upon the receipt of written objections or counterorders to be submitted to chambers by no later than close of business on the business day prior to settlement.

### OBJECTIONS TO PROPOSED ORDER:

All objections to a proposed order MUST HAVE the settlement date of the original notice typed or written on the first page in the upper right-hand corner of the document.

### COUNTER-PROPOSED ORDERS:

All counter-proposed orders should be clearly denominated as such, with the return date of the original proposed order in the upper right-hand corner of the first page. A

13-13827-alg    Doc 26    Filed 02/07/14    Entered 02/10/14 10:24:47    Main Document
Pg 12 of 14

copy of the transcript, if a hearing was held, must be submitted with the counter-proposed order.

Dated: White Plains, New York
January 14th, 2014

                /s/ Jeffrey L. Sapir
               **Jeffrey L. Sapir (JLS0938)**
               **Chapter 13 Trustee**
               **399 Knollwood Road**
               **White Plains, New York 10603**
               **Chapter 13 Tel. No. 914-328-6333**

**TO:** United States Trustee
    201 Varick Street
    New York, New York 10014

    Hui Jun Wang
    2117 Clinton Avenue
    Bronx, New York 10457

    Stout Street Fund I, L.P.
    1200 17th Street #800
    Denver. Colorado 80202

    Stout Street Fund I, L.P.
    c/o Perkins Coie LLP
    30 Rockefeller Plaza
    New York, New York 10112

    Yihua Ci
    141-19 Cherry Avenue
    Flushing, New York 11355

    18 M.S. Realty .
    2117 Clinton Avenue
    Bronx, New York 10456

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
IN RE:

                                        Chapter 13
                                        Case No. 13-13827 ALG

**HUI JUN WANG,**

                                        **TRUSTEE'S AFFIDAVIT**

                        Debtor(s)
----------------------------------x
STATE OF NEW YORK     )
COUNTY OF WESTCHESTER ) ss.:

Jeffrey L. Sapir, being duly sworn, deposes and says:

1.      He is the standing Chapter 13 Trustee.

2.      The debtor filed a Chapter 13 proceeding on November 25th, 2013.

3.      The debtor failed to comply with the provisions of 11 U.S.C. §1307(c)(1), (c)(3) and (c)(4).

4.      The debtor is in violation of 11 U.S.C. §521(i) of the Bankruptcy Code which requires the debtor to file schedules, statement of financial affairs, payment advices and evidence of other payments received within 60 days, and the "means" test.

5.      The debtor is in violation of §521(e)2(A)(i) of the Bankruptcy Code which requires the debtor to provide *seven (7) days prior to the §341(a) meeting of creditors*, copies of federal and state tax returns for the most recent years preceding the commencement of the case, to wit, 2010, 2011 and 2012.

6.      The debtor failed to timely file a plan in violation of Bankruptcy Rule 3015(b), and schedules in violation of Bankruptcy Rule 1007(c).

7.      The debtor failed to remit timely proposed plan payments to the trustee,

having remitted -0- payments, and being, at this juncture, one month in arrears.

        8.     The debtor appeared but failed to be examined at the initial 341(a) meeting of creditors.

        9.     The debtor failed to provide the trustee with the required documentation, to wit, appraisals.

        10.     The debtor has created unreasonable delay that is prejudicial to creditors.

**WHEREFORE**, the trustee respectfully requests that the annexed order dismissing this case pursuant to 11 U.S.C. §§1307(c)(1); (c)(3) and (c)(4), 11 U.S.C.521(i), and 521(e)2(A)(i), be signed.

                                                                   /s/ Jeffrey L. Sapir
                                                                   **Jeffrey L. Sapir**

Sworn to before me this
14th day of January, 2014
  /s/ Jody L. Kava

Jody L. Kava
Notary Public, State of New York
No. 02KA4836806
Qualified in Westchester County
Term Expires: 10/31/17